UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x    Index #
JERRY GEZA TOTH, individually and on behalf of T.T.,

                                              Plaintiff,
       -v-                                           COMPLAINT

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                              Defendant.
-------------------------------------------------------------------x

       JERRY TOTH declares under 28 U.S.C. §1746 that the following is true and correct:

       1.  I, Jerry Toth, plaintiff in the above-entitled action and respectfully move the Court, pursuant to Rule 65 of the F.R. Civ. P., to grant a Pendency Order

       2.  In Exhibit "A", the 4/4/2024 unappealed final Decision of IHO Edward Perkins, Esq. defines the operative placement actually functioning at the present time. See Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist., 386 F.3d 158, 163 (2d Cir.), supplemented sub nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist., 112 F. App'x 89 (2d Cir. 2004) (internal quotations, citations, and alterations omitted).

       3.  Three months after the Decision in Exhibit "A", by the School Location Letter in Exhibit "B", the DOE purported to change the student's placement. The DOE did not evaluate the student. The DOE did not issue an IEP. IHO Carina Patritti, Esq. compounded the DOE's errors by denying an IEE. [IHO case # 284080, Decision 12/17/2024].

       4.  Parents appealed to the SRO the decisions of IHO Patritti.

       5.  Meanwhile, the DOE's payment implementation unit has not paid tuition for

the student's school and fees for tutoring services in August, September 2024.

6.  On the one hand, the DOE's administrators contend the student lacks pendency. On the other hand, by ignoring requests to file a complaint (Exhibit "E"), the DOE's Hearing Office prevents a pendency hearing.

7.  To preserve the student's services while the parties are litigating, there is a need for a pendency order.

8.  "The purpose of the pendency provision is to provide stability and consistency in the education of a student with a disability." *Gabel ex rel. L.G. v, Bd. of Educ. Of Hyde Park Cenr. Sch*. Dist.368 F. Supp. 2d313,324 (S.D.N.Y.2005). 20 U.S.C. § 1415(j)

WHEREFORE I respectfully request that the Court issue the order described above, as well as such other and further relief as may be just and proper.

*Jerry Toth*
_____
Jerry Geza Toth