**LAW OFFICE OF ANTON J. MIKOFSKY**
236 West 26th St., Ste. 303,
New York NY 10001
antonmikofsky@aol.com
Tel: 212 867 6735

June 16, 2025

BY ECF

Judge Nina R. Morrison, Magistrate Judge Taryn A. Merkl
United States District Court
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East, Brooklyn, New York 11201

Re: **Toth, et al. v. New York City Dep't of Educ., 25-cv-3317 (NRM) (TAM)**

Your Honors:

The purpose of this letter is to request that the Court so-order the Pendency Implementation Form in Exhibit "A".

STATEMENT OF RELEVANT FACTS

For the 2024-2025 and 2025-2026 academic years the local education authority did not develop an individualized education program ("IEP") as the IDEA required. IHO case #284080 (finding the DOE denied the student a FAPE).

On 5/27/2025, in the Defendant's Hearing Office, Plaintiffs filed complaint requesting a pendency order. The Hearing Office declined to acknowledge receipt, issued no docket number, assigned no hearing officer. ECF Doc. 1-4.

On 6/12/2025 parents filed the complaint in the present action, requesting first and foremost a pendency order. On the issue of pendency, Plaintiffs filed a proposed Order to Show Cause. ECF Doc. 1-5.

Plaintiffs notified the DOE that for the 2025-2026 academic year, the parents disagreed with the failure to develop an IEP and would enroll T.T. at Gersh Academy. (See 10-Day Notice).

On 6/30/2025 parents filed an administrative complaint requesting pendency. After plaintiffs had raised pendency in District Court, the DOE issued

a docket number 295741 for an administrative proceeding, assigned hearing officer Michael Das, Esq. (See administrative complaint, 2025-2026 school year.)

At Bar, the Amended Complaint—filed June 12, 2025—did not mention the subsequently filed administrative complaint. *See* Compl. ¶¶ 6-9.

At Bar, Plaintiffs requested Defendant to stipulate to pendency.  (7/9/2025 Letter).  A week later DOE issued a Pendency Implementation Form.  Following the filing of the present case, the parties succeeded to resolve the pendency issue.

## DISCUSSION

Because T.T. is a disabled student, the DOE must provide him with a FAPE, pursuant to the IDEA, by providing an appropriate educational placement set forth in an IEP.  Am. Compl. ¶¶ 22-26. *See Ventura de Paulino*. 959 F.3d 519, 525 (2d Cir. 2020); *Polanco v. Carranza*, 2024 U.S. Dist. LEXIS 178811, *5.

Pendency funding required the DOE "to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." 959 F.3d at 531 (quoting  *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.,* 752 F.3d 145, 171 (2d Cir. 2014). § 1415(j).

## ARGUMENT

**The Pendency Implementation Form is not *res judicata.***

Unreviewed administrative adjudications, "are not state-court judgments within the coverage of 28 U.S.C. § 1738. *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005) *see also Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986); *see Telesca v. Long Island Hous. P'ship*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006) (holding, in the context of a Section 504 claim, that "it is well-settled that unreviewed administrative determinations have absolutely no preclusive effect on discrimination claims in federal court").

**Collateral estoppel precludes Defendant from litigating pendency.**

The Pendency Implementation Form squarely resolves the pendency issue against the Defendant. The pendency issue in IHO case # 295741 arises from the same transaction or occurrence as the complaint at Bar, the DOE's exclusion of

parents from the creation of IEPs. Here, (1) the identical issue was raised in a IHO docket #295741; (2) the issue was actually litigated and decided in that subsequent proceeding; (3) the Defendant had a full and fair opportunity to litigate the issue; and (4) resolution of the issue was necessary to support a valid and final judgment on the merits. See *Boguslavsky v. Kaplan*, 159 F.3d 715, 719-20 (2d Cir. 1998). *K.B. v. Pearl River Union Free Sch. Dist.*, 2012 U.S. Dist. LEXIS 13539, \*13-14.

CONCLUSION

To resolve, conclude the pendency issue in the present action raised by the Complaint, proposed Order to Show Cause, ECF Doc. 1-5.  Plaintiffs request as relief that the Pendency Implementation Form be so-ordered.

,

Respectfully /*Anton Joseph Mikofsky*/

Anton Mikofsky, Esq.

Cc: Jamini Vyas, Counsel for Defendant

In care of ECF