

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jaimini A. Vyas**
*Assistant Corporation Counsel*
212-356-2079
jvyas@law.nyc.gov

July 18, 2025

**BY ECF**

Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 13D South
Brooklyn, New York

      Re:  *Toth v. N.Y.C. Dep't of Educ.*, 25-cv-3317-NRM-TAM

Dear Judge Merkl:

      This office represents Defendant New York City Department of Education ("DOE") in the above-referenced action. I respectfully write to make a first request for an extension of 45 days from the current deadline of July 22, 2025 until Friday, September 5, 2025, to file Defendant's response to the Complaint in this case. If granted, the extension will enable our client to undertake an adequate investigation concerning Plaintiff's allegations and prepare an appropriate response. No previous request for an extension has been made by Defendant, and no existing deadlines in the case would be impacted by the requested extension.

      Plaintiff's Counsel has neither provided consent for Defendant's requested extension, nor provided reasons for refusing the same:

- On Thursday, July 3, 2025, at 3:23 p.m., I emailed Plaintiff's Counsel at antonmikofsky@aol.com "to ask whether you consent to a 45-day extension from the current deadline for Defendant to respond to the Complaint or your reason for refusing consent." Plaintiff's Counsel did not respond.

- On Wednesday, July 9, 2025, at 10:49 a.m., I again emailed Plaintiff's Counsel at antonmikofsky@aol.com to "[p]lease let us know by close of business at 5:00 p.m. today whether you consent to a 45-day extension from the current deadline for Defendant to respond to the Complaint in *Toth v. NYC DOE*, 25-cv-3317-NRM-TAM (E.D.N.Y.) or your reason for refusing consent."

- On Wednesday, July 9, 2025 at 4:50 p.m., Plaintiff's Counsel emailed me from antonmikofsky@aol.com, attaching a letter that conditioned consent on DOE stipulating to the pendency as described in the 4/2/2024 Order of IHO Perkins in IHO case # 248309.

- On July 15, 2025, Plaintiff's July 9, 2025 demand to stipulate to pendency was rendered moot when DOE agreed, at the administrative level, to the Pendency Implementation Form attached at ECF 10-1, which is the exact pendency program Plaintiff seeks as the ultimate relief in the Complaint: "T.T.'s placement at Gersh Academy with 20 hours per week of home-based 1:1 ABA therapy," ECF 1 at 11, ¶ 57(a).

- Yet, on July 17, 2025, Plaintiff's Counsel filed a "Motion for Settlement *of Pendency Order implementation*," ECF 10, asking the Court to so-order the Pendency Implementation Form: a moot request for relief, because, as Plaintiff's Counsel admits, "the parties succeeded to resolve the pendency issue" and the "Pendency Implementation Form squarely resolves the pendency issue." ECF 10 at 2.

- On July 18, 2025, at 3:17 p.m., I emailed Plaintiff's Counsel a third time to "Please let me know by the close of business at 5:00 p.m. tomorrow, Friday, July 18, 2025, (1) whether you will be withdrawing your motion and the case in its entirety; or (2) whether you consent to a 45-day extension for Defendant to respond to your Complaint—when we likely will move to dismiss your moot complaint—or your reasons for refusing consent." Plaintiff's Counsel did not respond.

As ordered by Your Honor on July 18, 2025, Defendant will file another letter by July 25, 2025, declining consent to the moot relief sought by Plaintiff in the "Motion for Settlement *of Pendency Order implementation*," ECF 10, because DOE provided that consent at the administrative level on July 15, 2025. Thank you for Your Honor's consideration of this request.

                          Respectfully submitted,

                          Jaimini A. Vyas
                          *Assistant Corporation Counsel*

cc:    Plaintiffs' counsel (via ECF)