

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jaimini A. Vyas**
*Assistant Corporation Counsel*
212-356-2079
jvyas@law.nyc.gov

July 25, 2025

**BY ECF**

Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 13D South
Brooklyn, New York

Re:  *Toth v. N.Y.C. Dep't of Educ.*, 25-cv-3317-NRM-TAM

Dear Judge Merkl:

This office represents Defendant New York City Department of Education ("DOE") in the above-referenced action. I respectfully write pursuant to Your Honor's July 18, 2025 order declining consent to Plaintiff's moot "Motion for Settlement *of Pendency Order implementation*," ECF 10, because on July 15, 2025, DOE already agreed to the requested pendency placement at the administrative level. *See* July 25, 2025 Declaration of Hanna Giuntini; Pendency Implementation Form, ECF 10-1. It is well established that "[a] case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001).

Because Plaintiff has received at the administrative level the relief requested in ECF 10, Plaintiff's motion at ECF 10 is moot. Moreover, as Plaintiff states in the motion, being granted this pendency placement relief "resolve[s][] [and] conclude[s] the pendency issue in the present action raised by the Complaint," ECF 10 at 3, because the motion sought the ultimate placement relief requested in Plaintiff's Complaint. *See* FAC, ECF 1 at 11, ¶ 57(a). Because the relief has been granted at the administrative level, that ultimate claim in Plaintiff's complaint is rendered moot as well.

"When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Sheng-Wen Cheng v. DOJ*, 2024 U.S. Dist. LEXIS 36662, at *8 (S.D.N.Y. Feb. 23, 2024). Thus, where Plaintiffs have received a pendency determination in their favor at the administrative level, that claim is moot at the federal level. *See Grullon v. Banks,* 2023 U.S. Dist. LEXIS 188079

at *9 (S.D.N.Y. Oct. 19, 2023) ("counsel for Plaintiffs admitted during an August 1, 2023 conference before the Court that the claims related to students who received the requested relief were moot.")

In this case, DOE promptly agreed to the placement in the pendency implementation form on July 15, 2025, a mere thirteen days after the extended 2025-2026 school year began on July 2, 2025.

Had the DOE contested the pendency placement at the administrative level, the Court would still lack subject matter jurisdiction to order the pendency placement demanded until the Plaintiff had exhausted litigating the issue at the administrative level. Therefore, until a Plaintiff receives an adverse pendency determination at the administrative level or Defendant violates Plaintiff's rights in some other way, this issue would remain unripe for judicial review. *See e.g., Grullon*, 2023 U.S. Dist. LEXIS 188079 (finding that a dispute is not ripe until Plaintiff has received an adverse pendency determination).

In any event, Plaintiff is not entitled to the Order they seek in ECF 10. Separately, the "automatic injunction" triggered by the stay-put provision in 20 U.S.C. § 1415(j) is not a mechanism through which Plaintiffs can seek a court order requiring DOE to acknowledge a pendency determination:

> The automatic injunctive effect of Section 1415(j) *is* a student's ability to automatically remain in their current educational placement during the pendency of their underlying FAPE proceedings. *See Ventura de Paulino*, 959 F.3d at 536 ("[T]he stay-put provision prevents a school district from modifying a student's pendency placement without the parents' consent . . . ."). It is not, as Plaintiffs suggest, a mechanism through which Plaintiffs can seek a court order requiring DOE to acknowledge a pendency determination. *See id.* (rejecting parent-plaintiffs' claim for funding where they "failed to plausibly allege a violation of the stay-put provision").

*Grullon v. Banks*, No. 23-CV-5797 (JGLC), 2023 U.S. Dist. LEXIS 188079, at *14 (S.D.N.Y. Oct. 19, 2023). In other words, 20 U.S.C. § 1415(j) does not ripen Plaintiff's claim for judicial review or expedited tuition payments—it provides students with an automatic right to remain in their current educational placement. Following Second Circuit precedent established in *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023), other courts have rejected demands for payments for pendency placements under a theory of an "automatic injunction standard":

> Plaintiffs argue that the automatic injunction standard under the IDEA's stay-put provision applies, and thus, no irreparable harm is required. This argument was rejected in *Mendez*. 65 F.4th at 63. The stay-put provision imposes an obligation on Defendants to ensure that the student stays in the current placement pending their administrative and judicial proceedings. 20 U.S.C. § 1415(j). If the lack of expedited payment "has jeopardized [the student's] educational placement," such as when the student is disenrolled from the school, and expedited payment would have restored the student's education access, the stay-put provision may grant the

Page 2 of 3

student an automatic injunction to obtain expedited payment. *Mendez*, 65 F.4th at 63. Here, without imminent disenrollment, the automatic injunction standard does not apply.

*Ramos v. Banks*, 24-cv-5109-LGS and *Bruckauf et al. v. Banks et al.*, 24-cv-5136-LGS, 2025 U.S. Dist. LEXIS 96389, at *22-23 (S.D.N.Y. May 21, 2025) (denying two motions for preliminary injunctions for expedited payments for failure to show irreparable harm). Any payments owed under any applicable administrative order, upon ripening, will be funded by DOE in the ordinary course of business, consistent with the Second Circuit's holding in *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023).

For the reasons stated above, Defendant respectfully declines consent to Plaintiff's "Motion for Settlement *of Pendency Order implementation*," ECF 10, because on July 15, 2025, DOE already agreed to the requested pendency placement at the administrative level. Thus, the issue is moot and the Court lacks subject matter jurisdiction to so-order a pendency implementation form that has already been agreed to by parties at the administrative level.

Thank you for Your Honor's consideration of this letter.

Respectfully submitted,

Jaimini A. Vyas
*Assistant Corporation Counsel*

cc:    Plaintiffs' counsel (via ECF)

Page 3 of 3