## LAW OFFICE OF ANTON J. MIKOFSKY
236 West 26th St., Ste. 303,
New York NY 10001
antonmikofsky@aol.com
Tel: 212 867 6735

July 26, 2025

BY ECF

Magistrate Judge Taryn A. Merkl
United States District Court
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East, Brooklyn, New York 11201

Your Honor:

**Re: Toth, et al. v. New York City Dep't of Educ., 25-cv-3317 (NRM) (TAM)**

By this letter plaintiffs respond to the DOE's letter of 7/25/2025.

RELEVANT FACTS

For the 2023-2024 school year the DOE created an IEP placing the student in a public school.  The IEP dated 3/23/2023 provided without sufficient 1:1 instruction. In IHO case # 248309, IHO Edward Perkins on 4/2/2024, ordered placement of the student at Gersh Academy, a specialized private school.  The Decision also awarded 20 hours per week of home based 1:1 ABA therapy.

From the time of the Order of 4/2/2024 through 6/20/2025, the parties were litigating continuously. *Toth v. NYC Dept. of Educ*. 2021-cv-04245 (AMD) (JAM)(EDNY). Therefore the DOE's legal obligation continued.  Nevertheless, the DOE left unpaid the student's services from 6/30/2024 to 8/23/2024.

The Pendency Implementation Form references the 4/2/2024 Order of IHO Edward Perkins.  That Order mandated tuition payment and home based services. Nevertheless the DOE on 7/23/2025 served Exhibits "F" and "G".  These subsequent notices appear to amend or limit the Pendency Implementation Form.  Exhibits state the DOE will not pay for any services preceding 6/30/2025.

In the DOE's letter and declaration, dated July 2025, DOE's counsel omit to mention services unpaid for a year, Exhibits A, B, C, D, E.  Notices the DOE served on 7/23/2025, state that the DOE will not pay for services before 6/30/2025. Exhibits F, G.

1

DISCUSSION

"A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015). "A party seeking to have a case dismissed as moot bears a heavy burden." *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005).

Without parents' consent, the DOE unilaterally changed the student's placement by leaving services unpaid. The procedural safeguard of § 1415(e)(3) protects parents from the DOE's conduct in the present case:

> "During the pendency of any proceedings conducted pursuant to [§ 1415], unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child . . . ."

In *Burlington School Comm. v. Mass. Dept. of Ed.,* 471 US 359 - Supreme Court 1985, the Supreme Court explained §1415(e)(3):

> "As we observed in *Rowley,* 458 U. S., at 192, the impetus for the Act came from two federal-court decisions, *Pennsylvania Assn. for Retarded Children* v. *Commonwealth,* 334 F. Supp. 1257 (ED Pa. 1971), and 343 F. Supp. 279 (1972), and *Mills* v. *Board of Education of District of Columbia,* 348 F. Supp. 866 (DC 1972), which arose from the efforts of parents of handicapped children to prevent the exclusion or expulsion of their children from the public schools…"

> "We also note that § 1415(e)(3) is located in a section detailing procedural safeguards which are largely for the benefit of the parents and the child."

The DOE's attorneys contend Court lacks jurisdiction because the issue is unripe. In *Honig v. Doe,* 484 U.S. 305, 327 (1988), the Court emphasized that the procedural safeguard of pendency protects disabled children:

> As a condition of federal financial assistance, the Education of the Handicapped Act requires States to ensure a `free appropriate public education' for all disabled children within their jurisdictions. In aid of this goal, the Act establishes a comprehensive system of procedural safeguards designed to ensure parental participation in decisions concerning the education of their disabled children and to provide administrative and judicial review of any decisions with which those parents disagree. Among the safeguards is the so called `stay-put' provision, which directs that a disabled child `shall remain in [his or her] then current educational placement'

2

pending completion of any review proceedings, unless the parents and state or local educational agencies otherwise agree. 20 U.S.C. § 1415(e)(3) [20 U.S.C.S. § 1415(e)(3)].

When the school district's nonpayment jeopardizes placement, an automatic injunction applies. *Mendez v. Banks,* 65 F.4th 56, 63 (2d Cir. 2023).

The Gersh Academy contract, Exhibit "H", in paragraph 2(d) provides that parents will pay the tuition.  If parents fail to cooperate, pursuant to paragraph 6(b) the school can terminate the student's enrollment in 30 days.

ARGUMENT

**Point I**

**Pendency applies to the period from 6/30/2024 to 8/23/2024.**

The DOE's argument is unavailing for several reasons:

**a.  Attorney Gruntini lacks knowledge of the facts.**

The DOE employs attorneys and administrators who know if the DOE will pay the disputed invoices.  When "a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction" and fails to produce such witnesses, this Court may infer that "the testimony, if produced, would be unfavorable" to that party. *Graves v. United States,* 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893); *Burgess v. United States,* 440 F.2d 226, 231 (D.C.Cir.1970). See generally, McCormick, On Evidence § 272, at 804-08 (3d ed. 1984);  US v. Torres, 845 F. 2d 1165, 1169 (2d. Cir. 1988). In re Landi's Petition, 194 F. Supp. 353, 360 (SDNY 1960).

Attorney Giuntini entered no appearance in the IHO cases under docket numbers 248309, 293514.  The record shows no evidence Attorney Giuntini knew of the 7/23/2025 notices and amounts the DOE left unpaid.  Attorney Giuntini raised no issue of fact whether the DOE will pay for the services the DOE left unpaid for a year.

It is urged that the Court base its determination on more than conclusory allegations made by an attorney without direct personal knowledge of the facts. *Credit Lyonnais Securities, Inc. v. Alcantara,* 183 F.3d 151, 154-155 (2d Cir. 1999) (holding mere allegations and the affidavit of plaintiff's counsel insufficient).  "Attorneys' affidavits not based upon personal knowledge have been held not to comply with Rule 56(e)." *Beyah v. Coughlin*, 789 F.2d 986, 989-90 (2d Cir. 1986) (it was improper for court in granting summary judgment to rely on affidavits of attorney without personal knowledge).

3

**b.   Nonpayment causes ongoing harm.**

The parties dispute, not a mere hypothetical question, but a real, substantial controversy.  The failure for a year to reimburse services constitutes a continuing violation of the IDEA, rendering the issue ripe for judicial review.  *M.G. v. N.Y.C. Dep't of Educ.,* 15 F. Supp. 3d 296, 302 (S.D.N.Y. 2014) ("lengthy delays in the administrative process may justify a finding that exhaustion would be futile or inadequate").

The DOE's reliance on *Grullon v. Banks*, 2023 U.S. Dist. LEXIS 188079 (S.D.N.Y. Oct. 19, 2023), is misplaced.  Grullon involved plaintiffs who received full relief at the administrative level.

In the unique circumstances of this particular case, the Gersh Academy contract empowers the school to expel the student if parents do not cooperate by paying tuition promptly.  The DOE's nonpayment of tuition and tutoring services threatens to disrupt the student's placement, satisfying the standard for injunctive relief under *Mendez v. Banks*, 65 F.4th 56 63 (2nd Cir. 2003) (automatic injunction applies when nonpayment jeopardizes placement).

**c.   The DOE disputes the Pendency Date:**

In *Ventura de Paulino v. New York City Department of Education,* 959 F.3d 519 (2d Cir. 2020), the Second Circuit held that "[a] parent cannot unilaterally transfer his or her child and subsequently initiate an IEP dispute to argue that the new school's services must be funded on a pendency basis." *Id.* at 536.  The present case is distinguishable from *Ventura.* At Bar, the parents seek to enforce a placement an IHO ordered and the DOE did not appeal.  Nevertheless, the DOE found a back door path to leave services unpaid.  On dates when the parties were litigating, the DOE baldly denies that the student had pendency.

POINT II

**The School District's practices falls within the capable of repetition
yet evading review exception to the mootness doctrine.**

The DOE unilaterally changed the student's educational placement from 6/30/2024 to 8/23/2024.  The plaintiff reasonably expects that the DOE will do the same again.

Plaintiff contends that his claim falls within the exception to the mootness doctrine for claims capable of repetition yet evading review.  See *Nat'l Org. for Marriage, Inc. v. Walsh,* 714 F.3d 682, 692 (2d Cir. 2013).  An exception to the mootness doctrine applies to "cases capable of repetition, yet evading review." *Walsh*, 714 F.3d at 692 (internal quotation marks More specifically, that exception "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id.

4

CONCLUSION

Plaintiff requests that the Court enforce the Pendency Implementation Form by so-ordering it.

Respectfully,

/s/ *Anton Joseph Mikofsky*

ANTON J. MIKOFSKY

c.c.    Jaimini A. Vyas. Esq. by ECF
        Assistant Corporation Counsel