UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JERRY GEZA TOTH, individually and on behalf of T.T.,    **25-cv-3317-NRM-TAM**

                             Plaintiff

        -  v.  –    **DECLARATION OF JERRY TOTH**
**IN SUPPORT OF PLAINTIFF'S**
NEW YORK CITY DEPARTMENT OF EDUCATION    **MOTION FOR**
**A PENDENCY ORDER**

                      Defendant.
----------------------------------------------------------------------x

       JERRY TOTH, an attorney duly admitted to practice law in the State of New York, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1.  Nonpayment of services by the New York City Department of Education ("DOE") jeopardizes the student's educational placement.

       2.   I annex a copy of my most recent contract with Gersh Academy. Exhibit "H".  If the DOE does not pay tuition, Gersh Academy can hold me liable.  If a parent fails to cooperate, the school can expel the student.

       3.  In IHO case # 248309, the IHO ordered an evaluation.  Following nonpayment by the DOE, a psychologist declined to perform the evaluation.   The psychologist's employer feared the DOE would again leave an evaluation unpaid.

       4.   The parents did not succeed to replace that critical testimony in time for the next case, IHO Case #284080, covering the 2024-2025 school year.  Based on the parents' lack of an up-to-date evaluation, IHO Patritti denied every educational service the parents requested. Decision 4/3/2025, case #284080.

       5.  The parents do not seek accelerated payment for future services. Rather,

Plaintiffs seek reimbursement for educational services provided to the student over one year ago, as documented in Exhibits A, B, C, D, and E. These services remain unpaid despite the obligations under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j).

6. Tellingly, the DOE's 7/25/2025 Letter and Declaration do not state that the DOE will pay for these services IHO Perkins ordered and the DOE left unpaid for a year. Exhibits A, B, C, D, E.

> "Thou shalt not muzzle the ox that treadeth out the corn.
> And, The labourer is worthy of his reward."

Timothy 5:18. Nonpayment of service providers contradicts long established equitable principles. Nevertheless, the DOE's attorneys obfuscate whether the DOE will pay.

7. DOE's letter asserts "In this case, DOE promptly agreed to the placement in the pendency implementation form." On the contrary, for a year no DOE attorney or administrator resolved the unpaid services in Exhibits A, B, C, D. E. Countless times I requested payment. DOE administrators maintain the student lacks pendency, that payment is "unauthorized".

8. On 7/23/2025 unidentified administrators emailed the notices in Exhibits "F", "G" stating "Pendency is effective 6/30/2025 …"

9. The parties dispute a critical issue of law: the effective date of the student's pendency placement. Plaintiffs contend that pendency began at an earlier date, consistent with the student's last agreed-upon Individualized Education Program ("IEP"), as required by 20 U.S.C. § 1415(j). Unilaterally the DOE asserts a later pendency date.

Dated:  July 25, 2025

_____
JERRY TOTH