**My Students**

Help Center

Account

Log Out

Back to 'Henry Terence Toth' Checklist

# Student Contract

## ENROLLMENT & TUITION CONTRACT

* indicates required fields

## ENROLLMENT AND TUITION CONTRACT
## 2025-2026 SCHOOL YEAR

# RECITALS

This contract (this "Agreement"), dated as of the last date written below, is between Gersh Academy, Inc. (the "School") and Fatmira Toth and Jerry Toth ("Parent(s)"), the parent(s) or legal guardian(s) of **Henry Terence Toth** (the "Student"), and made for the benefit of the Student for the 2025-2026 school year (July 9th, 2025 - June 26th, 2026 (the "School Year")). The School and the Parent(s) are collectively referred to as the "Parties."

Parent(s), who have financial responsibility for the Student, have reviewed certain curriculum and related materials of the School's educational and related services programs including parts of the School's website and wish to enroll the Student in the School.

In order for the School to enroll the Student into the School's program, Parent(s) need to pay the School a deposit and promise to pay the School the balance of the tuition as set forth in the Agreement.

Now, therefore, based upon the mutual promises contained in this Agreement, the Parties agree as follows:

1. Academic Program and Related Services. Parent(s) understand the academic and related service programs for the Student will be provided by the School developing a customized educational plan for the Student which will include instructional and related services and classroom placement.

2. Enrollment and Tuition. a. In exchange for a promise to pay the Tuition (as described below), Parent(s) hereby enroll the Student at the School for the School Year with the understanding that actual attendance will commence on the First Day of School listed in the School Calendar on the School website.

    b. Parent(s) acknowledge that the Student's tuition for the School Year is $142,000.00 for the 12 month Behavioral, Academic & Social Enrichment (BASE)/Learning to Learn program (the "Tuition").

    c. Appendix A contains a Tuition rate sheet that lists tuition components and conditions specific to the Student that are binding on the Parties.

    d. Parent(s) agree to pay such Tuition in accordance with the terms and conditions of this Agreement and acknowledge they are responsible for paying Tuition for the entire School Year without deductions for absences.

3. Non-refundable Tuition Deposit.

    a. A non-refundable Tuition deposit as set forth in Appendix A is due by the date set forth for such deposit in Appendix A.

    b. The Student may not begin attending the School until the Parent(s) pay the Tuition deposit.

4. Student Activities and Meal Fees. a. Parent(s) hereby permit the Student to participate in School activities both on and off the School's property under adult supervision, including school-sponsored trips, by walking, public transportation, and rides in vehicles chartered or operated by School employees or contractors who are properly licensed drivers. Parent(s) acknowledge that the School may charge a fee for certain trips and related activities, which will be due within thirty (30) days of receipt of the fee notice. If offered at the School, Parent(s) may elect to participate in the School's meal program by funding the Student's account as set forth in the Student & Family Handbook.

5. School Option to Extend Tuition Due Date. a. The School may permit payment of Tuition owed under the Agreement to be delayed beyond the due date to allow the Parent(s)' exercise of due process rights under applicable law to seek direct or "prospective" or other funding of Tuition from the Student's school district of residence (the "District") under applicable law.

    b. In the event Parent(s) are denied all or part of direct or "prospective" or other funding from the District for the tuition due under this Agreement by a final administrative or judicial decision resolving Parents(s)' claims for such funding, Parent(s) agree to pay the tuition due under this Agreement within sixty (60) days of such final decision.

6. Tuition Funding / Parent Cooperation.

    a. In the event Parent(s) decide to see direct or "prospective" or other tuition funding from the District for the Student's placement at the School, Parent(s) agree to take all necessary steps to secure such funding as promptly as possible and to cooperate fully in the process required to secure such funding.

    b. Parent(s) understand and agree that, in the event Parent(s) fail to cooperate fully in said process, the School may elect, upon thirty (30) days' notice, to terminate my child's enrollment at the School.

c. In the event Parent(s) agree to settle a claim for direct or "prospective" or other tuition funding with the District for less than the full tuition, Parent(s) acknowledge that they are responsible for payment of the balance of the Tuition due under this Agreement and agree to pay same within thirty (30) days of the issuance of a fully executed Stipulation of Settlement and Discontinuance with respect to such claim. If payment as specified is not received by School when due, Parent shall, to the extent permitted by law, pay on demand as a late charge, an amount equal to 1.0% of the amount then due for each thirty (30) days or portion thereof that the overdue payment is not made.

d. Parent(s) understand and acknowledge that their obligation to cooperate fully in the tuition funding process includes, but is not limited to:

    i. making the Student available for evaluation by the District and consenting to classroom observations by the Student's local District;

    ii. responding promptly to a District offer of placement;

    iii. visiting and/or considering any public school or any New York State ("State") approved private placement that is offered by the District;

    iv. participating in District Committee on Special Education ("CSE") meetings and impartial hearings;

    v. if applicable, participating in parent training for parents of students with disabilities;

    vi. prompt execution of all necessary documents such as Stipulations of Settlement and Related Services Authorization forms; and

    vii. prompt provision of documentation of financial status and related documents.

7. <u>Cancellation; Term; Withdrawal</u>. a. Parent(s) acknowledge that the School reserves the right to cancel this Enrollment Contract at any time due to lack of attendance for ten (10) or more days or lack of financial support for the placement of the Student.

b. <u>Term</u>.

    i. Except as set forth in Section 7.b.ii., immediately below, the default term for this Agreement is the School Year. Parent(s) understand that this Agreement does not guarantee placement in any school year thereafter.

c. Parent(s) will be released from this Agreement without financial penalty or continuing responsibility for Tuition payments, other than any non-refundable Tuition deposit or registration fee, if Parent(s) choose to accept the District's recommended placement/program in a public school or State approved provider of special education on or before thirty (30) days from the student's start of the School program, and Parent(s) inform the School in writing by said date.

    i. In the event Parent(s) notify the School of the Student's withdrawal after thirty (30) days from the start of the program, the School will charge a pro-rated Tuition cost based upon the time during which the Student attended the School program and attendant expenses. Parent(s) understand that the School will give no credit for partial monthly attendance.

d. Parent(s) further acknowledge that should Parent(s) withdraw the Student for any other reason than the one indicated above, Parent(s) remain liable for the prorated Tuition based upon the Student's attendance under this Agreement, payable in full within ten (10) business days of the withdrawal date.

8. <u>Transfers between Campuses</u>. Parent(s) understand that the Gersh Organization, which owns or operates the School, as an entity, may acquire additional schools/campuses or consolidate its schools/campuses during the Period of Enrollment, within its sole discretion. Parent(s) understand and acknowledge that, during such periods of expansion or consolidation, the School, upon notice to, and discussion with, Parent(s), may require a change in the Student's building location to ensure continued access to appropriate instruction and services, or to a substantially similar program, as a condition of enrollment.

9. <u>Transportation</u>. Parent(s) understand that if the School undertakes expenditures relating to public transportation, rideshare voucher funding, rideshare/taxi/car service, and/or mileage in order to enable the Student to attend the School in the absence of appropriate District-implemented special transportation for the Student, the Parent(s) are responsible for satisfying said School debt in the same manner as the Tuition as described herein.

10. <u>Parent Obligations</u>.

a. Parent(s) agree to allow the School to perform baseline testing of the Student's skills and functional levels, within the School's discretion, in order to develop appropriate, meaningful instructional and

therapeutic goals for the Student.

b. Parent(s) agree to provide the School with a current copy of the Student's Individualized Education Program ("IEP") and any other IEPs, evaluation reports, assessments, diagnostic reports and developmental reports as they may become available or as the School requests.

c. During extended periods of school closures or extended periods of non-physical attendance, Parent(s) agree to make the Student available for alternate special educational instruction and related/support services provided by the School as appropriate to the Student's needs.

11. Documentation. Parent(s) must provide any documents or information required under the terms and conditions of this Agreement and as required by the School or District for purposes of enrollment and compliance, including acknowledging receipt and acceptance of all terms and forms set forth in the Student & Family Handbook and related exhibits.

12. Change in Student Address.

a. To ensure accuracy of all Student records and to maintain funding sources for the Student, in the event the Student's address changes, Parent(s) agree to notify the Student's current school district, any new school district, and the School of the Student's new address within two (2) business days of relocation to such new address.

b. Parent(s) remain personally liable for the obligation to pay the Tuition (or any part thereof) and expenses, if any. In cases where the Student moves to a new school district, the School may terminate this Agreement in accordance with Section 7 if the Parent(s) do not enter into a new Tuition payment arrangement.

c. Parent(s) agree to either request that the Student's District records be transferred to the new school district of residence or assist the School in such transfer.

d. To the extent the District change triggers a CSE meeting(s) within the new school district, Parent(s) agree to promptly notify the School, and cooperate with the new district in such meetings.

13. School Policies and Handbook. a. Parent(s) agree that the Student and the Parent(s) will fully abide by the rules and regulations, policies, procedures and directives, including, but not limited to, those listed in the School's Student & Family Handbook (of which Parent(s) acknowledge receipt), issued by the Principal or Executive Director as State-mandated immunization protocol (see Section 14, below) and any other State or federal mandates applicable to the Student.

b. Parent(s) acknowledge and agree that the School may, in its sole discretion, terminate the Student's enrollment where the School has determined that continued enrollment is no longer in the best interest of the Student and the School, including, but not limited to, instances in which the Parent(s) and/or the Student demonstrate an unwillingness to or inability to cooperate with the School, abide by the School's rules, policies and directives, and/or participate as productive members of the school community of the School, or if the School, in its sole discretion, determines that continue enrollment is not in the best interests of the Student.

14. Medical. Parent(s) acknowledge that, as a condition of enrollment and prior to the start of school:

a. Parent(s) agree to provide prescriptions for medications and related services to be administered or provided, respectively, by the School.

b. If the Student requires medication during school hours, the Parent(s) will provide it to the School in a labeled container along with associated equipment and supplies for administration and a copy of the form allowing the school to administer the prescription.

c. Parent(s) acknowledge that, as a condition of enrollment, (i) the Student must have up-to-date immunizations in accordance with State law and local department of health mandates, and (ii) the School may otherwise exclude the Student's physical attendance in accordance with applicable State or local law.

15. Photography, Videography, and Social Media. Parent(s) understand that the School frequently photographs and makes audio/visual recordings of school events, including livestreaming, which may include images and recordings of the Student. These creations may be used by the School for school promotional material, for staff or parent training purposes, and to provide access to events that certain family members cannot attend in person. Parent(s) hereby consent to these uses. Parent(s) understand that, in order to rescind or limit the scope of this consent, Parent(s) must provide written notice to the School in the form of a signed letter.

a. *Photo and Video Release Form* included as a part of the Annual Enrollment Forms and which must be executed by Parent.

16. <u>General Release</u>. Parent(s) hereby release and hold harmless the School, it's board, employees, agents, and representatives from any and all claims, damages, causes of action, or other liability of any kind for any injury to Parent(s) and the Student or for loss or damage of property occurring either on or off school property, where such claims, damages, causes of action, or other liability are not the result of gross negligence, intentional neglect, or willful or wanton conduct by the School, it's board, employees, agents, or representatives. The School hereby releases parents from any and all claims or other liablity of any kind.

17. <u>School Obligations</u>. The School agrees to:

a. Develop and maintain the curriculum and certain related materials for the School's educational and related services programs.

b. Perform baseline testing of the Student's skills and functional levels, within the School's discretion, to develop individualized instructional and therapeutic goals for the Student.

c. Create and maintain necessary or required student academic, medical and other records including attendance, instructors, related service providers, hours of instruction or therapy, instructor or provider State licensure, as applicable; and

d. Provide facilities to enable customized instruction and related services and service of school meals and snacks, as applicable.

18. <u>Non-Waiver of Claims; Collection</u>. a. Parent(s) understand that the School shall exercise its right to enforce all of the terms, conditions, and provisions of this Agreement. Parent(s) acknowledge that any delay on the part of the School in enforcing the terms, conditions and provisions of this Agreement shall not be construed as a waiver of same and any School waiver of one provision of this Agreement shall not be deemed a waiver of any other provision nor will any waiter constitute a continuing waiver.

b. The School reserves the right to pursue all available measures to collect sums due to it.

c. Parent(s) shall be liable for all costs and expenses incurred by the School in enforcing its right under this Agreement, including without limitation, attorneys' fees.

19. <u>Rights Reserved</u>. Parent(s)' failure to comply with the terms and conditions of this Agreement may result in the revocation of and termination of enrollment and immediate discharge of the Student from the School. In its sole discretion, the School will determine whether or not the Student is eligible for re-enrollment.

## GENERAL TERMS

20. <u>Dispute Resolution; Waiver of Jury Trial</u>. The parties agree that any dispute, controversy, or disagreement arising from or relating to this Agreement or the breach, enforcement, interpretation or validity of this Agreement shall be resolved by mediation conducted through the EAC Network's Long Island Dispute Resolution Center in Central Islip, NY. If the Parties do not resolve the matter through mediation, either Party may bring an action in the State or federal courts located in the State, provided that the Parties hereby irrevocably submit to the exclusive jurisdiction of any State court in Suffolk County and any federal court in the Eastern District of New York; with respect to any such adjudication, the Parties do hereby UNCONDITIONALLY WAIVE THE RIGHT TO TRIAL BY JURY.

21. <u>Governing Law</u>. This Agreement shall be governed in accordance with the substantive laws of New York State, without regard to its conflicts of laws rules.

22. <u>Electronic Signatures</u>. The Parties agree that they may use electronic records and signatures. Each Parties consider to be original signatures, and have the same force and effect as an original signature. The Parties also agree to be bound by the terms, conditions, requirements, information and/or instructions contained in any such electronic records.

23. <u>Counterparts</u>. This This Agreement may be executed in one or more counterparts and, if executed in more than one counterpart, the executed counterparts shall each be deemed to be an original but all such counterparts shall together constitute a single agreement.

24. <u>Entire Agreement</u>. This Agreement is the entire agreement between the Parties with respect to the subject matter thereof.

## Electronic Signature(s)

**Parent/Guardian 1 Full Name** *

Jerry Geza Toth

**Parent/Guardian 1 Signature:** *

*Jerry Toth*

Your Full Name*

☐ By submitting my electronic signature, I acknowledge my understanding of and agreement to the terms, conditions, and provisions specified in this Agreement.

**Parent/Guardian 1 Relationship to Student** *

Father

**Parent/Guardian 2 Full Name**

**Parent/Guardian 2 Signature**

*MiRA TOTH*

Your Full Name

☐ By submitting my electronic signature, I acknowledge my understanding of and agreement to the terms, conditions, and provisions specified in this Agreement.

**Parent/Guardian 2 Relationship to Student**

Mother

**School Signature**

⚠ Countersignature Required

This Student Contract must be countersigned by a representative from GERSH in order to be considered complete. A countersigned copy of the document will be available in your portal after it has been processed.

## TUITION DEPOSIT POLICY

Gersh Academy requires a tuition deposit upon enrollment. Inquiries regarding this tuition deposit should be directed to the Accounting Department at AR@gershautism.com. Gersh Academy does not refund tuition deposits to parents. Parents should discuss the tuition deposit with their attorneys/advocates. Please make check or money order payable to <u>Gersh Academy, Inc</u>.

## ADMISSIONS POLICY

Admission to Gersh Academy is based on academic, social and emotional potential without regard to gender, race, religion, national origin, marital status, veteran status, or disability. Gersh Academy subscribes to all state and federal regulations prohibiting discrimination on the basis of race, color, gender, disability, national origin, sexual orientation, veteran status, or marital status. Gersh Academy's nondiscrimination policy complies with all current statutes and applies to admission, employment and access to all programs, services and other activities offered by the program. Gersh Academy reserves the right to transfer students between campuses to maintain the appropriate classroom placement.

## LITIGATION POLICY

By signing this enrollment form, you are agreeing to cooperate with both your attorney/advocate and Gersh Academy representatives with respect to your child's 2025-2026 special education case. You are further giving permission for Gersh Academy representatives to discuss your child's case with your attorney/advocate. Please provide a courtesy copy of your child's IEP, 10-day notice letter, and due process complaint to Gersh Academy's Admissions Department.