# LAW OFFICE OF ANTON J. MIKOFSKY
236 West 26th St., Ste. 303,
New York NY 10001
antonmikofsky@aol.com
Tel: 212 867 6735

August 12, 2025

BY ECF

Magistrate Judge Taryn A. Merkl
United States District Court
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East, Brooklyn, New York 11201

Your Honor:

**Re: Toth, et al. v. New York City Dep't of Educ., 25-cv-3317 (NRM) (TAM)**

Pursuant to Your Honor's Rules, plaintiff submits this letter of no more than three pages, not docketed as a motion, setting forth the basis for plaintiff's renewed motion for a pendency order.

RELEVANT FACTS

For the 2024-2025 and 2025-2026 school years, the DOE did not issue IEPs. The DOE did not evaluate the student.

Parents challenged the DOE's placement for the 2024-2025 school year, IHO case #284080, and for the 2025-2026 school year. IHO case #295721

In IHO case # 248309, the 4/2/2024 Order of IHO Edward Perkins ordered tuition payment for Gersh Academy and 20 hours per week of home-based services. The DOE did not appeal. Thereafter the parties litigated continuously. *Toth v. NYC Dept. of Educ*. 2021-cv-04245 (AMD) (JAM)(EDNY) (settled 6/20/2025); IHO case # 284080; SRO case # No. 25-268 (appeal of #284080); IHO case # 294524 (request for IEE); IHO case # 295721.

Without parents' consent, from 7/1/2024 to 8/23/2024 the DOE unilaterally changed the student's placement by leaving services unpaid. The DOE left services unpaid for a year [See ECF 13 # 2 Exhibit $6,062.50 due NY Therapy 8/24, # 3 Exhibit $8,187.50 due NY Therapy 7/24, # 4 Exhibit $28,534.89 due Gersh Academy, # 5 Exhibit Attendance 7/24 Gersh 24-25, # 6 Exhibit Attendance 24-25 at Gersh].

On 7/28/2025 the DOE did not explain clearly to the Court that Contrary to the Giutini Declaration ¶6, the DOE refuses to pay invoices for services from 7/1/2024 to 8/23/2024. The DOE denies pendency before 6/30/2025. See ECF 13-7, Home-based services payable only from 6/30/25, ECF 13-8, Gersh tuition payable only from 6/30/2025.

1

## DISCUSSION

In thousands, in perhaps tens of thousands of similar cases, without a court order, the DOE terminated payments on which educational providers depend to supply services. This case concerns an interest 200,000 New York City students with disabilities share.

Congress intended the IDEA to protect disabled students from unilateral conduct by school administrators. Contrary to the procedural safeguards of the IDEA, the DOE reserves to itself a power to decide when the DOE will grant pendency and when the DOE will deny pendency.

The DOE's counsel have not explained why the DOE left services unpaid. The DOE offered any written reason why, without a court order, without a hearing, the DOE unilaterally stopped paying for services from 7/01/2024 to 8/23/2024. This case presents a question of whether the parents of a learning-disabled child are entitled to equitable relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1490, reimbursing them for private school tuition and instruction, when the denial of reimbursement results solely from the unauthorized action of a local educational authority.

The DOE's failure for a year to reimburse services constitutes, a real substantial controversy, a continuing violation of the IDEA. *M.G. v. N.Y.C. Dep't of Educ.,* 15 F. Supp. 3d 296, 302 (S.D.N.Y. 2014) ("lengthy delays in the administrative process may justify a finding that exhaustion would be futile or inadequate").

Non-payment of services inevitably causes persons not to come to work. Because the DOE did not pay him, an elite professional declined to perform an evaluation the student needed to obtain essential services. In denying all services parents requested in case # 284080, IHO Carina Patritti noted the lack of a recent evaluation.

Nonpayment of providers undermines the quality and stability of services educational firms can provide. Following the DOE's nonpayment of services in 2024, New York Therapy Placement Services no longer provides services to the student. The DOE's nonpayment jeopardizes the student's placement at Gersh Academy. Gersh Academy's contract, ECF 13-9, in paragraph 2(d) requires parents to pay the tuition. If parents fail to cooperate, pursuant to paragraph 6(b) the school can terminate the student's enrollment in 30 days. An automatic injunction applies. *Mendez v. Banks,* 65 F.4th 56, 63 (2d Cir. 2023). Congress stated the purpose of the IDEA as "to assure that all handicapped children have available to them . . . a free appropriate public education which emphasizes special education and related services designed to meet their unique needs [and] to assure that the rights of handicapped children and their parents or guardians are protected." 20 U. S. C. § 1400(c), cited by *Burlington School Comm. v. Mass. Dept. of Ed.,* 471 US 359, 367 (1985).

Congress envisioned parental participation in the creation of an educational program. By issuing no IEPs for the 2024-2025 and 2025-2026 school years, the DOE threw aside the IDEA in its entirety. With a $38 billion annual budget, unlimited expenses for litigation, protect an extremely large bureaucracy from negative consequences for unlawful conduct.

## ARGUMENT

**POINT I:** **The IDEA's procedural safeguards protect the student.**

The procedural safeguard of § 1415(e)(3) protects students from the DOE's conduct in the present case:

> "During the pendency of any proceedings conducted pursuant to [§ 1415], unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child . . . ."

"§1415(e)(3) is located in a section detailing procedural safeguards which are largely for the benefit of the parents and the child." *Burlington,* supra at 373. Accord *Honig v. Doe,* 484 U.S. 305, 327 (1988):

> "Among the safeguards is the so called `stay-put' provision, which directs that a disabled child `shall remain in [his or her] then current educational placement' pending completion of any review proceedings, unless the parents and state or local educational agencies otherwise agree. 20 U.S.C. § 1415(e)(3) [20 U.S.C.S. § 1415(e)(3)]."

**POINT II:** **The DOE's practices fall within the capable of repetition yet evading review exception to the mootness doctrine.**

The DOE offers no assurance that after the termination of the present administrative case # 295721, the DOE will not again, unilaterally, without a court order, stop paying tuition and services. Plaintiff reasonably expects that the DOE will do the same again.

Plaintiff's claim falls within the exception to the mootness doctrine for claims capable of repetition yet evading review. See *Nat'l Org. for Marriage, Inc. v. Walsh,* 714 F.3d 682, 692 (2d Cir. 2013). At Bar, "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id.

## CONCLUSION

Plaintiff requests that the Court order pendency from the date of the last agreed upon placement, to wit the 4/2/2024 Order in IHO case #248309.

Respectfully,

*/s/ Anton Joseph Mikofsky*

ANTON J. MIKOFSKY

c.c. Jaimini A. Vyas. Esq. by ECF
Assistant Corporation Counsel