UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x          **Index # 25-cv-03317**

JERRY GEZA TOTH, individually and on behalf of T.T.,

                                          Plaintiff,

                    -v-                                                  **DECLARATION
                                                                         IN SUPPORT OF**
NEW YORK CITY DEPARTMENT OF EDUCATION,                                   **PENDENCY ORDER**

                                          Defendant.
-----------------------------------------------------------------------x

JERRY TOTH declares under 28 U.S.C. §1746 that the following is true and correct:

1.    The purpose of this declaration is to explain the parents' stay-put claim based on the DOE's refusal to fund tuition and related services during the pendency of proceedings in District Court, *see* 20 U.S.C. § 1415(j); *Toth v. NYC Dept. of Educ.* 21-cv-04245 (AMD) (JAM) (EDNY 2025).

**The DOE did not comply with the IDEA.**

2.    For the 2024-2025 and 2025-2026 school years the DOE did not create IEPs. The DOE did not evaluate the student.  The DOE did not convene a meeting of the CSE.

3.    By "school placement letters", the DOE denied parental participation in creation of the educational placement.  (Exhibits "A", "B"). An educational placement without evaluations of the student, without parental input is not "reasonably calculated to enable the child to receive educational benefits".

4.    From 2020 to 2025, in six consecutive proceedings, the DOE presented no witness or evidence that the DOE's educational placement was appropriate, no "Prong I" case.  Cases #173630, 206350, 211081, 230169, 248309, 284080.  Asserting procedural rights, the DOE eliminates services to students whose parents cannot afford attorneys.

5.    For purposes of pendency the 04/02/2024 Decision of IHO Perkins defined

1

the operative placement. ECF 1-2.  From 07/01/2024 to 08/23/2024, the DOE left tuition

and related services unpaid.

**After parents filed a District Court complaint, the DOE purported to grant pendency.**

6.     The DOE's hearing office denied pendency by declining to acknowledge the

parents complaint.   (ECF #1).  The hearing office issued no docket number, assigned no

hearing officer.

7.      In District Court the parents filed the present complaint alleging:

> "31. The DOE's refusal to grant a pendency hearing in response to
> Plaintiff's complaint (Exhibit "E") constitutes a systemic violation of
> the IDEA, as the Hearing Office failed to assign a docket number or
> IHO.
>
> "32. This systemic failure renders administrative remedies
> inadequate, falling within the futility exception, per J.S. ex rel. N.S. v.
> Attica Cent. Sch., 386 F.3d 107, 114 (2d Cir. 2004), and J.Z. v.
> N.Y.C. Dep't of Educ., 281 F. Supp. 3d 352, 362 (S.D.N.Y. 2017)."

8.     A month later the DOE issued a "Pendency Implementation Form".

9.     The Pendency Implementation Form references the 04/02/2024 Order of

IHO Edward Perkins.  ECF #10-1.  Michael Heitz, Esq., the lawyer who issued the

Pendency Implementation Form, predicted the DOE would grant pendency from

04/02/2024.  See emails  in Exhibits "C", "D".

10.  Believing the Form would provide pendency, the parents mistakenly moved

for an order to enforce the DOE's Form.  ECF #10.

**The DOE issued self-contradictory pendency documents.**

11.  A week after the Form two DOE authorizations modified the DOE's

position on pendency.  ECF #13-7, 13-8.  The authorizations omit mention of the

04/202/24 Order.  The authorizations limit pendency to the duration of case #259721.

2

**Attorney Giutini did not disclose to the Court the DOE's truncated version of pendency.**

12. The Hannah Giutini declaration represented that following the 7/28/2025 conference the DOE would grant the relief parents requested.[1]  Immediately after the 7/28/2024 conference, the DOE did not acknowledge or respond to the parents request that DOE agree to pendency effective 04/02/2024.  Meet and confer letter,  Exhibit "E".

13.  Similarly, the DOE's administrators maintain that the student lacks pendency before 06/30/2025.   Application in Exhibit "F".

**The administrative proceeding did not provide full relief.**

14. The DOE's Pendency Implementation Form is not a court order.

15. The DOE created the form.  The DOE can cancel or revise the form.

16.  The Form does not bind the DOE.  The DOE can interpret pendency as starting and stopping according to the DOE's unilateral decisions.

17.  The DOE devised a diluted version of pendency.   The DOE truncated my son's pendency to begin on 06/30/2025, to last only for the duration of a single administrative case.

18. Without a pendency order by a court, the parents foresee disruptions of the student's instruction as unforeseen events arise.  For example, In *Toth v. NYC Dept. of Educ.,* a District Court judge, over the opposition of the DOE, granted a Pendency

---

[1]    Attorney Giutini submitted:

> 5. On July 17, 2025, Plaintiff filed a Motion "for Settlement of Pendency Order  Implementation," ECF 10, requesting the Court to so-order the exact pendency placement to which DOE had already agreed.
> 6. The Pendency Implementation Form, ECF 10-1, will be implemented by the DOE's Impartial Hearing Implementation Unit upon receipt of the proper documentation and in the normal course of business.

Order.   During the 2020 pandemic the student missed 761 hours of instruction. Without the pendency order, the DOE might never have settled.  For the student to win compensatory education, the Pendency Order proved essential.

19.  In IHO case # 295721, on 08/06/2025 IHO Michael Das, Esq. ruled that to seek relief for a denial of pendency, the parents must proceed in district court.

**DOE's denial of pendency disrupts my son's educational placement.**

18.   "The purpose of the pendency provision is to provide stability and consistency in the education of a student with a disability." *Gabel ex rel. L.G. v, Bd. of Educ. Of Hyde Park Cenr. Sch. Dist.,* 368 F. Supp. 2d313,324 (S.D.N.Y.2005). 20 U.S.C. § 1415(j).  The DOE's interpretation of pendency does not provide stability and consistency.

19.  By not paying tuition and related services, the DOE disturbs the business relationship between the parents and the provider.  Unpaid schools and placement agencies cannot provide the same quality of teaching as schools and agencies whose fees the DOE pays punctually.

**Underpayment of providers produces unforeseeable consequences.**

20.  Following the DOE's nonpayment of therapy from 07/01/2024 to 08/23/2024, a therapy provider sent, masquerading as an experienced teacher, a person who stole my wife's jewels from Albania.   The agency did not know of the conduct of its employee.  Nevertheless, discovering family heirlooms missing, we cancelled our contract with the agency.   Had the DOE paid the agency properly, the agency might have supplied a higher quality teacher than the jewel thief.

4

20. In another student's case, a highly qualified expert evaluator performed an evaluation.  The DOE never paid for the evaluation.  Fearing another nonpayment by the DOE, the employer of that expert witness declined to perform an IEE of my son.  Citing the parents' lack of an up-to-date IEE, IHO Patritti denied in its entirety the parents' request for tuition and home-based ABA therapy.  Case #284080, Decision 04/03/2025.  This denial of tuition and related services jeopardizes my son's educational placement.

21. As a private school, Gersh Academy must pay the salaries of Board Certified Behavior Analysts ("BCBAs"), teachers, paraprofessionals, administrators, electricity bills, supplies, student lunches.

22. The contract I signed with Gersh Academy provides that I am liable.  If I fail to cooperate, with 30 days' notice, Gersh can evict my son.  ECF 13-9.  By leaving Gersh Academy unpaid, the DOE jeopardizes my son's seat at the school.

CONCLUSION

15. To preserve the student's services while the parties are litigating, the parents respectfully request a pendency order.

_Jerry Toth_
_____
Jerry Toth

5