

Jerry Toth <tothjerry1@gmail.com>

## Toth v. NYC Dept of Educ., 25-cv-03317

**Anton Mikofsky** <antonmikofsky@aol.com>                    Wed, Jul 23, 2025 at 4:51 PM
To: "Vyas, Jaimini (LAW)" <jvyas@law.nyc.gov>

Dear Attorney Vyas:

The purpose of my attached letter is to meet and confer prior to our 7/18/2025 telephonic status conference with Magistrate Judge Merkl.

I also attach relevant exhibits.

We feel that this matter can be resolved amicably as I have set forth in my attached letter. Again, feel free to communicate.

All the best,
Anton Joseph Mikofsky, Esq., for the plaintiff family

**10 attachments**

📄 **2025-7-23.pdf**
89K

📄 **2025-7-16 email from Attorney Michael Heitz.pdf**
106K

📄 **2025-7-15 email.pdf**
216K

📄 **0724-TOTH-SETSS (2)-2.pdf**
342K

📄 **Toth Henry Terence Affidavit 24-25 3.20.25 (1)-1 (1).pdf**
508K

📄 **Toth Henry Terence Attendance 24-25 8.23.24 ( smmr) (1)-1.pdf**
139K

📄 **Toth Henry Terence Attendance 24-25 10 month 5.23.24 (1)-1 (2).pdf**
197K

📄 **Authorization ABA therapy.pdf**
107K

📄 **Authorization Gersh Academy 7-23-2025.pdf**
106K

📄 **10-1 Pendency Implementation Form.pdf**
281K

**LAW OFFICE OF ANTON J. MIKOFSKY**
236 West 26th St., Ste. 303,
New York NY 10001
antonmikofsky@aol.com
Tel: 212 867 6735

7/23/2025

Jaimini A. Vyas, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
Office: (212) 356-2079
jvyas@law.nyc.gov

Dear Mr. Vyas:

Re: **Toth, et al. v. New York City Dep't of Educ., 25-cv-3317 (NRM) (TAM)**


The purpose of this message is to meet and confer in advance of the 7/28/2025 conference.

DOE payment administrators do not recognize pendency until the date parents file an administrative case concerning the school year in question.

As a result of this official set of procedures, in the 2024-2025 school year, the DOE did not pay school tuition and home tutoring from 6/30/2024 until the parents on 8/23/2024 filed an administrative case for the 2024-2025 academic year.  Meanwhile the parties were litigating in federal court.

Presented the Pendency Implementation Form, the DOE's payment administrator explained he could not confirm the authenticity of the form.  Through DOE channels the administrator did not receive a copy of the Pendency Implementation Form.  Accordingly the payment administrator lacks authority to pay the invoices.

Requested to approve invoices, DOE attorney Michael Heitz advised, that payment belongs to "a separate department".  (See emails to and from attorney Michael Heitz.)

The Pendency Implementation Form refers to the 4/2/2024 Order of IHO Edward Perkins.  By contrast subsequent DOE notices I annex describe pendency as beginning 6/30/2025.   DOE's notices contradict each other.

May you and I agree that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in [his] then-current educational placement,"  20 U.S.C. § 1415(j);  that "Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships."  *Arlington Cent. Sch. Dist. v. L.P.,* 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006)?

The pendency provision "reflects Congress's decision that all disabled children should keep their existing educational program until any dispute over their placement is resolved.  *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.,* 752 F.3d 145, 170 (2d Cir. 2014) (citing *Mackey ex rel. Thomas M. v. Bd. of Educ.,* 386 F.3d 158, 160–61 (2d Cir. 2004).

May you and I stipulate that from the 4/2/2024 Order of IHO Edward Perkins, the student has pendency, that tuition and fees should be paid?

If we can stipulate that the DOE pay the unpaid invoices, and if your client may pay reasonable attorneys' fees ($4800) and costs (i.e. $405 filing fee), my clients offer to withdraw the present action without prejudice.

Your thoughts?

Best,

*/s/ Anton Mikofsky*

Anton J. Mikofsky