THE CITY OF NEW YORK OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

SPECIAL EDUCATION HEARINGS DIVISION

66 John Street, 11th Floor

New York, NY 10038

_____

In the matter of:

HENRY TERENCE TOTH,

        Petitioner,

                        Case No. 295741

Vs.

NEW YORK CITY DEPARTMENT OF EDUCATION,

        Respondent.

_____

PRESENT:             MICHAEL DAS

                     Impartial Hearing Officer

                     August 6, 2025

                     Pages 1-22

Transcribed By:    Geneva Worldwide, Inc.

APPEARANCES:


JERRY TOTH
Representative for the Parent

SCOTT SPITALLI
Representative for the District

3

IHO MICHAEL DAS:  Good afternoon.  Today's date is August 6, 2025.  The time is 12:30 p.m.  My name is Michael Das, spelled D-A-S.  And I'm the IHO in the merits for this case of Henry Terence Toth spelled H-E-N-R-Y T-E-R-E-N-C-E T-O-T-H.  Case number is 295741.  I've been joined by two attorneys in this conference today.  I'm going to ask each of them to identify themselves by stating their name and spelling it, starting with the District.

MR. SCOTT SPITALLI:  Good afternoon.  This is Scott Spitalli.  Common spelling of the first name and the last name is S like Sam, P like Paul, I, T Tom, A-L-L-I.

IHO DAS:  Thank you.  And for the parent and for the student, I suppose.

MR. JERRY TOTH:  Yes, for the student, Jerry Toth.  That's J like Japan, Toth, Texas, Ohio, Texas, Hawaii, T-O-T-H.

IHO DAS:  Okay, thank you, sir.  Okay, so we're here for a pre-hearing conference.  The first time this case is on, I'm looking at the due process complaint.  This is for the current school year of 2000, 2025-2026.  And I just want to confirm a few things.  So first I see that there's a request for pendency, but I see that pendency was provided on July 15th.  Is that your information as well, Mr. Toth?

MR. TOTH:  Well, yes, pendency was provided for this case, but not continuously from the time of the order

creating the pendency placement.  That is to say the order was dated 4/22/2024 and the DOE unil- unilaterally changed the student's placement for nine weeks from 7/12/2024 to 8/23/2024.  For that period, the DOE has not paid the student's tuition and the DOE has not paid for the student's home tutoring.

IHO DAS:  I'm sorry, so I don't understand.  So, so is that in relation to this, this case or this is based on a prior order that the DOE has failed to implement?

MR. TOTH:  Okay.  The DOE's pendency implementation form identifies the order creating the placement as the order in case number 248309.  IH --

IHO DAS:  I think that is 284309 dated for.

MR. TOTH:  Yep.  That, that's a misprint.  It's 248.  So the DO mis- misprinted the case number.  You're right.  You're, you're reading correctly.  But they did --

IHO DAS:  Okay.

MR. TOTH:  -- transpose the numbers.  It's 248, not 28, 294.

IHO DAS:  Okay.

MR. TOTH:  And, and that's IHO Edward Perkins on 4/2/2024, ordered payment of tuition at Gersh Academy and 20 hours a week home instruction.  Now the DOE on July 1 unilaterally changed the placement by not paying for the school, and not paying for the tutoring for nine weeks.

IHO DAS: Okay, and that's in a -- but -- and -- but have they began paying appropriately based on this pendency implementation?

MR. TOTH: I, I don't -- I, I believe they will pay during the dependency of the present case. But, but --

MR. SPITALLI: IHO, the, the parent has sought review of the case that you're, you're talking about. The 2 -- it's 284080.

MR. TOTH: That's mistaken.

IHO DAS: The case number is [crosstalk] [00:03:59].

MR. TOTH: I would say that's a final, that's a final order. Undisputed final order. DOE did not appeal. The parents did not appeal.

IHO DAS: You -- you're not seeking review of that case?

MR. TOTH: We'd just -- repeat the number. Which one?

IHO DAS: It is 284080.

MR. TOTH: Okay, you're correct on that one. That, that one is under review. Right.

IHO DAS: Okay.

MR. TOTH: But the prior one is not. That created the placement. The placement is undisputed. It's, it's 248309. That case for the '23-'24 school year. Order dated

4/2/2024.  That order is undisputed.  It's a final order.  But the DOE unilaterally changed the student's placement for nine weeks.

IHO DAS:  Okay, so that's, that's in -- so you're saying that even though the implementation -- wait, but wha-what date did they do that?  Because I see that implementation was provided as of July 15th is when this -- I see that was submitted.

MR. TOTH:  Yes.  That's correct.

IHO DAS:  Okay, so it happened before that date?

MR. TOTH:  Yes.

IHO DAS:  Okay, but is it your understanding -- is the student currently receiving the services they're supposed to get as listed under this pendency agreement?

MR. TOTH:  Well, I, I, I don't -- I can't -- I, I believe he -- I, I have no reason to believe he's not.  But on the other hand, I haven't confirmed it, in fact.  But I think probably during the pendency of the present case, the DOE is going to pay for the services.

IHO DAS:  Okay.

MR. TOTH:  But during the pendency of the prior case, the DOE did not pay for the services for nine weeks.

IHO DAS:  Okay, but we are only dealing with this case now.  So if there's a failure for -- to implement pendency properly as opposed to an old case, then you have to

pursue that through outside court, through state or federal court. Because right now, I'm, I'm concerned about the current pendency implementation. So it sounds like pendency was provide, pendency was given as of July 15, and it's retroacted to the date of filing, as it should be June, which I have as June 30th. So if that, if that is not happening again, that's the same issue where you have to go to state or federal court for pendency implementation.

MR. TOTH: Okay, I don't believe we have ended issue after 6/30/2025.

IHO DAS: Okay. Alright. Well, that's -- I'm concerned about this case for this pendency implementation.

MR. TOTH: Yes. Right.

IHO DAS: Okay. So that's what I was trying to understand. Okay, great. So that's the first thing. The second thing is that, you know, I see that you have, you're requesting IEEs in this case?

MR. TOTH: Yes.

IHO DAS: Okay. So I want to give the DOE an opportunity to, I mean to submit whatever their position is on IEEs. And the same thing for you, Mr. Toth. I'm going to give you an opportunity to submit your position on IEE so we -- I do that on the documents. So we're not going to have a full hearing. I can create a deadline in which the parties are supposed to submit their documentation. So let's talk

about that for a moment.

MR. SPITALLI:  I- IHO, we might be able to streamline that because there's case 293514 that the parent previously asked for these IEEs, and in fact it's in there, it's in the DPC.  They admit to it.  And that was denied by IHO Patritti which were litigated under, under 249309 and 284080.

IHO DAS:  Yeah, no I did, I did see that.  And while I'm still -- hold on.  Yes, I see that's a page six of the DPC.  Is that what you referring to Mr. Spitalli, 284080 and 293514.

MR. SPITALLI:  Correct.

IHO DAS:  Okay.  Yes, so I do see that.  So I mean again, based on the DPC, it does seem that it is already barred.  But I mean I'm going to give, you know, I'm still going to give the parent an opportunity to submit their position on this because this is pretty bare bones.

MR. SPITALLI:  Okay.

IHO DAS:  And the same thing for you Mr. Spitalli. You can make, you know, the argument that you like to make. But let's -- so I want to talk about the deadline for that. But the current compliance date is September 13th.  So, so we have the issue of pendency.  It seems like that's pendency for this case has been handled with the interim decision I see online.  The next thing is we will set a deadline to

handle the IEE portion of this.  But the thing that I also want to talk about, Mr. Spitalli is that, do you think that this is a case that can settle?  Are you beginning an investigation or is this something that we should just be putting on for a hearing?

MR. SPITALLI:  I can investigate it a little bit further.  There's -- what we should probably do is just give it a hearing date though, and I can take a look at it in between because my calendar is really filling up.  I'm almost into October now.

IHO DAS:  Oh, okay.  Alright.  So we'll have to find some, find some time.  So, okay.  So, Mr. Toth, are you okay with that?  So if we set -- we'll set a deadline to submit everything for IEEs, and then we'll also set a hearing date in the future.  And if it seems like Mr. Spitalli is able to investigate this for possible settlement, then maybe we can remove it.  But if not, then we'll keep the, the hearing date that we select today.

MR. SPITALLI:  Okay, well, we filed this case on 6/30, so it's now 8/6.  Mr. Spitalli has already had 30, 36, 37 days to investigate, and he has not gotten around to it, so --

MR. SPITALLI:  Okay, so we can set it for hearing then.  That's no different than what I suggested.

IHO DAS:  Right, it, it -- that -- and I understand

your point, Mr., Mr. Toth. So then we can just -- we were going to set a hearing date anyway, so we can just set a hearing date like were going to.

MR. TOTH: Okay. Now, second issue was that the, the statute says all a parent must do is disagree with an evaluation. Once the parent has disagreed, the burden shifts to the school to either file a due process complaint, to request a hearing to show that its evaluation is appropriate, or ensure that an IEE is provided at public expense. Now, in this case, is that for the statute being voided and disregarded, or is it going to be enforced? The parents have requested an IEE. The DOE has not done either of the things the statute requires. That's in the complaint at paragraph 35.

IHO DAS: Yes. No, sir, I do understand. However, there is an issue here, a fact in which the DOE has an argument that this may be barred by res judicata, that this issue has already been litigated previously and is no longer appropriate if you're basing it on the same request that was listed in that part of FOFD. So in this instance, it's, I think, appropriate for the DOE to have an opportunity to respond. And I'm also giving you that opportunity as well, that if you'd like to submit any motion along with any sort of documentation, evidentiary or an af-, an affidavit, whatever you think is appropriate in order to substantiate

this sort of claim. So I'm just giving the parties an opportunity to respond appropriately. And I think based on that --

MR. TOTH: Well, that --

IHO DAS: Hold on.

MR. TOTH: Yeah.

IHO DAS: Based on, on that fact --

MR. TOTH: Does the, does, does the statute provide for the parents to litigate their request for an IEE as opposed to it being either granted or the DOE files a proceeding? I, I --

IHO DAS: Right.

MR. TOTH: I don't believe that the statute requires me to litigate this issue. And the, that the argument that IHO Patritti decided the present case is preposterous. That the '25-'26 school year would never before her. The placement in question in this case was never created when she was ruling. She did, she did not have mental telepathy to foresee the school placement letter of 6/26/2025. The parents disagree with the evaluation in that school placement letter. And it's, it's an entirely new issue in the present case, had nothing to do with anything before IHO Patritti. So that argument makes no sense at all. And there is a very clear statute that if the parents disagree, either the DOE files a case or the DOE provides an

evaluation.  The statute doesn't say the parties can, for a period of months continue litigating the request for an IEE.

IHO DAS:  Okay, no, sir, I heard you and I absolutely understand you've made your argument on the record.  It's, it's preserved.  My position again, remains that there's a question of fact because I don't know the specifics of what you're referring to when it comes to the prior IHOs decision about this case, which may --

MR. TOTH:  Okay.

IHO DAS:  -- render this.  Sir, sir, sir, please.  So it, it may render this issue already to be moot.  So I'm just trying to understand the specifics of what's going on.  So again, you don't have to submit anything if you don't want to because that if your position is that --

MR. TOTH:  Okay, okay, there --

IHO DAS:  Mr. Toth.

MR. TOTH:  There is no question of fact.  Both parties agree that IHO Patritti two times denied IEEs.  There's no dispute about fact.  The question of is a question of law.  Can IHO Patritti rule on the present case where the parents object to a 6/26/2025 school placement letter?  The parents requested an IEE.  Because if that were the case -- if IHO Patritti could rule on this, an IHO in 2012 could have ruled on this.  Each school year presents a new case, and the present school year, no, I -- that's why we having this

hearing is because it's a new year and requires a, a new ruling on the IEP. A prior case cannot decide this case about, about a placement that the IHO, the prior IHO didn't never heard about. Never saw. She was unaware of it. She had no knowledge of it. How could she possibly rule on that school placement letter and the parents' present objection to DOE's evaluation? So it's not a question of fact. It's a question of law.

IHO DAS: Okay, well, I'm telling you that I understand your argument and you've made it, and it's preserved for the record. But I am still requesting the parties to submit to me motions and any arguments, and evidence that they have in support of their position. So you don't have to submit anything if you don't want to. If you want to resubmit what you've already done, you can do that, too. But I, I would like more information to understand the specifics of what's going on. Also --

MR. TOTH: Okay. But the, the, the statute does not provide for motion practice. The statute provides either the DOE grants the IEE, or the DOE files a, a petition, a complaint, and, and proves that the DOE's evaluation is appropriate. Now, what happens in this case, that the DOE did not create an IEP. The DOE did not conduct an evaluation. And so it's going to be very difficult for the DOE to prove that its evaluation was appropriate. So I, I --

IHO DAS:  Okay.

MR. TOTH:  I think we're, we're, we're or -- we're not complying with the statute by engaging in motion practice.  That's the parent's position.

IHO DAS:  Okay, I understand.

MR. TOTH:  Respectfully.  Yeah.

IHO DAS:  No, no, that, that, that's only fine, sir.  And I appreciate that you -- your position, you've made it very clear.  So with that being said, I still would like to give the parties an opportunity to submit whatever documentation they have in support of their positions.  So we can pick a date for that, and then we can pick a date for the hearing itself.  So let's take a look at our calendars.  Today is the 6th.  So the request for the -- to be able to submit their IEEs.  Hold on a sec.  How is -- I can schedule this for a hearing on a full due process hearing.  I can do August 25th.  I can do August 27th, September 2nd, September 3rd.  My concern, however, is that I will need an opportunity to be able to.  After the hearing is complete, I will need time in order to obtain a transcript, in order to review all the documentation to be able to render my decision.  So if the compliance date on this is the 13th, if the parties are willing to address the compliance date as on the hearing date, then we can go closer to the 13th.  But if not, then I'm going to want to keep this closer to the end of August to

provide me with some time in order to draft my decision.

MR. TOTH:  Well, let's presume -- let's just assume, ar- arguendo hypothetically, that the DOE's res judicata ar- argument is legally deficient because a prior IHO could not rule on this case.  A prior IHO could not rule on the 6/26 school placement letter.  A prior IHO could not rule on the parents' present objection to the DOE's lack of an IEP and, and lack of a, an evaluation.  This, this case is a new case.  So assuming that, that, that you agree with the parents and you grant the IEE, then the parents couldn't have the IEE within a week.  It would take them probably a month or six weeks.  These people, these highly qualified experts are, for example, Dr. Karen Hopkins is a full professor at, at NYU.  She's a -- she appears on television programs, conferences.  She's published many articles.  And it doesn't mean she's ready, at a drop of a hat, to evaluate the student.

IHO DAS:  Okay.  No, I, I know that, Mr. Todd, Toth.  I'm sorry.  And that -- but that means that we would have to move the hearing date, because I would like, of course, to give the parties some more time.  But in order to do that, you know, you'd have, assuming that the IEEs were granted.  You'd have to request that the compliance would be extended in order to give the, the parents some oppor-, an opportunity to be able to get those.  And then if that also

requires an amended complaint, that would also require some time because that reset the resolution period. So, I mean, I -- I'm aware of that, and I'm not trying to push anyone. It's just the reason I'm saying let's set a hearing date now is that we can set it. And if we determine at a later date that it's not appropriate because it takes time to get the IEEs, then we can, we can adjust it. But the parties are just going to have to say that and adjust the compliance date accordingly. Do you understand?

MR. TOTH: Okay. Agreed. Thank you.

IHO DAS: Okay, great. No, that, that's totally fine. I'm just trying to be flexible. So -- but with that understanding, let's pick a hearing date for now, and then if we need to move it, then we can move it. So that's -- so I've given some dates here. Again, if the parties like, let's, for now, stick with what we're keeping with the September, September 13th is the compliance date. If the parties are willing to, to address the compliance date, then we can look later into September. But if not, then I'm going to want to keep this to the dates I provided, which are around the end of August, beginning of September.

MR. SPITALLI: I, I would make an application to extend.

IHO DAS: Okay. I mean, Mr. Tooth, Toth, I'm sorry.

MR. TOTH:  No, no, no, no objection.

IHO DAS:  Okay.

MR. TOTH:  Mr., Mr. Spitalli represents a very complicated client, and if he, if during the adjourned time, he, he finds an opportunity to consider settlement issues, that would certainly be welcome.

IHO DAS:  Okay.  That's, that's totally reasonable. So with that, why don't -- how was -- I know, Mr. Spitalli, you talked about, I, I think October is a bit far, but how is September 23 for the parties?

MR. SPITALLI:  I'm available.

MR. TOTH:  Yes, I'm also available.  Thank you.

IHO DAS:  Okay, so just give me a minute.  So why don't we do set this for a hearing on September 23rd.  Let's do this from 10:00 to 2:00 p.m.  Compliance is extended.  And if we have that as the hearing date, let's talk about for IEEs.  Mr. Spitalli, why don't you submit your position on IEEs, your motion, as well as any evidence or documents that you would like to submit, when you submit it by August 13, 5:00 p.m.

MR. SPITALLI:  August 13th.  Can we just go to the end of the week there?  You said the 13th.  How about the 15th?

IHO DAS:  Okay, that's okay.  So let's do August 15th at 5:00 p.m. for the DOE and for parent, of course, I'm

18

going to give you the same time.  Right.  So that's August 26th at 5:00 p.m. for parent.

MR. TOTH:  I'm sorry, I -- did you say that it's August 15th for DOE and August 26th for parents?

IHO DAS:  Yes.

MR. TOTH:  Okay.

IHO DAS:  Both at 5:00 p.m.  If there's an issue in the interim that shows up, you know, let, let me know.  But I think we can keep those dates for now.  So just as a quick reminder.  So my initial email does provide the parties with an explanation of the rules for my hearing, but I'm going to repeat a few of them now for the sake of the record, even though you are already on notice.  So the first is that all testimony must be done by affidavit.  There should be no live testimony whatsoever.  These affidavits should come with the disclosures five business days before the hearing date.  For those disclosures that require just two documents.  The first one is a PDF.  The PDF should have a table of contents.  It should have all the evidence and it should have the affidavit.  So that's one document.  The second document is just a word document with table of contents.  So it's those two things.  Also I think in this case, Mr. Toth, what, what I would also request is that in -- when we get to hearing, you provide me with a separate document that just lists the remedies that you're looking for.  Okay.  So all that means

is that I, I don't want you to just repeat what's in the due process complaint, but I would like to be specific about what the remedy is.  So for example, if you're asking for tuition, you know, just give me the exact number of tuition.  And if it's reimbursement versus direct payment, if you're asking for compensatory services, I'm going to ask that you tell me what those exact compensatory services are.  So I know you listed some of them in the due, due process complaint, but I'm also requiring you to tell me where in the evidence I can find proof of that.  So for example, if you're going to ask for 50 hours of speech language therapy, I'm going to ask you to, to direct me by page and paragraph, the specific sections of your evidence that says that provides support for why these specific hours are necessary, whether it be a calculation or whatever.  It goes for all compensatory services and frankly, all of the remedies that you're looking for, whatever remedies you're looking for, give me the exact amount and then provide me with a sort of like a footnote or a reference point for where in your evidence by page and paragraph, I can specifically find support for those remedies.  That goes for everything.  So tuition, compensatory services, if you're -- I think, I think those are primarily what you're asking for.  But if there's anything else, the same, the same concept.  Next, I do not allow any reservation of the, a blanket reservation of the

right to cross examine witnesses.  Rather, if you intend to cross examine a witness, you must send an, an email to both myself and the, the opposing counsel, listing the specific people that you want to cross.  So the way that I view that is that five business days beforehand.  You get all of the disclosures, including the affidavits, and then three calendar days before the hearing date, you send an email to both myself and opposing counsel listing the specific people that you want to cross.  So failure to do that may result in the waiver of the right to cross examine those witnesses.  Also, if you're going to be calling a witness, please make sure that they have both parties disclosures in front of them when they enter the hearing.  I just don't want to waste any time with people, you know, having to pull up documents to, to be cross examined with.  And if there's an issue with witness availability in the interim period, you know, just let me know and we can talk about it, and we'll, we'll kind of handle it to the best of our ability.  But -- so that's, that's it for me.  Is there anything from the DOE?

MR. TOTH:  Nothing.  Thank you.

IHO DAS:  Alright.  Mr. Toth, is, is that all?  Do you have anything else you'd like to add?

MR. TOTH:  I'd just like to compliment you on your preliminary conference rules directing the parties, how to proceed, that I thought they were very efficient and

21

productive.  Thank you.

IHO DAS:  Good.  I'm glad to hear that.  So, alright, so then the parties are aware of their deadlines.  Compliance has been extended.  September 23rd at 10:00 a.m. for the hearing date.  I'll send out an Outlook invitation in, in a few minutes.  The IEE's information, the motions, as well as the evidentiary material, August 15th at 5:00 p.m. for the DOE, August 26th at 5:00 p.m. for the parent.  Thank you both so much.  Take care.  Have a great day.

MR. SPITALLI:  You too.

MR. TOTH:  Thank you.

[END OF RECORDING]

CERTIFICATE OF ACCURACY


I, Ana Gomez, certify that the foregoing transcript was prepared using the required transcription equipment and is a true and accurate record of the proceedings.


Certified By

Date: August 14, 2025




GENEVAWORLDWIDE, INC.

228 Park Ave S - PMB 27669

New York, NY 10003