

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Jaimini A. Vyas**<br>*Assistant Corporation Counsel*<br>212-356-2079<br>jvyas@law.nyc.gov |

September 9, 2025

**BY ECF**

Judge Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6E North
Brooklyn, New York

    Re:  *Toth v. N.Y.C. Dep't of Educ.*, 25-cv-3317-NRM-TAM

Dear Judge Morrison:

    This office represents Defendant New York City Department of Education ("DOE") in the above-referenced action. I respectfully write pursuant to Your Honor's August 29, 2025 Order directing parties to file a joint letter on or before September 9, 2025 documenting the procedural history of the administrative proceedings before the Department of Education that are relevant to the proceeding before this Court.

    Defendant has been compelled to file a separate letter providing the information requested by the Court because, despite repeated efforts by your undersigned counsel since the issuance of the Court's August 29, 2025 Order (demonstrated by the attached exhibit), Plaintiff's Counsel has refused to (1) provide the Word version of the joint letter for Defendant to include Defendant's position; and (2) state in the joint letter, as the court has ordered, "the date the proceeding was initiated" for the 2024-2025 school year by Plaintiff filing the DPC. Additionally, until two hours before the close of business on September 9, 2025, Plaintiff's counsel refused to redact their irrelevant almost 162 pages of exhibits, as required by the Individuals with Disabilities Education Act, Family Educational Rights and Privacy Act, Federal Rules of Civil Procedure, and this court's local rules. Additionally, Defendant does not consent to jointly filing Plaintiff's irrelevant exhibits. In his email sent to me at 3:08 p.m. today, September 9, 2025, Plaintiff's Counsel took the position that they believe it is appropriate to file a bifurcated letter across two docket entries and filed a

letter response to the Court Order (ECF 18) as opposed to a joint letter without allowing Defendant to provide its position.[1]

The table below provides, for each administrative proceeding relevant to the proceeding before this Court as well as Plaintiff's demands untethered to the Complaint, the following: (1) the case number; (2) the date the proceeding was initiated; (3) the disposition of the proceeding, if any, including the date of the disposition; and (4) whether any appeal or review taken from that disposition is currently pending before the Department of Education.

| Extended School Year ("ESY") | IHO case number | Date proceeding was initiated | Date of disposition | Appeal taken? |
|---|---|---|---|---|
| July 1, 2023-June 30, 2024 | 248309 | May 15, 2023 | April 2, 2024 | No |
| July 1, 2024-June 30, 2025 | 284080 | August 23, 2024 | April 3, 2025 | Yes; SRO decision pending |
| July 1, 2025-June 30, 2026 | 295741 | June 30, 2025 | Pending before IHO | No |

DOE's obligations pursuant to the FOFD issued by IHO Edward Perkins on April 2, 2024 in case 248309 ended with the end of the Private School's ESY 2024-2025 on or about June 26, 2024. *See* September 9, 2025 Giuntini Decl., ¶ 3.

Then, on August 22, 2024 at 8:19 p.m., Plaintiff filed, via email, his Due Process Complaint ("DPC") regarding Student-Plaintiff's 2024-2025 extended school year ("ESY"), and commenced the proceeding concerning ESY 2024-2025, which was designated IHO case # 284080. *Id.*, ¶ 4. By filing the August 22, 2024 DPC after the close of the school and business day, Plaintiff commenced the *proceeding* concerning ESY 2024-2025 and triggered DOE's pendency obligations for ESY 2024-2025 under 20 U.S.C. § 1415(j) from August 23, 2024. Plaintiff provides no authority—nor can he—that his August 22, 2024 DPC entitles him to "pendency" payments retroactively from July 1, 2024 in violation of 20 U.S.C. § 1415(j).

20 U.S.C. § 1415(j) "governs the obligations of parties during 'the pendency of any *proceedings* conducted pursuant to *this section*,' and the word 'proceeding' is used in § 1415 exclusively to describe administrative due process proceedings and judicial actions[.]" *Id.* at 455 (quoting 20 U.S.C. § 1415 (emphasis added)) (internal citations omitted)). In other words, the genesis of a *pendency* obligation is the *pendency* of a proceeding—either a Due Process Complaint or judicial proceedings." *Paulino v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 108497, at *14 (S.D.N.Y. June 18, 2024) (quoting *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015)

---

[1] On September 9, 2025 at 6:43 p.m., I informed Plaintiff's Counsel by email that it was "completely inappropriate for you to have filed your letter while Defendant is still working on their position because of your delays, and then claim in footnote 1 of your letter that 'From Defendant, Plaintiff received no proposed submission to the Court.'"

and denying payments for education after rejecting "Plaintiffs argu[ment] that costs should be keyed to the start of the school year") (bold emphasis added).

Moreover, Plaintiff Toth concedes in his August 4, 2025 email sent at 5:37 p.m. that "The DOE has paid all tuition before and after the period from 7/1/2024 to 8/23/2024." ECF 16-6 at 1. Thus, Plaintiff concedes that DOE has fulfilled its obligation under 20 U.S.C. § 1415(j) to provide payment for pendency or stay-put services from August 23, 2024, the date Plaintiff filed the DPC and initiated the *proceedings* giving rise to DOE's pendency obligation for ESY 2024-2025.

**Claims asserted by Plaintiff in his DPC for ESY 2024-2025**

In the August 23, 2024 DPC, alleging the DOE failed to provide a Free and Appropriate Public Education ("FAPE"), Plaintiff asserted the following three specific conclusory claims: (1) the IDEA required the District to create an IEP; (2) the Student-Plaintiff's current school placement at Gersh Academy meets his individual needs; and (3) under the ADA, the DOE must make a reasonable accommodation of a disability. Plaintiff demanded the following relief:

1) The following Psychological and developmental pediatric evaluations for the Student-Plaintiff: (a) by Dr. Francyne Zeltser at Manhattan Psychology for $5,500.00; and (b) by Dr. Karen M. Hopkins, M.D. for another $5500.00;

2) Direct payment by DOE for attendance at Gersh Academy;

3) Direct payment by DOE of 20 hours/week home-based 1:1 ABA therapy; and

4) Reimbursement of parents' payments for 5 hours per week of math and English tutoring by university graduates $50/hour, 50 weeks /year.

On April 3, 2025, the Impartial Hearing Officer ("IHO") issued a Findings of Fact and Decision ("FOFD") in case 284080 denying all relief requested by Plaintiff and dismissing Plaintiff's entire DPC with prejudice. Sept. 9, 2025 Giuntini Decl., ¶ 4. Plaintiff is presently appealing IHO case # 284080 at the administrative level to the State Review Office in case no. 25-268. *Id.*, ¶ 5. No decision has been issued in this appeal. *Id.*

**Claims asserted by Plaintiff in his DPC for ESY 2025-2026**

On June 30, 2025, Plaintiff filed his DPC regarding Student-Plaintiff's ESY 2025-2026 and commenced the proceeding concerning the 2025-2026 extended school year, which was designated IHO case # 295741. *Id.*, ¶ 7. In the June 30, 2025 DPC, Plaintiff claimed that the DOE failed to provide a FAPE, and demanded the following relief:

1) "As public interest relief, parents [*sic*] an order by the DOE prohibiting the issuance of issuing [*sic*] a [*sic*] school location letters without first involving parents in the selection of an appropriate school";

2) "As preliminary relief, a pendency order continuing services in the Decision of IHO Edwin Perkins in case No. 248309 covering the 2023-2024 academic year";

3) "As preliminary relief before any hearing, IEE's [*sic*] by a psychologist and a developmental pediatrician, each examination costing $5500 for a total of $11,000";

4) "Continued placement at Gersh Academy";

5) "Continuation of 20 hours per week of home based 1:1 ABA therapy";

6) "Continuation of 30 minutes per school day of speech therapy"; and

7) "100 hours of compensatory education comprising 50 hours of individual or group speech therapy and 50 hours of 1:1 ABA therapy focused on speech."

This case is currently being litigated at the administrative level before the IHO.

**Plaintiff's claim in the Complaint for a Pendency Order for ESY 2025-2026 is moot.**

On July 15, 2025, DOE agreed, at the administrative level, to the pendency placement requested by Plaintiff for ESY 2025-2026 retroactive to June 30, 2025—the date Plaintiff filed his DPC for ESY 2025-2026—consistent with DOE's obligation to fund pendency under 20 U.S.C. § 1415(j). *See* ECF 10-1.

On August 6, 2025, at a conference in case # 295741, the IHO noted that pendency for the current school year of 2025-2026 "was provided on July 15th." *See* Tr. of Aug. 6, 2025 conf. in IHO # 295741, ECF 17-2 at 3:22-23. At that conference, the IHO scheduled a hearing in case 295741 for September 23, 2025 at 10:00 a.m. and has not issued an FOFD in the matter. *See* ECF 17-2 at 21:2-5; Sept. 9, 2025 Giuntini Decl., ¶ 7.

Respectfully submitted,

Jaimini A. Vyas
*Assistant Corporation Counsel*

cc:   Plaintiffs' counsel (via ECF)