# Exhibit to Defendant's September 9, 2025 Letter

| | |
|---|---|
| **Subject:** | Re: [EXTERNAL] Toth v. NYC DOE |
| **Date:** | Tuesday, September 9, 2025 at 1:40:55 PM Eastern Daylight Time |
| **From:** | Vyas, Jaimini (LAW) |
| **To:** | Anton Mikofsky |
| **CC:** | Lindeman, Thomas (LAW) |
| **Attachments:** | 284080 DPC.pdf, [EXTERNAL] Activity in Case 1-25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order on Motion for Settlement.eml, Post meet and confer summary - Toth v. DOE, 25-cv-3317-NRM-TAM [21].eml, [EXTERNAL] Toth v. NYC Dep't of Educ., 25-cv-3317.eml, [EXTERNAL] Activity in Case 1-25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order.eml, [EXTERNAL] Toth v. NYC DOE.eml, Re- [EXTERNAL] Activity in Case 1-25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order.eml, RPC 20221020 Rules of Professional Conduct as-amended 6.10.2022.pdf |

Counsel,

First, in violation of the Court's order that this be a joint letter, you refuse to provide the Word version to include Defendant's position. **Unless you are continuing to refuse to allow Defendant to add their position in the joint letter, send it to us in Word version by 3 p.m. today, September 9, 2025.**

Second, your response does not state whether you are redacting the exhibits as you are required to by the binding statutes and rules.

Separately, we do not consent to jointly filing your exhibits A, B, C, D, E, H, I, J, L, M, N, O, P, and R. We consent to jointly file your Exhibits F, G, K, and Q only if you redact these exhibits as required by the binding statutes and rules with which you are required to be familiar under RPC 1.2 (a copy of the New York Rules of Professional Conduct is attached).

You propose to file 18 exhibits totaling 162 pages, which you emailed to me at 9:20 p.m. last night, the night before this joint letter is due. **Send to us your properly redacted exhibits by 3 p.m. today to allow sufficient time for our review before close of business at 5:00 p.m. today.**

Please state why you are including your DPC for the 2025-2026 school year as you Exhibit Q but *not* the DPC for the 2024-2025. Please **state why, in *the joint letter* to the court, you refuse to provide, for the 2024-2025 school year "the date the proceeding was initiated" by your client filing the DPC (attached) as the court has ordered.**

Your conduct in this case indicates that you and your client appear to be purposefully engaging in a systematic campaign to defraud the court into granting an unlawful "pendency order" in express violation of 20 U.S.C. § 1415(j).

- At the July 28, 2025, conference, M.J. Merkl explained to you that you and your client need to provide admin documents, including the DPC, to evaluate your novel demand for reimbursement from June 30, 2024 to August 22, 2024.

- At the July 28, 2025 court conference, Judge Merkl ordered parties to meet and confer to determine "specifically what documents Plaintiff must provide to Defendants to evaluate a reasoned consideration of settlement." (Order attached).

- In my July 28, 2025 email sent to you at 1:03 p.m., after the 40-minute court ordered meet and confer, I memorialized the information I provided to you at the court conference and subsequent M&C: "To evaluate whether your client is legally entitled to approx. $42,000 for educational expenses for July and August of 2024, please provide to me, for school years 23-24… [the] Due Process Complaint[]." (Email attached). You never provided the DPC for the 2024-2025 school year and when you or your client filed it.

- Instead, on Friday, August 1, 2025 at 8:38 a.m., you emailed to me a "pendency stipulation" where you and your client wanted DOE to promise to pay reimbursement amounts from June 30, 2024 to August 22, 2024 to which Plaintiff is not entitled under 20 U.S.C. § 1415(j) because your client initiated the proceedings for the 2024-2025 school year by filing your DPC on August 22, 2024 at 8:19 p.m. (Your email attached).

- On August 29, 2025, Judge Morrison issued an order (attached) ordering parties to provide, inter alia, "the date the proceeding was initiated" for ESY 2024-2025, i.e., when the DPC for ESY 2024-2025 was filed.

- I stated in my Friday, August 29, 2025 email sent to you at 1:11 p.m. to: "Please take the lead on drafting the ordered joint letter. Please provide documents from the administrative proceedings supporting your assertions. We request the receipt of your draft by Wednesday, September 3, 2025. Thank you." (Email attached).

- In your response email sent to me on Friday, August 29, 2025 at 11:58 p.m. you stated that: "I will be happy to work on the Joint Letter directed by the Court but may not have the draft for you on September 3 -- in other words, ***as soon as possible***. The Court deadline is September 9, as you know." (Email attached; emphasis added).

- I agreed to your request in my email sent to you on Monday, September 1, 2025 at 9:54 AM and informed you that: "We will need at least two business days to finalize this letter after you send it to us." (Email attached).

- In my Friday, September 5, 2025 email sent to you at 1:54 p.m., I asked: "Could you please send your draft of the letter please." (Email attached). You did *not* respnd to my email or send a draft joint letter.

- Yesterday, September 8, 2025—the day before this joint letter was due—I again emailed you at 12:41 p.m., (email attached) providing all the information you needed

to include in a simple 2-3 page joint letter and repeating that "We told you that we needed at least two business days to work on the joint letter. You have still not sent the draft joint letter. Your delay is unacceptable. You are requested to send us the draft letter *immediately*."

"On August 29, 2025 the Court issued an order to parties to file a joint letter tomorrow, September 9, 2025, providing, for each administrative proceeding relevant to the proceeding before this Court, the following basic information that is readily at your fingertips:

(1) case numbers (284080 and 295741);

(2) the date the proceeding was initiated (284080 on August 22, 2024 at 8:19 p.m.; 295741 on June 30, 2025);

(3) the specific claims raised by Plaintiff in each administrative proceeding (copy-paste from DPCs or attach the DPCs and point the court to the claims asserted therein);

(4) the disposition of the proceeding, if any, including the date of the disposition (284080 FOFD on April 3, 2025; 295741 hearing on September 23, 2025, FOFD not issued); and

(5) whether any appeal or review taken from that disposition is currently pending before the Department of Education (284080: yes, SRO decision pending; 295741: no, because case is still being litigated before the IHO)."

- Yesterday, September 8, 2025, you emailed me at 12:48 p.m., indicating that you had *not even begun to draft the letter*: "May you please send me your draft of the Letter? I need your draft to draft mine."

- You then emailed to me at 9:20 p.m. on September 8, 2025—the night before the joint letter is due—170 pages for me and my client to review.

- In your email sent to me this morning, September 9, 2025, at 11:07 a.m., you (1) refused to provide the Word version of the joint letter for Defendant to include Defendant's position; (2) refused to state in the joint letter, for the 2024-2025 school year "the date the proceeding was initiated" by your client filing the DPC as the court has ordered; and (3) you refuse to redact your irrelevant 162 pages of exhibits as required to by the binding statutes and rules.

Counsel**, we will *not* consent to an extension to file this joint letter. You have until 3 p.m. to send us your proposed final joint letter and properly redacted exhibits**.

Best,

**From:** Anton Mikofsky <antonmikofsky@aol.com>
**Date:** Tuesday, September 9, 2025 at 11:07 AM
**To:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Toth v. NYC DOE

Good morning.
Thank you for your input.

Sent from AOL on Android

On Tue, Sep 9, 2025 at 9:48 AM, Vyas, Jaimini (LAW) <JVyas@law.nyc.gov> wrote:

> You also need to redact each of your exhibits according to the relevant statutes and rules before filing. We do not consent to joining in your violations of those laws or violating the privacy rights of the Student-Plaintiff in this case. In this case, you have consistently violated the Student-Plaintiff's rights and the relevant statutes and rules by filing unredacted documents.
>
> Additionally, please point out where in your letter you have stated for the 2024-2025 school year, "the date the proceeding was initiated" as the court has ordered.
>
> Your letter appears to specifically omit mention of "the date the proceeding was initiated" for ESY 2024-2025, i.e., when the DPC for ESY 2024-2025 was filed. An intentional omission of an important fact is tantamount to a falsehood. *See Matter of Shearer*, 94 A.D.3d 128, 132 (1st Dept. 2012) (noting that intentional withholding of information from the court was tantamount to the assertion of a material fact that was false and suspending lawyer from the practice of law for two and a half years).
>
> Best,
>
> ---
>
> **From:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
> **Date:** Tuesday, September 9, 2025 at 7:53 AM
> **To:** Anton Mikofsky <antonmikofsky@aol.com>
> **Subject:** Re: [EXTERNAL] Toth v. NYC DOE

Please send the Word version to include Defendant's position.

---

**From:** Anton Mikofsky <antonmikofsky@aol.com>
**Date:** Monday, September 8, 2025 at 9:20 PM
**To:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
**Subject:** [EXTERNAL] Toth v. NYC DOE

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Dear Attorney Vyas:

Herewith my Letter for the Court and related documents and exhibits.

Due to the size of the exhibits, two emails are being sent. This is Batch #1.

   All the best,

Anton

# Attachment 1
# to September 9, 2025, 1:40 p.m. email
# from Vyas to Mr. Mikofsky

OATH-SEHD CASE # 284080

**Janhvi Patel-mccarley**

| | |
|---|---|
| **From:** | Jerry Toth <tothjerry1@gmail.com> |
| **Sent:** | Thursday, August 22, 2024 8:19 PM |
| **To:** | Impartial Hearing Office |
| **Subject:** | [EXTERNAL] H███ T████ T██ Complaint Requesting Hearing for 2024-2025 Academic Year |
| **Attachments:** | Complaint 2024-2025 (1).pdf |

Dear Impartial Hearing Office:

The purpose of this message is to submit a complaint on behalf of student H███ T████ T██ for the 2024-2025 academic year.

May you please send me a docket number? Thank you.

Sincerely,

Jerry Toth, *Attorney for T█████ T██*

--
Law Office of J. G. Toth
43-32 Kissena Blvd. 15B
Flushing, N.Y. 11355
telephone (917) 576 9318

OATH-SEHD CASE # 284080

# LAW OFFICE OF J. G. TOTH

Telephone (917)5769318
Email:tothjerry1@gmail.com

43-32 Kissena Blvd.15B
Flushing,N.Y.11355

May 15, 2023

New York City Department of Education
Impartial Hearing Office
131 Livingston Street, Room 201
Fax (718) 935 2528
Brooklyn, New York 11201

VESID
(NYS Education Dept. Office of
Vocational and Educational Services)
for Individuals with Disabilities
One Commerce Plaza R, 1624,
Albany, N.Y. 12234

## COMPLAINT
### For academic year 07/01/2024 – 06/30/2025

| | |
|---|---|
| Student's name: | H██ T████ T██ ("T████") |
| NYCID: | 224465203 |
| Student's address: | ████████████████ |
| Student's date of birth: | ██████ 2007 |
| Student attends: | Private school. |
| Name of school: | Gersh Academy, 307 Eagle Rd. West Hempstead, N.Y. Tel.: 6303853342x40 (Att.Yvonne Waskiewicz). |
| Contact Information for Parent: | Mira Toth, 43-32 KissenaBlvd.15B Flushing, N.Y. 11355 mira.toth@gmail.com (requests email notification of scheduled hearings). mira.toth@gmail.com (917)5025308(cell) |
| Primary home language: | English. |
| Date of current IEP: | DOE held no IEP meeting, considered no evaluation. By 6/26/2024 school location letter DOE proposed Q752 at 29Q248. |

## SUMMARY

1. For evaluation of the student's academic needs, the student's parents request a comprehensive psychological and developmental pediatric examination of the student, plus an evaluation by DOE of parents' request for adaptive communications technology.

2. In the interest of stability parents request continuation of the student's current placement at Gersh Academy.

3. Based on professional evaluations parents request continuation of the student's home based 1:1 instruction, 20 hours per week.

4. As test prep for the New York State fifth grade exam, parents request reimbursement of 5 hours per week of math and English tutoring.

## RELEVANT BACKGROUND

5. For 11 years, in each and every year the DOE issued for the student IEP's omitting 1:1 instruction.Over and over again the parties litigated the student's need for 1:1 instruction.

6. Parents base their request for 1:1 home based ABA therapy on recommendations by professional evaluators.

7. Julie Russell, Education Director of Brooklyn Autism Center evaluated T▇▇▇▇ as follows:

> "...in a classroomof five other students he's probably going to be very distractible. I think it's going to be very hard for him to follow classroom routines, any direction given by a teacher to the whole classroom. I think it's going to be hard for him to attend. I think any maladaptive behaviors that might appear, it could be hard to manage those behaviors with five other students present in the room."

1:14-cv-03776-SLT-JO Toth v. New York City Department of Education, Doc 1 at ¶24 filed 06/11/2014.

8. In 2019, Neuropsychologist Wilfred G. vop Gorp diagnosed the student with autism spectrum disorder, Level 3, with accompanying intellectual and language impairment. Level 3 means he requires very substantial support. Secondly

OATH-SEHD-CASE # 284080

psychologists diagnose him with attention-deficit/hyperactivity disorder, the combined type.   Dr. von Gorp prescribed daily speech therapy.

9.   On May 21, 2019, developmental pediatrician Dr. Karen M. Hopkins, M.D. made the following observations:

> "He made almost no eye contact with the examiner;  alittle more with his mother. He was extremely active and did not stay still for longer than two minutes. He indicated that he needed to go to the bathroom several times, in order to be able to leave the room. T█████ spoke in a low voice–he was difficult to understand, luring his words at times. His speech was also stilted and a bit robotic at times.  He would repeat full sentences when his mother asked him to, for example, "May I have the phone please," but was unable to come up with full sentences of several words on his own.  He generally did not respond to direct questions, andcould not carry on a conversation. T█████ was able to read out loud, a portion of a simple, Level 1 book.  However, he was unable to discuss what happened in the book. It was very difficult for him to maintain his focus on tasks–he required constant redirection, and was highly distractible and impulsive."
> [Evaluation, Karen M. Hopkins, M.D.  EDNY Case 1:19-cv-03403-LDH-LB Document 10-1 Filed 06/12/19].

**District 75 was unable to teach the student.**

10. From 2012 to 2015 the student studied in a District 75 school, Queens PS 993. The classroom teacher testified she did not know how to teach the student.  She had no training in the instruction of autistic students.  The principal advised the parents to find a more suitable school.

11. To teach T█████ requires 100% of a teacher's skills, focus and concentration.

12. Following parents' 2014 filing of a federal case, the District in 2015 stipulated to provide AMAC a Manhattan school specialized in teaching autistic students.

13. Magistrate James Orenstein of the Eastern District of New York reported that the issuance by the DOE of an IEP omitting 1:1 ABA therapy would show that the parents have a cause of action:

> "Of course, if the DOE were to issue such a regressive IEP, Toth would have the right to initiate a new lawsuit. The DOE would be hard pressed to dismiss any such new action as

> moot, even if the case could not be concluded within a single
> school year, because at that point it would no longer be mere
> speculation that the prior IEP would be repeated.

*Magistrate James Orenstein, Report and Recommendations, footnote 4, Toth v. New York City Department of Education, Case #14-cv-03776-SLT, Filed 03/14/16.*

14. The Second Circuit Court of Appeals expressly approved Magistrate Orenstein's Report and Recommendations. "The fact that the DOE has now issued a new IEP that eliminates ABA therapy establishes that Toth's concern is no longer speculative." Jerry Geza Toth on behalf of T.T. v. City of New York Department of Education, No. 17-383-cv (2nd Cir. 2018).

**T.T.'s private school AMAC filed in bankruptcy and closed.**

15. In 2015 DOE stipulated to provide AMAC, a Manhattan school for students with autism. In 2018 DOE reassigned T████ back to District 75. United States District Court Judge LaShann D'Arcy Hall issued a pendency order mandating an approved private school and 1:1 instruction.

16. From June 26, 2019 to September 19, 2019 DOE providednoschoolfor T████ to attend.

**At AHRC T████ suffered excessive busing.**

17. In 2018 AMAC filed in bankruptcy. On 6/26/2019 AMAC ceased operating. DOE assigned T.T. to AHRC in Coney Island. The bus to AHRC picked up T████ in Flushing, Queens, then traveled up to Bronx to pick up other students, crossing Manhattan a second time to reach AHRC. The bussing took up to two hours each way, as much as four hours per day. T████, who suffers ADHD was unable to understand or tolerate such long bussing.

**IHO Brad Rosken approvedGersh Academy.**

18. IHO Brad Rosken approved the parents' request for placement at Gersh Academy. Nevertheless, IHO Rosken's Decision, going forward, omitted 1:1 instruction. [Case #173630, Decision, 04/20/2020]. Parents appealed.

**To the Roskin Decision, the Office of State Review added home based 1:1 instruction.**

19. In addition to placement at Gersh Academy, the Office of State Review ordered that the student receive 20 hours per week of home based ABA therapy.

"The student's doctor … recommended … that the student should continue to receive 20 hours per week of ABA therapy outside of school …"

"Testimony by the assistant principal at Gersh indicated that she found the recommendations in the two evaluations for 20 hours per week of l:l home based ABA to be appropriate (Tr. p. 224)…."

"Testimony by the student's special education teacher indicated that she also agreed with the two evaluation reports that the student needed 20 hours per week of I : I ABA instruction after school (Tr. pp. 284-85). She testified further that the student needed 1:l ABA instruction after school …

"The home ABA provider testified that if the student did not receive the I :1 instruction after school, he would not be able to function in everyday society (Tr. p. 285). Her testimony indicated that the home ABA providers reinforced the skills that the student needed academically, physically,socially, and emotionally

"The SETSS teacher testified that she also agreed with the recommendations made in the two evaluation reports to continue the 20 hours of 1:l home-based ABA services because the student needed consistency (Tr. p. 190). She testified that the purpose of the I :l home-based ABA was to "enhance the skills that [the student] leams in school as well as to teach him life skills that he needs to function at home and in society" (Tr. pp. I 90-91). The SETSS teacher testified that her services were "extremely appropriate" because she was trying to maintain and decrease the maladaptive behaviors caused by the lack of consistency in other settings, the extended time, on the bus, the lack of school over the summer, and teacher tumover… She testified that in her opinion the only consistency the student had had was his home-bised services (i.d.).

"Based on the above, it is apparent that the witnesses presented by the parents believed the home-based services were necessary for the student to benefit from his educational program."

Application of a Student with a Disability, No. 20-089, pp. 21-22.

20.    During the pandemic, AHRC's classroom teacher taught only one hour per week ("just to say hello"). T█████ missed 771 hours of school and home tutoring.

**For the 2021-2022 IEP, IHO Jean Marie Brescia. Esq. approved Gersh Academy.**

21. IHO Jean Marie Brescia wrote:

> "H████s constellation of challenges is such that his special
> educational needs cannot be met within the confines of a standard
> school day. As a result, as the witnesses credibly and consistently
> testified, H████ requires services provided outside of the standard
> school day in order to make meaningful progress. (Decision, Case
> #211081, 06/17/2022).

**For the 2022-2023 IEP, DOE stipulated to home-based 1:1 ABA therapy.**

22.    IHO Lorianne M. Wolseley , Esq. continued the present school placement:

> 'I find that Parent has met his burden in proving that the Private
> School offered an educational program that met Student's needs
> under Prong II of the *Burlington/Carter* standard." [Case #230169,
> Decision, 11/1/1022].

**For the 2023-2024 IEP, DOE did not oppose parents' case.**

23.   For the 2023-2024 academic year, IHO Edward Perkins, Esq. approved
Gersh Academy and 20 hours per week 1:1 instruction  For the 2024-2025 academic
year parents served a 10-Day Notice of unilateral placement at Gersh Academy.


QUALIFICATIONS OF PROPOSED EVALUATORS

24.   Based on the student's severe delays in speech and his urgent need to learn to
speak, parents request a professional evaluation of what educational setting could
overcome the student's deficit.Parents request a two-part evaluation consisting of
psychological and a developmental pediatric examinations.

25. DR. FRANCYNE ZELTZER is  a New York State licensed psychologist.
In 2018 Dr. Zeltzer won the New York Association of School Psychologists
Practitioner of the Year Award.  At St. John's University Center forPsychological
Services, as a professor Dr. Zeltser taught psychology from 2014 to the present.

26.  Developmental PEDIATRICIAN DR. KAREN M. HOPKINS, M.D. is a full
professor at the NYU Langone School of Medicine.   On services for autistic children
Dr. Hopkins has advised the New York State Department of Health.  At leading
hospitals, Dr. Hopkins has led the provision of services for autistic children.

OATH-SEHD CASE # 284080

# FRANCYNE ZELTSER, PSY.D.

(516) 902-3736

Francyne.Zeltser@ManhattanPsychologyGroup.com

## EDUCATION

**St. John's University**                                                         May 2012
Doctor of Psychology, School Psychology
    Concentration: Psychological Interventions

**St. John's University**                                                         May 2010
Master of Science, School Psychology

**Binghamton University, State University of New York**          May 2007
Bachelor of Arts, Psychology

## CERTIFICATION AND LICENSURE

New York State Licensed Psychologist # 020690

New York Certification in School Psychology

National Certification in School Psychology

## PROFESSIONAL WORK EXPERIENCE

**Manhattan Psychology Group, New York, NY**                    2022 – Present
*Clinical Director of Mental Health & Testing Services and  Child, Adolescent &
Adult Psychologist*

**CNBC Make It**                                                                  2021 – Present
*Contributor*
https://www.cnbc.com/francyne-zeltser/

**St. John's University Center for Psychological Services, Queens, NY**      2014 – 2022
*Adjunct Professor,* Psychological Assessment Practicum & Intervention Practicum

**Child and Family Psychology, Franklin Square, NY**          2013 – 2022
*Psychologist & Clinical Supervisor*

**Valley Stream School District 30, Valley Stream, NY**          2012 – 2022
*School Psychologist, CSE/CPSE Chairperson & Out of District Coordinator*

**Prep for Prep, New York, NY**                                          2010 – 2017
*IQ Tester*

**Oceanside School District, Oceanside, NY**                       2011 – 2013
*Intensive Behavioral Intervention Coordinator & Parent Counseling and Training Provider*

**Oceanside School District, Oceanside, NY**                       2011 – 2012
*School Psychologist,* Boardman Elementary School #9E

OATH-SEHD-CASE # 284080

**LEADERSHIP EXPERIENCE**

    **Social Emotional Learning (SEL) Committee,** Valley Stream District 30    2016 – 2022

    **RTI/AIS Committee,** Valley Stream District 30    2014 – 2022

    **Special Services Advisory Committee,** Valley Stream District 30    2014 – 2020

**HONORS AND AWARDS**

    **NYASP Chapter O (Nassau County) School Practitioner of the Year Award**  2018

    **Psi Chi the International Honor Society in Psychology**, St. John's University    2010

**SPECIALIZED TRAINING SEMINARS AND WORKSHOPS**

    Crisis Prevention Institute (CPI): Nonviolent Crisis Intervention Training

    NASP School Crisis Prevention and Intervention: The PREPaRE Model Workshops

    The Winter Roundtable Conference at Teachers College, Columbia University

    The Long Island Consortium for Excellence and Equality: Diverse Learners and School Culture

    Dignity for All Students (DASA) Training in Harassment, Bullying, Cyberbullying and
    Discrimination in Schools: Prevention and Intervention

    Seminar in School Violence: Prevention and Intervention Strategies

    Seminar in Child Abuse and Maltreatment Identification, Reporting, and Interventions

    Functional Assessment and Behavior Intervention Training

    Dialectical Behavior Therapy Training, Center for Cognitive and Dialectical Behavior Therapy

    DBT in Schools: Skills Training for Emotional Problem Solving for Adolescents (STEPS-A)

**PROFESSIONAL AFFILIATIONS**

    New York Association of School Psychologists (NYASP)

    National Education Association (NEA)

    National Association of School Psychologists (NASP)

    American Psychological Association (APA), Division 16

**COMMUNITY SERVICE**

    OMH COVID-19 Emotional Support Helpline, Volunteer Psychologist

    National Association of School Psychologists, Convention Proposal Reviewer

OATH-SEHD CASE # 284080



*Psychological & Behavioral Services*
*for Children, Adolescents & Adults*

### Rate Sheet (as of 1/1/2024)

**Evaluations**
Applied Behavior Analysis (ABA) skills assessment - $4,500
Executive Functioning (EF) skills assessment - $4,500
Functional Behavior Assessment (FBA) - $4,500
Behavior Intervention Plan (BIP) - $1,500
School Refusal Assessment (SRA) - $4,500
School Refusal Plan (SRP) - $1,500
Vocational Assessment - $4,500
ABA skills/Vocational Assessment - $5,400
Individualized Behavioral Assessment – $1,600
Transportation Evaluation - $4,500
Selective Mutism Evaluation - 4,500
Autism Diagnostic Evaluation - $5,500
Psychological/Psychoeducational Evaluation - $5,500
Neuropsychological Evaluation - $7,000
* We provide bilingual evaluations in most languages with a translator for an additional fee of $500 per evaluation.

**Compensatory Services**
1:1 Applied Behavior Analysis - $330 per hour
Parent Counseling and Training (PCAT) - $330 per hour
BCBA Supervision - $330 per hour
BCBA Treatment Planning - $330 per hour
SEIT/SETTS with ABA training - 300 per hour*
SEIT/SETTS by Orton Gillingham Certified Teacher - $300 per hour*
Executive Function Coaching - $330 per hour*
Behavioral Feeding Therapy (BCBA) - $250 per hour
Tutoring - $200 per hour*
Social Skills Training (ABA)- $330 per hour
Counseling - $480 per hour
Psychotherapy/CBT - $480 per hour
Family Therapy/Parent Management Training (PMT) - $480 per hour
Social Skills Training (Mental Health 1:1)- $480 per hour
Play Therapy (Mental Health 1:1)- $480 per hour
Paraprofessional Services - $150 per hour
* Educational services provided by MPG Tutoring, Inc

**Mailing & Office Location:**
107 West 82nd St, LL Suite P101
New York, NY 10024

**Tel** 646-450-6210   **Fax** 212-500-0007
www.ManhattanPsychologyGroup.com
info@ManhattanPsychologyGroup.com

OATH-SEHD CASE # 284080



*Psychological & Behavioral Services*
*for Children, Adolescents & Adults*

**Professional Development Workshops**
1 hour remote: $500
1 hour in person: $750
Half day (4 hours) remote: $2,000 ($500/hour)
Half day (4 hours) in person: $2,500 ($625/hour)
Full day (8 hours) remote/in person: $4,000 ($500/hour)

All pricing indicated above reflects the market rate for the New York City area.


Kindly contact –

Ariel Kornblum, PsyD, BCBA, LBA
Clinical Director of Behavioral & Educational Services

Francye Zeltser, PsyD
Clinical Director of Psychological & Testing Services

Email: info@manhattanpsychologygroup.com
Tel: 646-389-4112
Fax: 212-500-0007


**For Authorization:**
**Vendor's Full Name pursuant to TIN:** Manhattan Psychology Group
**Tax Identification Number (TIN):** 452492120
**Email and Phone Contact:**
authorization@ManhattanPsychologyGroup.com
Tel: 646-389-4112

**Mailing & Office Location:**
107 West 82nd St, LL Suite P101
New York, NY 10024

**Tel** 646-450-6210    **Fax** 212-500-0007
www.ManhattanPsychologyGroup.com
info@ManhattanPsychologyGroup.com

OATH-SEHD CASE # 284080

**Curriculum Vitae**

**Karen M. Hopkins, MD**
**Clinical Associate Professor of Pediatrics**
**New York University Grossman School of Medicine**
**Department of Pediatrics**
**Developmental Behavioral Pediatrics**
**276 Fifth Avenue – Suite 307**
**New York, New York 10001**
**Phone:  office 212-263-7455; cell 347-782-2129**
**Fax: 330-249-7190**
**karen.hopkins@nyulangone.org**
**http://www.med.nyu.edu/biosketch/kmh1**

**Education**

| Year | Degree | Field | Institution |
|------|--------|-------|-------------|
| 1977 | BS | Biology | Tufts University |
| 1981 | MD | Medicine | New York University Grossman School of Medicine |

**Postdoctoral Training:**

**Internships and Residencies**

| | | |
|------|------|------|
| 1981-1982 | Internship in Pediatrics | St. Vincent's Hospital and Medical Center |
| 1982-1984 | Residency in Pediatrics | St. Vincent's Hospital and Medical Center |
| 1983-1984 | Chief Resident in Pediatrics | St. Vincent's Hospital and Medical Center |

**Clinical and Research Fellowships**

1986-1988    Fellowship in Developmental - Behavioral Pediatrics
             Albert Einstein College of Medicine, Rose F. Kennedy Children's Evaluation and
             Research Center

**Licensure and Certification**

| | |
|------|------|
| 1982 | New York State Medical License #152397 |
| 1987 | American Board of Pediatrics, Certification in General Pediatrics |
| 2012, 2018 | American Board of Pediatrics, Subspecialty Certification in Neurodevelopmental Disabilities |
| 2022 | American Board of Psychiatry and Neurology, Subspecialty Certification in Neurodevelopmental Disabilities |

**Languages Spoken**
Spanish

OATH-SEHD-CASE # 284080

## Academic Appointments

| | | |
|---|---|---|
| 1988-1994 | Assistant Professor of Pediatrics | Albert Einstein College of Medicine |
| 1994- 2023 | Clinical Associate Professor of Pediatrics | NYU Grossman School of Medicine |
| 2023- | Clinical Professor of Pediatrics | NYU Grossman School of Medicine |

## Hospital Appointments

| | | |
|---|---|---|
| 1984-1986 | Attending | St. Vincent's Hospital and Medical Center |
| 1988-1994 | Assistant Attending | Bronx Municipal Hospital Center |
| 1988-1994 | Assistant Attending | Montefiore Hospital Medical Center |
| 1988-1994 | Assistant Attending | North Central Bronx Hospital |
| 1988-1994 | Assistant Attending | Weiler Hospital |
| 1994- | Attending | Tisch Hospital, NYU Langone Medical Center |
| 1994- | Attending Physician | Bellevue Hospital Center |

## Principal Clinical, Administrative and Hospital Service Responsibilities:

l984-l986 — General Practice in Pediatrics and Adolescent Medicine
*N.E.N.A. Comprehensive Health Services Center*; New York, NY

1985-1989 — Attending Physician, Adolescent Health Center
*The DOOR/A Center for Alternatives*; New York, NY

1987-1989 — Attending Developmental Pediatrician and Consultant, Center for Child Development
*Morrisania NFCC/Montefiore Hospital Affiliate*; Bronx, New York

1988-1994 — Attending Developmental Pediatrician and Director of the Developmental and Family Services Unit, RFK Children's Evaluation and Rehabilitation Center
*Albert Einstein College of Medicine*; Bronx, New York

1992-1993 — Developmental Pediatric Consultant, Department of Pediatrics
*St. Vincent's Hospital and Medical Center*; New York, NY

1990-1994 — Medical Director, Bureau for Families with Special Needs, (Physically Handicapped Children's Program, Homeless Health Initiative, Pediatric AIDS Unit, Specialty Clinic Services)
*New York City Department of Health*; New York, NY

1994-2001 — Attending Pediatrician, Premature and High-Risk Infant Clinic, Division of Ambulatory Pediatrics, and Consultant, Neonatal Continuing Comprehensive Care Program, (Developmental follow-up program)
*New York University Langone Medical Center*; New York, NY

| 1994-2009 | Director, Early Intervention Program,<br>Division of Ambulatory Pediatrics<br>*Bellevue Hospital Center*; New York, NY |
|---|---|
| 1994 - | Associate Director, Pediatric Developmental-Behavioral<br>Fellowship Program, Department of Pediatrics<br>*New York University Grossman School of Medicine*; New York, NY |
| l994 - | Director, Developmental-Behavioral Pediatric Clinical Service<br>Division of Ambulatory Pediatrics<br>*Bellevue Hospital Center*; New York, NY |
| 1994 - | Faculty Practice in Neurodevelopmental-Behavioral Pediatrics<br>*New York University Langone Medical Center*; New York, NY |
| 2003 - | Independent Consultant<br>*Gerson Lehrman Group, Inc.;* Austin, TX |

**Teaching Experience:**
**New York University Grossman School of Medicine**

| 2003 - | Seminar Leader, Developmental Behavioral Pediatrics Journal Clubs and Topic Reviews |
|---|---|
| 2003 - | Seminar Leader, Developmental Behavioral Pediatrics Case Conference Series |
| 2018 - | Preceptor, NYU School of Medicine Elective in Developmental Behavioral Pediatrics |
| 2018 - | Pediatrics Course Director, NYU School of Medicine Selective in Autism Spectrum and Related Disorders – transdisciplinary Selective including Developmental Behavioral Pediatrics, Child and Adolescent Psychiatry, Child Neurology and The Neuroscience Institute |

**Mentoring of Post-Doctoral Fellows in Research:**

| Name | Position | Time period |
|---|---|---|
| Caroline Martinez, MD | Fellow in Developmental-Behavioral Pediatrics | 2009-2012 |
| | *Project*: American Academy of Pediatrics CATCH Grant (2010) | |

**Grants Received:**

| Agency | Title | Type & # | Period | Total Direct Costs | Role | % Effort |
|---|---|---|---|---|---|---|
| NYU Steinhardt School | Improving Behavioral Health Care for Children with ADHD: Integration of Family Peer Advocates to Deliver Behavioral Parent Training in Pediatric Care Settings | Challenge Grant | 10/2016 - 09/2017 | $15,000 | Co-PI | In-kind |
| Children's Hospital of Philadelphia/ DBPNet | Telehealth Behavioral Parent Training in DBP Practice | | 04/2022 - 08/2023 | | PI | In-kind |

**Major Professional and Policy/Advisory Committee Assignments**

**National and Regional**

| | |
|---|---|
| 1988-1989 | Task Force on AIDS - The Inter-Agency Council of Mental Retardation and Developmental Disabilities Agencies, New York |
| 1988-1990 | Bronx Borough Work-Group of the New York City Regional Planning Group to Implement PL 99-457, (Early Intervention Program Legislation) |
| 1989-1994 | Medical Sub-Committee, Bronx Pediatric AIDS Consortium, HRSA Demonstration Project |
| 1992-1995 | Committee for the Care of Children and Adolescents with HIV Infection, The AIDS Institute, New York State Department of Health |
| 1991-1996 | Advisory Committee of the Infant-Toddler Teen Parent Staff Development Institute, LYFE Program, New York City Board of Education |
| 1993-1999 | Medical-Clinical Advisory Board of the Association for the Help of Retarded Citizens |
| 1995-1996 | Advisory Board, Early Intervention Training Consortium, New York State Department of Health |
| 1996- 1999 | Consultant/Trainer, New York State Department of Health and Empire State College -- Training Program in Early Intervention for Physicians and Health Care Professionals |

| | |
|---|---|
| 1997- 1999 | Board of Directors, Mothers' Voices, Inc. |
| 1997- 1999 | Member, Clinical Practice Guidelines Consensus Panel for Communication Disorders, Early Intervention Program, New York State Department of Health |
| 1998-2000 | Advisory Committee, New York University Quality Improvement Center for Disabilities Head Start and Early Head Start Programs, U.S. Federal Region II |
| 1997-2001 | Regional Contact, Medical Home Program for Children with Special Needs, American Academy of Pediatrics |
| 1992-2002 | Advisory Committee of the Infant Health Assessment Program, (IHAP), Medical and Health Research Association and the NYC Department of Health |
| 1993-2002 | Local Early Intervention Coordinating Committee of the NYC Early Intervention Program, NYC Department of Health and Mental Hygiene |
| 1998-2002 | Editorial Advisory Board, *Today's Child* Magazine |
| 1995-2009 | Board of Directors, Leake and Watts Services, Inc. |
| 2008-2011 | Chair, Early Intervention Coordinating Council, NY State Department of Health |
| 2008-2011 | Board for Professional Medical Conduct, NY State Department of Health |
| 2012-2015 | Consumer Representative, Drug Safety and Risk Management Advisory Committee, Food and Drug Administration, United States Department of Health and Human Services |
| 2010-2018 | Board of Directors, Children of Bellevue |
| 2010- | Board of Directors, Amsterdam Nursing Home |
| 2021- | Medical Advisory Panel, USA Football |

**New York University Grossman School of Medicine**

| | |
|---|---|
| 1994- | Department of Pediatrics, Medical Education Committee |
| 2003- | Department of Pediatrics, Fellowship Coordinating Council |
| 2019 - 2022 | Interviewer, School of Medicine Admissions Office |

**Bellevue Hospital Center**
2007-2009                          Pharmacy and Therapeutics Committee


**Broadcast and Media Experience:**

**Training**
2001                               "Interviewing, Anchoring and Reporting", New York University
                                   School of Continuing and Professional Studies, New York, NY

2004                               AMA-sponsored "Medical Communications and Health Reporting
                                   Conference," Las Vegas, NV
**Radio**
2000–2001                          Host, *Today's Child Radio Talk Show*,
                                   WWRL Radio Station, New York, NY

2008 -                             Host and frequent guest, *Doctor Radio Show, Powered by NYU
                                   Langone Medical Center*
                                   Sirius Satellite Radio, New York, NY
**Television**
2001                               Fox 5 TV News – "Raising Biracial Children"

2005                               CBS Evening News – "Possible Side-Effects of a Tylenol Overdose"
                                   CBS Early Show – "Kiddie Weight-Lifting"
                                   CBS Early Show – "Caffeinated Sports Drinks for Kids"
                                   New York One News – "Dr. Ferber Changes his Stance on Putting
                                   Infants to Sleep"

2006                               CBS Early Show – "Parents Face Day Care Dilemma"

2007                               CW-11 News CloseUp – "Autism – Is it An Epidemic?"

2010                               NBC Today Show "Your Baby Can Read Claims Overblown"


**Editorial Positions**
1998-2003                          Editorial Director, *Today's Child* Magazine; New York, NY


**Memberships, Offices and Committee Assignments in Professional Societies**
l987-            American Academy of Pediatrics, Fellow
1989-            National Medical Association, Member
1992-1994        Public Health Association of New York City, Member
l992-1996        Committee on Children with Disabilities, American Academy of Pediatrics
                     Chapter 3, District II
1993-1994        Provisional Committee on Pediatric AIDS, American Academy of Pediatrics
1993-            Susan Smith McKinney Steward, MD Medical Society, Member
1993-            New York Academy of Medicine, Fellow

H7
OATH-SEHD CASE # 284080

1996-2000    American Public Health Association, Member
1997-         Society for Developmental and Behavioral Pediatrics, Member

**PUBLICATIONS**

1.  **Hopkins KM**.  Emerging Patterns of Services and Case Finding
    for Children with HIV Infection. Mental Retardation. 1989; 27:219-22.

2.  **Hopkins KM**, Grosz J, Cohen H, Diamond G, Nozyce M. The Developmental and Family
    Services Unit-A Model AIDS Project Serving Developmentally Disabled Children and Their
    Families. AIDS Care. 1989;1:281-5.

3.  Grosz J, **Hopkins KM**. Family Circumstances Affecting Care-givers and Brothers and
    Sisters. In: Crocker A, Cohen H, Kastner T, eds. HIV Infection and Developmental
    Disabilities - A Resource for Service Providers. Baltimore: PH Brookes,
    1991:43-52.

4.  Kastner T, Nathanson R, Rudigier A, Harvey D, Grosz J, **Hopkins KM**, Murphy A.: Human
    Immunodeficiency Virus and Developmental Disabilities-A Leader's Guide for a Workshop.
    Silver Spring, Maryland:  American Association of University Affiliated
    Programs, 1990.

5.  **Hopkins KM**, Grosz J, Lieberman A. Working with Families and Caregivers of Children
    with HIV Infection and Developmental Disability. Silver Spring, Maryland: American
    Association of University Affiliated Programs, 1990:1-4, (Technical Report Number 6).

6.  Hittelman J, **Hopkins KM**, Shah V.: Neurodevelopmental and Neuropsychological
    Disabilities. In:  Criteria for the Medical Care of Children and Adolescents with HIV
    Infection. New York, New York:  The New York State Department of Health AIDS
    Institute, 1995.

7.  **Hopkins KM**, (panel member): Clinical Practice Guideline: Report of the
    Recommendations - Communication Disorders - Assessment and Intervention for Young
    Children (Age 0-3 Years), Albany, New York: New York State Department of Health,
    1999, (Publication No. 4218).

8.  **Hopkins KM**, (panel member): Clinical Practice Guideline: The Guideline Technical Report
    - Communication Disorders - Assessment and Intervention for Young Children     (Age 0-3
    Years), Albany, New York: New York State Department of Health, 1999,  (Publication No.
    4220).

9.  Dreyer BD, **Hopkins KM**. Developmental and Behavioral Pediatrics. In: Lembo RM, editor.
    Educational Review Manual in Pediatrics. 3rd ed. New York: Castle Connolly Graduate
    Medical Publishing; 2002.

10. Dreyer BD, **Hopkins KM,** Mendelsohn AL. Developmental and Behavioral Pediatrics. In
    Lembo RM, editor. Educational Review Manual in Pediatrics. 5th ed. New York: Castle
    Connolly Graduate Medical Publishing; 2007.

11. Chacko A, **Hopkins KM**, Acri M, Mendelsohn A, Dreyer B. Expanding Attention-
    Deficit/Hyperactivity Disorder Service Provision in Urban Socioeconomically
    Disadvantaged Communities: A Pilot Study. Clinical Practice In Pediatric Psychology
    2020;189-194.

**ABSTRACTS:**

1.  **Hopkins KM**, Demb HB.  Reported Behavior Problems in Urban Learning Disabled Children Receiving Psychoeducational Treatment.  Abstracts of the 26th Annual International Conference of the Association for Adults and Children with Learning Disabilities.  Miami Beach, FL; 1989.

2.  Grosz J, Schlussel S, **Hopkins KM**.  Mini-Team:  An Early Intervention Approach for HIV-Infected Children and Their Caretakers.  Abstracts of the 5th Annual National Pediatric AIDS Conference.  Los Angeles, CA; 1989.

3.  Lieberman A, Grosz J, **Hopkins KM**.  Characteristics of Foster Families Caring for HIV Positive Children.  Abstracts of the 5th Annual National Pediatric AIDS Conference.  Los Angeles, CA; 1989.

4.  **Hopkins KM**. Networks and Partnerships:  Facilitating Access to Education for HIV-Infected Children.  Abstracts of the 6th Annual National Pediatric AIDS Conference.  Washington, DC; 1991.

5.  Tomopoulos S, Dreyer BP, Berkule SB, Fierman AH, **Hopkins KM**, Huberman HS, Mendelsohn AL. Infant Media Exposure: Adverse Effects on Toddler Development. Abstracts of the Pediatric Academic Societies Annual Meeting.  Baltimore, MD; 2009.

6.  Smoller AB, Mendelsohn AL, **Hopkins KM**, Huang R, Hate R, Dreyer BP, Berkule SB, Martorella, T, Kang E, Tomopoulos S. Media Exposure in Children With and Without Attention Deficit Hyperactivity Disorder (ADHD).  Abstracts of the Pediatric Academic Societies Annual Meeting.  Baltimore, MD; 2009.

7.  Huang R, Tomopoulos S, Dreyer BP, Brockmeyer CA, Berkule-Silberman SB, **Hopkins KM**, Martinez CL, Bases H, Urraca T, Romero D, Mendelsohn, AL. Cumulative Infant/Toddler Media Exposure Adversely Associated with Self-Regulation at 3 Years. Abstracts of the Society for Developmental and Behavioral Pediatrics Annual Meeting. Boston, MA, 2010.

8.  Martinez CL, Brockmeyer CA, Dreyer BP, Burtchen N, Arevalo J, **Hopkins KM**, Bases H, Huang R, Mendelsohn AL. Developmental Trajectories of Social Skills in Low Socioeconomic Status (SES) Infants and Toddlers.  Abstracts of the Society for Developmental and Behavioral Pediatrics Annual Meeting.  Boston, MA, 2010.

9.  Chen V, Tomopoulos S, Fierman AH, Dreyer BP, **Hopkins KM**, Bases H, Mendelsohn AL. Community Pediatrics Training in Early Education & Child Care Education in Residency. **1**. Poster presentation: Pediatric Academic Societies Annual Meeting. May 2013. Washington, DC. 2. Poster presentation: Academic Pediatric Association Region II Meeting. March 2013. New York, NY. 3. Poster presentation: NYU School of Medicine Joseph Dancis Research Day May 2013. New York, NY.

10.     Chen V, Suarez Hesketh C, Yin HS, Tomopoulos S, Dreyer BP, **Hopkins KM**, Bases H, Mendelsohn AL.  Low Health Literacy (HL): Potential Barrier to Using Parent-Completed Developmental Screening Tools (PCDST). **1.** Abstracts of the Society for Developmental and Behavioral Pediatrics Annual Meeting. Nashville, TN, 2014. **2.**Platform Presentation: Pediatric Academic Societies Annual Meeting. April 2015. San Diego, CA. **3.** Poster presentation: ESPR meeting. March 2015. **4.** Poster Presentation: Academic Pediatric Association Region II Meeting. March 2015. New York, NY.  **5.** Poster presentation: NYU School of Medicine Dancis Day May 2015. New York, NY.

11.     Kim A, Chen V, **Hopkins KM**, Bases H, Mendelsohn AL, Suarez C, Dreyer BP, Yin HS, Tomopoulos S, Weisleder A.   The Effect of Maternal Self-Efficacy (MSE) and Maternal Depressive Symptoms (MDS) on Parent-Child Joint Book Reading (BR). Pediatric Academic Societies Annual Meeting May 2016.  Baltimore, MD.

12.     Mohammed A, Weisleder A, Canfield C, Cates CB, Seery A, Bases H, **Hopkins KM**, Workman C, Dreyer BP, Mendelsohn AL. Higher Early Math Achievement Associated with Board and Card Game Play. Pediatric Academic Societies Annual Meeting May 2016. Baltimore, MD.

13.     Chen V, Tomopoulos S, Suarez Hesketh C, Yin HS, Dreyer BP, **Hopkins KM**, Bases H, Mendelsohn AL, MD. Parent Concerns in Developmental Screening May Suggest Maternal Depression. Pediatric Academic Societies Annual Meeting May 2016. Baltimore, MD.

27.  Parents aim for T.T. to pass the fifth grade examination.  To achieve that goal, parents request for T███████ 5 hours per week of math and English tutoring, at a cost of $50/hour.

28.  T███████ excels in following a schedule and a routine. Generally people find T███████ likeable, cheerful.  Physically he is 5'11" tall, strong and healthy, able to push wheelchairs.  Parents aim for T███████ a career in care for the elderly.

29.  In speech T███████ is failing to achieve key goals.  His school did not reach its goal to make T███████ maintain a conversation without a prompt.   He has not exhibited sufficient progress in his ability independently to reciprocate a greeting, formulate a sentence when given picture cues, or answer "wh" questions with picture cues during structured tasks, and to participate during therapy sessions with a peer.

30. Speech is a basic skill every student needs to live a worthwhile life.  He cannot find employment without the ability to speak.  For a student who lacks expressive speech, speech services are material.  Parents request evaluation of T███████ for use of adaptive speech technology.

## ARGUMENT

## POINT I

### The IDEA required the District to create an IEP.

31.  The IEPis "the centerpiece of thestatute'seducationdeliverysystemfor disabledchildren."*Honigv.Doe*,484US305,311,108S.Ct.592,98L.Ed.2d686(1988).Aspar tofanevaluationtheIEPteam,wasrequiredtoreviewexisting evaluationdataonthe childincluding"evaluationsandinformationprovidedby theparentsof thechild"20U.S.C.§1414[c][l][A][i];34C.F.R.§300.305[a][l][i]; see8NYCRR200.4[b][5][i].

32.  A school district must provide "an IEP that is 'likely to produce progress, not regression,' and … affords the student with an opportunity greater than mere 'trivial advancement,'" Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 196 (2nd Cir. 2005).

33.  An IEP team, was required to review existing evaluation data on the child including "evaluations and information provided by the parents of the child" 20U.S.C.§1414[c][l][A][i]; 34C.F.R.§30.305[a][l][i]; see 8NYCRR 200.4[b][5][i].

34.   The IEP is "the centerpiece of the statute's education delivery system for disabled children." Honig v. Doe, 484 US 305, 311, 108S. Ct. 592, 98 L.Ed.2d 686(1988). As part of an evaluation the IEP team, was required to review " evaluations and information provided by theparents of the child" 20 U.S.C. §1414[c][l][A][i]; 34 C.F.R.§300.305[a][l][i]; see8NYCRR 200.4[b][5][i].

35. The 6/26/2024 school location letter failed to comply with procedural requirements.  Based on the requested  evaluations, parents propose to prove the letter substantively deficient.


## POINT II

### The current school placement at meets
### the individual needs of this particular student.

36.  "The 'free appropriate public education' mandated by federal law must include 'special education and related services' tailored tomeet the unique needs of a particular child, . . . and be 'reasonablycalculated to enable the child to receive educational benefits.'"Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119, 122 (2d Cir. 1998). The IEP to be


37.   "The adequacy of a given IEP turns on the unique circumstances of the child for whom it was created." Endrew F. v. Douglas Co. School Dist. Re-1, 137S.Ct. 988, 992. (2017).Here the student's school AMAC filed in bankruptcy. The student spent months with no school. Then the student suffered 4-6 hours per day of busing to AHRC.


38. Following four major disruptions of hiseducation, the student needs stability.A student has a right to a stable learning environment. Murphy v. ArlingtonCent. Sch. Dist. Bd. of Educ. 297 F.3d 195, 199–200 (2d Cir. 2002).

39. "[I]nterruption of a child's schooling causing a hiatus not only in the student's education but also in other social and psychological developmental processes that take place during the child's schooling, raises a strong possibility of irreparable injury". Ross v. Disare, 500F.Supp. 928. 934 (S.D.N.Y.1977)

40.  It would make no sense to return T██████ to District 75. Parents tried District 75.  Principal, teacher, parents agreed District 75 was inappropriate.

41. The Office of State Review and four IHO's approved Gersh Academy. It

is urged that the District should not disrupt the student's school placement without
citing any evaluation. For a student the reasonable accommodation of a disability
begins with  evaluations of the disability and recommendations concerning what
accommodation may be reasonable in the individual case.

POINT III

**Under the ADA the Department must make a
"reasonable accommodation" of a disability.**

42. The ADA was enacted to "provide a clear and comprehensive national mandate
for the elimination of discrimination against individuals with disabilities." 42 U.S.C. §
12101(b)(1) (2000). Its first three titles proscribe discrimination against individuals
with disabilities in employment and hiring (Title I), access to public services (Title II), and
public accommodations (Title III). The plaintiffs in this case rely upon the anti-
discrimination provision of Title II, which provides as follows: "Subject to the provisions
of this subchapter, no qualified individual with a disability shall, by reason of such
disability, be excluded from participation in or be denied the benefits of the services,
programs, or activities of a public entity, or be subjected to discrimination by any such
entity." 42 U.S.C. § 12132.By failing to accommodate a disability, the District has
discriminated against the student in violation of the ADA, 42 U.S.C.1211.

43. Section 504 of the Rehabilitation Act similarly provides that "[n]o otherwise
qualified individual with a disability in the United States ... shall, solely by reason of her
or his disability, be excluded from the participation in, be denied the benefits of, or be
subjected to discrimination under any program or activity receiving Federal financial
assistance." 29 U.S.C. § 794(a) (2000).

44. The District receives federal funding.  The District is subject to both the ADA
and  the Rehabilitation Act. The student is  "denied the benefits of the services,
programs, or activities of a public entity," 42 U.S.C. § 12132, "*by reason of [his]
disability,*" *id. See* Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir.1998).

45. Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. § 794 gives the
student a right to  "reasonable accommodation" claim, 42 U.S.C. §
12112(b)(5)(A); *Alexander v. Choate,* 469 U.S. 287, 300-01, 105 S.Ct. 712, 83
L.Ed.2d 661 (1985).

OATH-SEHD CASE # 284080

46. The New York City Department of Education receives federal funding.  The student  is a "qualified individual" with a disability. The Department is subject to the ADA.  The challenged IEP denies the student the opportunity to participate in education, by reason of the student's inability to learn without 1:1 instruction.


REQUEST FOR RELIEF

47. Accordingly, parents request the following services:

i.      Psychological and developmental pediatric evaluation
        a.  Manhattan Psychology Dr. Francyne Zeltser        $5500.00
        b.  Dr. Karen M. Hopkins, M.D.                       $5500.00

ii.     Direct payment by DOE for attendance at Gersh Academy.

iii.    Direct payment by DOE of 20 hours/ week home based 1:1 ABA therapy;

iv.     Reimbursement of parents'payments for 5 hours per week of math
        and English tutoring by university graduates $50/hour, 50 weeks /year.


Dated:  August 24, 2024.

                                    JERRY TOTH, *Attorney for T████  T█*
                                    LAW OFFICE OF J. G. TOTH
                                    43-32 Kissena Blvd. 15B,
                                    Flushing, N.Y. 11355
                                    Telephone (917) 576 9318
                                     tothjerry1@gmail.com

OATH-SEHD CASE # 284080

**Attachment 2
to September 9, 2025, 1:40 p.m. email
from Vyas to Mr. Mikofsky**

**Subject:** [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order on Motion for Settlement
**Date:** Monday, July 28, 2025 at 1:25:11 PM Eastern Daylight Time
**From:** ecf_bounces@nyed.uscourts.gov
**To:** nobody@nyed.uscourts.gov

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*Additional Security Enhancements Coming Soon\*\*\* For information visit PACER website**

**https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 7/28/2025 at 1:25 PM EDT and filed on 7/28/2025
**Case Name:** Toth vs. New York City Department of Education
**Case Number:** 1:25-cv-03317-NRM-TAM
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry and Order: A telephonic Status Conference was held on 7/28/2025 before Magistrate Judge Taryn A. Merkl. Appearances by Anton J. Mikofsky for Plaintiff and Jaimini Ajay Vyas for Defendant. Discussion held regarding case status, the pending motion for settlement at ECF No. [10], a dispute related to invoices for services provided in 2024 (*see* ECF No. [13]), and other issues related to T.T.'s education, including but not limited to Plaintiff's request for an IEP evaluation with experts and speech therapy. For the reasons discussed on the record, the motion [10] is denied as moot, without prejudice, because the DOE**

**has already determined, at the administrative level, to continue the student's placement at the desired school. (*See* Defs.' Ltr. in Opp'n, ECF No. 12.) As discussed on the record, the parties are directed to meet and confer immediately following the conference to determine what next steps are required, and specifically what documents Plaintiff must provide to Defendants to evaluate a reasoned consideration of settlement and resolution of the various concerns raised at the conference.**

**A telephonic status conference will be held on 8/15/2025 at 2:00p.m. before Magistrate Judge Taryn A. Merkl. Counsel are directed to call the dial-in number (571) 353-2301. The meeting ID is 362861721. Counsel shall dial in five (5) minutes before the scheduled conference. Ordered by Magistrate Judge Taryn A. Merkl on7/28/2025. (Cisco Log #11:22-12:12.) (KKS)**

**1:25-cv-03317-NRM-TAM Notice has been electronically mailed to:**

Anton J. Mikofsky        antonmikofsky@aol.com, kimna89@aol.com

Jerry Geza Toth        tothjerry1@gmail.com, tothjg@gmail.com

Jaimini Ajay Vyas        jvyas@law.nyc.gov

**1:25-cv-03317-NRM-TAM Notice will not be electronically mailed to:**

**Attachment 3
to September 9, 2025, 1:40 p.m. email
from Vyas to Mr. Mikofsky**

**Subject:** Post meet and confer summary | Toth v. DOE, 25-cv-3317-NRM-TAM
**Date:** Monday, July 28, 2025 at 1:03:27 PM Eastern Daylight Time
**From:** Vyas, Jaimini (LAW)
**To:** antonmikofsky@aol.com
**CC:** Lindeman, Thomas (LAW), Toews, Mark (Law)

Mr. Mikofsky,

Pursuant to the Court's order at the 11:00 a.m. telephonic conference in *Toth v. DOE*, 25-cv-3317-NRM-TAM, we met and conferred on the Court's telephonic conference line until 12:39 p.m.

Consistent with the court's direction, at the meet and confer, I provided to you a list of documents and other information needed to evaluate your demands for $42,000 in reimbursement of educational expenses for July and August of 2024, IEPs for the previous two school years, and an evaluation for speech language therapy.

To evaluate whether your client is legally entitled to approx. $42,000 for educational expenses for July and August of 2024, please provide to me, for school years 23-24, 24-25, and 25-26, the IEPs, Ten Day Notices, Due Process Complaints, Findings of Fact and Decision, Notices of Intent to Seek Review to the State Review Office, your Requests for Review to the State Review Office, decisions from the SRO, and index numbers of all federal lawsuits concerning your client.

You stated to Judge Merkl that the DOE has not created IEPs for your client for two years. I believe you are referring to SYs 2024-2025 and 2025-2026. Please provide the documents requested above to determine any relief to which your client may be entitled.

You also stated that your client is entitled to 100 hours of Speech Language Therapy, and an evaluation for the same has not been provided. Please provide the documents requested above to determine any relief to which your client may be entitled.

Finally, below is the citation you requested for the case I cited to Judge Merkl:

> **The Second Circuit has held that "the [stay-put] statute is clear that the [agency's] obligation to provide stay-put services [is] not triggered until the Parent's administrative complaint [is] filed.**" *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015). That is because the "provision governs the obligations of parties during 'the pendency of any *proceedings* conducted pursuant to *this section*,' and the word 'proceeding' is used in § 1415 exclusively to describe administrative    due    process    proceedings    and    judicial

actions[.]" *Id.* at 455 (quoting 20 U.S.C. § 1415 (emphasis added)) (internal citations omitted)). **In other words, the genesis of a *pendency* obligation is the *pendency* of a proceeding—either a Due Process Complaint or judicial proceedings.**

*Paulino v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 108497, at *14 (S.D.N.Y. June 18, 2024) (denying payments for education and rejecting "Plaintiffs argu[ment] that costs should be keyed to the start of the school year") (bold emphasis added).

Best,
—
Jaimini Vyas
Assistant Corporation Counsel
General Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007
Office: 212-356-2079

**Attachment 4
to September 9, 2025, 1:40 p.m. email
from Vyas to Mr. Mikofsky**

| | |
|---|---|
| **Subject:** | [EXTERNAL] Toth v. NYC Dep't of Educ., 25-cv-3317 |
| **Date:** | Friday, August 1, 2025 at 8:35:10 AM Eastern Daylight Time |
| **From:** | Anton Mikofsky |
| **To:** | Vyas Jaimini (LAW) |
| **Attachments:** | TothPendencyStipulation.pdf |

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Dear Counsel Vyas:

   Good morning.

   To process invoices for the student from 06/30/2024 through 08/23/2025, the DOE administrators need a written authorization.

   To create the necessary writing, may we please sign the attached Stipulation?

   Best regards,

     Anton Joseph Mikofsky, Esq., for the Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X    **1:25-CV-03317-NRM-TAM**
JERRY GEZA TOTH on behalf of T.T., a minor,

                                                                  Plaintiff,

            -   v.  –                                                                    **PENDENCY STIPULATION**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                                  Defendant.
------------------------------------------------------------------------ X

    **WHEREAS,** in IHO case #248309 IHO Edward Perkins on 4/2/2024 ordered an

educational placement for T.T.;

    **WHEREAS** the parties continued litigating in *Toth v. New York City Dept. of Educ*. 21-

cv-04245 (AMD)(JAM), IHO case No. 284080, SRO case No. 25-268; IHO case No. 295721:

    **WHEREAS**, the New York City Department of Education ("DOE"), on 7/15/2025, issued

a Pendency Implementation Form;

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through

the undersigned that the DOE has determined, at the administrative level, to continue the student's

placement from the 4/3/2024 Order onward, *See* 20 U.S.C. § 1415(j) (the "stay-put" provision); 34

C.F.R. § 300.514(a); N.Y. Educ. L. § 4404(4)(a)." *Mackey ex rel. Thomas M. v. Bd. of Educ. for

the Arlington Cent. Sch. Dist.,* 386 F.3d 158, 160 (2d Cir. 2004)( "During the pendency of special

education proceedings, unless the school district and the parents agree otherwise, federal and state

law require that the child remain in his or her then-current educational placement.")

ANTON MIKOFSKY                                    MURIEL GOODE-TRUFANT
Law Office of Anton Mikofsky                      Corporation Counsel of the City of New York
236 W 26 St., #303                                100 Church Street
New York, New York  10001                         New York, New York 10007
(212) 736-2624   antonmikofsky@aol.com            (212) 356-2079    jvyas@law.nyc.gov

 By:                                              By:


_____                  _____
Anton Mikofsky                                    Jaimini Ajay Vyas
*Attorney for Plaintiff*                          *Attorney for Defendant*

**Attachment 5
to September 9, 2025, 1:40 p.m. email
from Vyas to Mr. Mikofsky**

**Subject:** [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order
**Date:** Friday, August 29, 2025 at 11:54:29 AM Eastern Daylight Time
**From:** ecf_bounces@nyed.uscourts.gov
**To:** nobody@nyed.uscourts.gov

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*Additional Security Enhancements Coming Soon\*\*\* For information visit PACER website**

**https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 8/29/2025 at 11:54 AM EDT and filed on 8/29/2025

**Case Name:** Toth vs. New York City Department of Education
**Case Number:** 1:25-cv-03317-NRM-TAM
**Filer:**
**Document Number:** No document attached

## Docket Text:
**ORDER. The Court is in receipt of the parties' [15][17] submissions regarding a pre-motion conference, including an administrative transcript ([17] Letter, Exhibit 2) discussing related administrative proceedings. The parties are directed to file a joint letter on or before September 9, 2025 documenting the procedural history of the administrative proceedings before the Department of Education that are relevant to the proceeding before this Court. This joint letter shall include, for each administrative proceeding, the following: (1) a case number; (2) the date the proceeding was initiated; (3) the specific claims raised by Plaintiff in that administrative proceeding; (4) the disposition of the proceeding, if any, including**

**the date of the disposition; and (5) whether any appeal or review taken from that disposition is currently pending before the Department of Education. Ordered by Judge Nina R. Morrison on 8/29/2025. (MM)**

**1:25-cv-03317-NRM-TAM Notice has been electronically mailed to:**

Anton J. Mikofsky     antonmikofsky@aol.com, kimna89@aol.com

Jerry Geza Toth     tothjerry1@gmail.com, tothjg@gmail.com

Jaimini Ajay Vyas     jvyas@law.nyc.gov

**1:25-cv-03317-NRM-TAM Notice will not be electronically mailed to:**

**Attachment 6
to September 9, 2025, 1:40 p.m. email
from Vyas to Mr. Mikofsky**

**Subject:** Re: [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order

**Date:** Monday, September 8, 2025 at 4:09:35 PM Eastern Daylight Time

**From:** Anton Mikofsky

**To:** Vyas, Jaimini (LAW)

Working on it.

On Monday, September 8, 2025 at 01:10:27 PM EDT, Vyas, Jaimini (LAW) <jvyas@law.nyc.gov> wrote:

Counsel,

I write in response to the email you sent to me today, September 8, 2025 at 12:48 p.m. stating: "May you please send me your draft of the Letter? I need your draft to draft mine."

I haven't drafted a letter. You need to provide the Court with the basic procedural information in your possession as the plaintiff in this lawsuit. It's *your* lawsuit. *You* are the Plaintiff. If you don't have the information for the court has requested, you are welcome to withdraw this frivolous lawsuit today. ***You*** took the lead on the draft letter and haven't sent it even though it is 1:10 p.m. on Sept. 8, 2025—the day before the letter is due. Unless you are withdrawing your meritless lawsuit by 2:00 p.m. today, please send your draft letter by 2:10 p.m.

Friday, August 29, 2025 at 1:11 PM email from Vyas to Mikofsky: "Please take the lead on drafting the ordered joint letter. Please provide documents from the administrative proceedings supporting your assertions. We request the receipt of your draft by Wednesday, September 3, 2025. Thank you."

Friday, August 29, 2025 at 11:58 PM email from Mikofsky to Vyas: "I will be happy to work on the Joint Letter directed by the Court but may not have the draft for you on September 3 -- in other words, as soon as possible. The Court deadline is September 9, as you know."

Monday, September 1, 2025 at 9:54 AM email from Vyas to Mikofsky: "We will need at least two business days to finalize this letter ***after you send it to us***." (emphasis added)

Friday, September 5, 2025 at 1:54 PM email from Vyas to Mikofsky: "Could you
please send your draft of the letter please."


Best,

---

**From:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
**Date:** Monday, September 8, 2025 at 12:41 PM
**To:** Anton Mikofsky <antonmikofsky@aol.com>
**Cc:** Lindeman, Thomas (LAW) <tlindema@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New
York City Department of Education Order

Counsel,


On August 29, 2025 the Court issued an order to parties to file a joint letter
tomorrow, September 9, 2025, providing, for each administrative proceeding relevant
to the proceeding before this Court, the following basic information that is readily at
your fingertips:


(1) case numbers (284080 and 295741);


(2) the date the proceeding was initiated (284080 on August 22, 2024 at 8:19 p.m.;
295741 on June 30, 2025);


(3) the specific claims raised by Plaintiff in each administrative proceeding (copy-
paste from DPCs or attach the DPCs and point the court to the claims asserted
therein);


(4) the disposition of the proceeding, if any, including the date of the disposition
(284080 FOFD on April 3, 2025; 295741 hearing on September 23, 2025, FOFD not
issued); and


(5) whether any appeal or review taken from that disposition is currently pending
before the Department of Education (284080: yes, SRO decision pending; 295741:
no, because case is still being litigated before the IHO).

We told you that we needed at least two business days to work on the joint letter. You have still not sent the draft joint letter. Your delay is unacceptable. You are requested to send us the draft letter *immediately*.


Best,

---

**From:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
**Date:** Friday, September 5, 2025 at 1:54 PM
**To:** Anton Mikofsky <antonmikofsky@aol.com>
**Cc:** Lindeman, Thomas (LAW) <tlindema@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order

Mr. Mikofsky,


Could you please send your draft of the letter please.


Best,

---

**From:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
**Date:** Monday, September 1, 2025 at 9:54 AM
**To:** Anton Mikofsky <antonmikofsky@aol.com>
**Cc:** Lindeman, Thomas (LAW) <tlindema@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order

Good morning, Counsel—


We agree to referring to ECF document numbers with pincites to ECF pagination of administrative documents already filed on the docket of this case.


You must provide the DPC with the cover email to demonstrate "the date the proceeding was initiated" and "the specific claims raised by Plaintiff in that administrative proceeding." For July and August 2024, you require the DPC for the 2024-2025 school year, along with your or your client's email filing that DPC. You must also provide all relevant FOFDs, NOISRs, requests for review, and SRO decisions.

We will need at least two business days to finalize this letter after you send it to us.

Best,

---

**From:** Anton Mikofsky <antonmikofsky@aol.com>
**Date:** Friday, August 29, 2025 at 11:58 PM
**To:** Vyas, Jaimini (LAW) <JVyas@law.nyc.gov>
**Cc:** Lindeman, Thomas (LAW) <tlindema@law.nyc.gov>
**Subject:** Re: [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order

Dear Attorney Vyas:

   I am replying on a holiday weekend. I will be happy to work on the Joint Letter directed by the Court but may not have the draft for you on September 3 -- in other words, as soon as possible. The Court deadline is September 9, as you know.

   If administrative documents are already filed, may we refer to ECF document number instead of reloading them as Exhibits?

   All the best.

       Anton Joseph Mikofsky

On Friday, August 29, 2025 at 01:11:36 PM EDT, Vyas, Jaimini (LAW) <jvyas@law.nyc.gov> wrote:

Counsel,

Please take the lead on drafting the ordered joint letter. Please provide documents from the administrative proceedings supporting your assertions. We request the receipt of your draft by Wednesday, September 3, 2025. Thank you.

Best,

Jaimini Vyas

Assistant Corporation Counsel

General Litigation Division

New York City Law Department

100 Church Street

New York, New York 10007

Office: 212-356-2079


<sent from a mobile phone>

**From:** ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>
**Sent:** Friday, August 29, 2025 11:54:29 AM
**To:** nobody@nyed.uscourts.gov <nobody@nyed.uscourts.gov>
**Subject:** [EXTERNAL] Activity in Case 1:25-cv-03317-NRM-TAM Toth vs. New York City Department of Education Order


**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

***Additional Security Enhancements Coming Soon*** For information visit PACER website

https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon


***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 8/29/2025 at 11:54 AM EDT and filed on 8/29/2025

**Case Name:**     Toth vs. New York City Department of Education
**Case Number:**   1:25-cv-03317-NRM-TAM
**Filer:**

**Document Number:** No document attached

Docket Text:
ORDER. The Court is in receipt of the parties' [15][17] submissions regarding a pre-motion conference, including an administrative transcript ([17] Letter, Exhibit 2) discussing related administrative proceedings. The parties are directed to file a joint letter on or before September 9, 2025 documenting the procedural history of the administrative proceedings before the Department of Education that are relevant to the proceeding before this Court. This joint letter shall include, for each administrative proceeding, the following: (1) a case number; (2) the date the proceeding was initiated; (3) the specific claims raised by Plaintiff in that administrative proceeding; (4) the disposition of the proceeding, if any, including the date of the disposition; and (5) whether any appeal or review taken from that disposition is currently pending before the Department of Education. Ordered by Judge Nina R. Morrison on 8/29/2025. (MM)


**1:25-cv-03317-NRM-TAM Notice has been electronically mailed to:**

Anton J. Mikofsky      antonmikofsky@aol.com, kimna89@aol.com

Jerry Geza Toth      tothjerry1@gmail.com, tothjg@gmail.com

Jaimini Ajay Vyas      jvyas@law.nyc.gov

**1:25-cv-03317-NRM-TAM Notice will not be electronically mailed to:**