# LAW OFFICE OF ANTON J. MIKOFSKY

236 West 26th St., Ste. 303, New York, NY 10001

antonmikofsky@aol.com Tel: 212-867-6735

September 10, 2025

Hon. Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6E North
Brooklyn, New York 11201

Re: **Toth v. New York City Dep't of Educ., Case No. 25-cv-3317 (NRM) (TAM)
— Plaintiff's Response to Defendant's Filing (ECF No. 20) and the August 29, 2025 Order**

Dear Judge Morrison:

The Court's Order of August 29, 2025 directed a joint letter. Defendant demanded and received, a day in advance, drafts of everything Plaintiff submitted. Nevertheless, Defendant declined to disclose any submission to Plaintiff before the Defendant filed ECF 20 at 8:07 pm. For a joint submission, Plaintiff respectfully requests leave to comment on ECF No. 20.

Plaintiff addresses four issues Defendant's letter raised:

## 1.  The DOE Mischaracterized Pendency Obligations.

Defendant asserts its pendency obligations for the 2024-2025 school year began on August 23, 2024, when Plaintiff filed the Due Process Complaint (DPC) for Case No. 284080, not retroactively from July 1, 2024 (ECF No. 20, p. 2). This argument misinterprets the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j). This procedural safeguard requires maintaining the student's "then-current educational placement" during disputes.

The unappealed Decision in Case No. 248309 by IHO Edward Perkins established T.T.'s placement at Gersh Academy for a 12-month school year, effective July 1, 2024 (ECF No. 18-7, p. 12; ECF No. 1-2). IHO Perkins' Decision constitutes T.T.'s "last agreed-upon educational placement" under IDEA. See *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.,* 752 F.3d 145, 171 (2d Cir. 2014). Defendant's unilateral refusal to fund services from July 1 to August 23, 2024, violates IDEA's stay-put provision (34 C.F.R. § 300.518(a), (d); 8 NYCRR § 200.5(m)(1)-(2); see *Ventura de Paulino v. NYC Dep't of Educ*., 959 F.3d 519, 532 (2d Cir. 2020)).

## 2.  Defendant's Mootness Argument is Misplaced.

Defendant claims Plaintiff's request for a pendency order for the 2025-2026 school year is moot because the DOE agreed to fund pendency from June 30, 2025 (ECF No. 20, p. 3). This argument fails to address the ongoing nonpayment for July 1 to August 23, 2024.

The ongoing nonpayment constitutes a "real, substantial controversy." *AMSAT Cable Ltd. v. Cablevision of Conn.,* 6 F.3d 867, 872 (2d Cir. 1993). The nonpayment disrupts T.T.'s educational stability, creating a live controversy. See *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.,* 397 F.3d 77, 89 (2d Cir. 2005) (citing *Capistrano Unified Sch. Dist. v. Wartenberg,* 59 F.3d 884, 890 (9th Cir. 1995)).

1

**3.  Systemic Violations Excuse Administrative Exhaustion.**

Defendant's policy of denying pendency funding during litigation reflects a systemic violation of IDEA, excusing the exhaustion requirement. See *J.G. v. Bd. of Educ. of Rochester City Sch. Dist.,* 830 F.2d 444, 446 (2d Cir. 1987) (exhaustion not required for systemic violations inherent in a program or policy; *J.S. ex rel. N.S. v. Attica Cent. Schs*., 386 F.3d 107, 113 (2d Cir. 2004).  Here administrative procedures are futile.  IHOs lack jurisdiction to enforce pendency, which is a matter for federal courts. See *A.R. v. NYC Dep't of Educ.*, 407 F.3d 65, 76 (2d Cir. 2005).  The DOE's nonpayment of $42,748.89 (see receipts, ECF No. 18-18) causes irreparable harm to T.T.'s educational stability (Toth Decl., ¶¶ 15-17), further justifying waiver of exhaustion.  See *Heldman v. Sobol,* 962 F.2d 148, 158 (2d Cir. 1992).

**4.  DOE's Policy Violates Disability Accommodations**

A refusal to fund pendency violates Section 504 of the Rehabilitation Act (29 U.S.C. § 794), the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132), the New York City Human Rights Law (NYCHRL) (Admin. Code § 8-107(7)). Cancelling pendency denies reasonable accommodations and disproportionately impacting students with disabilities. See *Albunio v. City of New York,* 16 N.Y.3d 472, 477-78 (2011) (NYCHRL construed broadly in favor of plaintiffs).

Over 13 years, the Plaintiff exhausted administrative remedies. Unappealed, final IHO rulings such as Cases No. 248309, 173630, 211081, 230169, 248309 highlight the City's municipal policy to deprive T.T. of the federal right to an appropriate educational placement (Toth Decl., ¶¶ 2-8). In the interest of judicial economy, Plaintiff thought it might help the court to have an omnibus record, instead of the parties producing, a trickle of documents, one by one.

Relief Requested

Plaintiff respectfully requests that the Court:

1.  Grant leave to file this response because Defendant's failure to share ECF No. 20;

2.  Order Defendant to comply with its pendency obligations, including payment of $42,748.89 for tuition and tutoring from July 1 to August 23, 2024 and ongoing funding;

3.  Declare Defendant's policy of denying pendency during litigation a violation of IDEA, Section 504, the ADA, and NYCHRL; and

4.  Grant such further relief as the Court deems just and proper.

Respectfully submitted,<br>
*/s/ Anton J. Mikofsky*<br>
Counsel for Plaintiff

cc: Jaimini A. Vyas, Assistant Corporation Counsel (via ECF)