

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jaimini A. Vyas**
*Assistant Corporation Counsel*
212-356-2079
jvyas@law.nyc.gov

September 18, 2025

**BY ECF**

Judge Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6E North
Brooklyn, New York

    Re:  *Toth v. N.Y.C. Dep't of Educ.*, 25-cv-3317-NRM-TAM

Dear Judge Morrison:

This office represents Defendant New York City Department of Education ("DOE") in the above-referenced action. I respectfully write pursuant to Your Honor's September 11, 2025 Order directing parties to propose a briefing schedule to the Court by September 18, 2025 for Defendant's motion to dismiss this lawsuit.

Defendant respectfully proposes the following briefing schedule:

    October 28, 2025:    Defendant moves to dismiss
    December 1, 2025:    Plaintiff files its opposition
    December 19, 2025:    Defendant files its reply

Plaintiff does not require 90 days to oppose Defendant's motion to dismiss. Further, Opposing Counsel's filings on the docket in this case raise the very real fear that Plaintiff will use the time to file a prolix opposition riddled with inapposite cites and arguments already rejected by courts in the Second Circuit. Defendant will then be forced to unravel those assertions in reply. Indeed, to date, Plaintiff has failed to address, let alone distinguish, binding Second Circuit law controlling this entire litigation: We "hold that an educational agency's obligation to maintain stay-put placement is triggered when an administrative due process proceeding is initiated." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445, 455 (2d Cir. 2015). Contrary to Plaintiff's claim in ECF 22, Defendant was precluded from moving to dismiss this lawsuit earlier due to Plaintiff's scorched-earth litigation tactics, which included violating court orders and an improper motion for "Settlement of Pendency Order implementation" that would violate 20 U.S.C. § 1415(j).

      Defendant also requests that the Court note the falsity of Plaintiff's claim in ECF 22, that "Defendant did not respond to or comment upon Plaintiff's request for 90 days to oppose." Attached hereto as Exhibit A are the four emails your undersigned counsel sent to Plaintiff's Counsel, Mr. Mikofsky, to coordinate proposing a briefing schedule amenable to both parties, where your undersigned counsel informed Mr. Mikofsky that "You have up to 30 days to file your opposition—you do not have 90 days." As Mr. Mikofsky must know, Rule 3.3 of the New York Rules of Professional Conduct provides, in relevant part, that "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal." Additionally, he knows that Local Civil Rule 1.5(b)(5) *Discipline of Attorneys* provides that attorney discipline "may be imposed, by the "Committee on Grievances" if in "connection with activities in this court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct."

      Since it has become a pattern and practice for Mr. Mikofsky to make false statements to this Court, Defendant now informs the Court that this is at least the second time Mr. Mikofsky has knowingly made a false statement to Your Honor in this litigation. In ECF 21 at 1, Mr. Mikofsky claimed that "Defendant declined to disclose any submission to Plaintiff before the Defendant filed ECF 20 at 8:07 pm." Mr. Mikofsky's assertion is demonstrated as false by your undersigned counsel's 7:56 p.m. email to Mikofsky wherein I attached and disclosed Defendant's position—revised in light of Plaintiff's filings at ECF 18 and 19—to Plaintiff before filing ECF 20. A copy of this email is attached hereto as Exhibit B. The conduct of Plaintiff and Plaintiff's Counsel has been harassing and vexatious since the inception of this frivolous and meritless case filed in violation of Fed. R. Civ. P. 11, and Opposing Counsel's false statements to Your Honor are beyond the pale.

      Thank you for Your Honor's consideration of Defense's proposed briefing schedule.

      Respectfully submitted,

Jaimini A. Vyas
*Assistant Corporation Counsel*

cc:    Plaintiffs' counsel (via ECF)