UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

JERRY GEZA TOTH, individually and on behalf of T.T.,

                              Plaintiff

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION

                              Defendant.

-------------------------------------------------x

25-cv-3317-NRM-TAM

**DECLARATION OF ANDREW WONG, ESQ., IN SUPPORT OF DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

      Andrew Wong, an attorney duly admitted to practice law in the State of New York, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

      1.     I am an Attorney with the Department of Education's ("DOE") Special Education Unit. I am familiar with the facts and circumstances set forth in this declaration based upon my personal knowledge and upon information and belief. The source of such information and the basis for such belief is my familiarity with DOE procedures and practice, correspondence with fellow DOE employees, my review of documents in the possession and custody of the DOE (such as those documents filed with the DOE's Impartial Hearing Office and those documents filed in connection with the administrative proceedings pending before Impartial Hearing Officers), as well as my experience handling special education matters, including pendency matters, for the DOE.

      2.     This Declaration is submitted in support of Defendant's Reply Memorandum of

Law in Further Support of Defendant's Motion to Dismiss the Complaint in this action.

3. In Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint, Plaintiff requests the Court "to restore T.T.'s placement" at Gersh Academy. Pltf Opp at 23.

4. Although Plaintiff asks the court to award "immediate reimbursement to restore T.T.'s placement," Pltf Opp at 23, Plaintiff presents no supporting evidence for his claim that T.T. has been disenrolled or expelled from Gersh Academy. Indeed, based upon the hearing record, T.T. is currently entitled to education at Gersh Academy pursuant to the July 15, 2025 Pendency Implementation Form, where, upon information and belief, T.T. is currently in attendance (ECF 10-1).

5. On June 18, 2024, Plaintiff sent, pursuant to 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(bb), a Ten-Day Notice ("TDN") to DOE, a copy of which is attached hereto as "Exhibit A."

6. On August 23, 2024, Plaintiff filed a Due Process Complaint seeking reimbursement for tuition and services availed by T.T. for the entire SY 2024-2025, including the duration from June 30, 2024 until August 23, 2024. A copy of Plaintiff's August 23, 2024 DPC is attached hereto as "Exhibit B."

7. On April 3, 2025, the Impartial Hearing Office's ("IHO") Findings of Fact and Decision ("FOFD") in Case No. 284080, "find[ing] that the Parent's unilateral placement of Student at Private School for the 2024-2025 school year was not appropriate, and therefore deny[ing] Parent's requested relief for reimbursement and direct funding of Private School's tuition" at Gersh Academy for SY 2024-2025, a copy of which is attached hereto as "Exhibit C."

8. On July 21, 2025, Plaintiff filed his appeal with the SRO, a copy of which is attached hereto as "Exhibit D."

9. Parties are still awaiting a decision from the SRO.

Dated:      February 19, 2026
            Brooklyn, New York

>                                    _____
>                                    Andrew Wong, Esq.
>                                    Special Education Unit
>                                    Office of the General Counsel
>                                    NYC Department of Education