# EXHIBIT D

IN THE MATTER OF THE APPEAL OF                    **IHO Case # 293514**

MIRA and JERRY TOTH
on behalf of H. T T ,                    Petitioners,
                    -v-                    **REQUEST FOR REVIEW**
THE NEW YORK CITY DEPARTMENT OF EDUCATION
                                        Respondent.

| **Parent Information** | **Student Information** |
|---|---|
| Fatmira Toth, Jerry Toth | (H    ) T     T |
| 43-32 Kissena Blvd. 15B |          2007 |
| Flushing, N.Y. 11355 | Gersh Academy |
| Telephone (917) 576 9318 | |
| tothjerry1@gmail.com | IHO Carina Patritti, Decision dated 6/12/2025 |

**RELIEF SOUGHT**

For the 2025-2026 academic year the parents seek to ensure a FAPE through current, independent evaluations. Petitioners respectfully request that the State Review Officer reverse the IHO's Decision by granting the following relief: Independent Educational Evaluations (IEEs) by psychologist and by developmental pediatrician, at public expense.

**GROUNDS FOR APPEAL**

The New York City Department of Education last evaluated the student on 3/23/2023. The parents object to that evaluation as outdated, no longer relevant. The parents objected to the DOE's omission to evaluate the student for more than two years. Over the 2024-2025 school year, the DOE did not evaluate the student. The DOE held no IEP meeting. The DOE created no IEP. By their complaint the parents opposed the DOE's practice of issuing educational placements not based on evaluations. Denying IEEs, the IHO wasted educational resources.

1

The IHO erred to perpetuate the DOE's dual practices of issuing educational placements not based on evaluations, and excluding parents from participation in the creation of an appropriate IEP.

## TABLE OF CONTENTS

I.   Introduction…………………………………………………………..…....2
II.  Relevant Facts……………………………….………………………..…….3
III. Procedural History…………………………….………………….…………4
IV.  Discussion………………………………….…………………………...……6
V.   Argument……………………………………………………...…………..7
     A. The DOE's Failure to Evaluate Justifies the Parents' IEE Request…........7
     B. Res judicata contradicts the IHO's Decision………………………...8
VI.  Relief Requested……………………………………………………………10
VII. Conclusion……………………………………………………….…….....10

## I. INTRODUCTION

1.      The Individuals with Disabilities Education Act (IDEA) mandates that school districts evaluate student by using "a variety of assessment tools and strategies," 20 U.S.C. § 1414(b)(2)(A), administered by "trained and knowledgeable personnel," § 1414(b)(3)(A)(iv), with "technically sound instruments," § 1414(b)(2)(C), and review data from multiple sources, § 1414(c)(1)(A). These requirements ensure a Free Appropriate Public Education (FAPE) tailored to a student's current needs.

2.      For the 2024-2025 school year, the DOE unilaterally assigned to H████ T██████ T███, a student with autism, an educational placement without parental input. The DOE violated the IDEA's cooperative process. The DOE denied parental participation in the creation of IEPs.  The DOE denied the student a FAPE.  Decision, Case # 284040.

3.      The DOE undermined the IDEA's core principles. *See Schaffer v. Weast,* 546 U.S. 49, 53, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005) (explaining that "[t]he core of the [IDEA] ... is the cooperative process that it establishes between parents and schools").

2

4.   The DOE denied the parents' substantive rights to independent educational evaluations (IEEs).  The DOE denied the parents meaningful participation in developing Individualized Education Programs (IEPs).

5.   For over two years, the New York City Department of Education (DOE) has failed to evaluate the student.  In Case No. 293514, the parents objected to the DOE's outdated March 23, 2023 evaluation. Parents objected to the absence of evaluations to create IEPs for the 2024-2025 and 2025-2026 school years.  The parents requested comprehensive IEEs to assess the student's educational needs going forward.

6.   By her June 12, 2025 Decision, IHO Carina Patritti's erred to ignore the DOE's failure to conduct timely evaluations and the need for current evaluations of the student's evolving needs. The IHO's denial of the parents' IEE request compounded the DOE's procedural violations.  The decision parents appeal "significantly impeded" parental participation rights or "caused a deprivation of educational benefits." 20 U.S.C. § 1415(f)(3)(E)(ii)(I)-(III).

7.   Appealing the IHO's Decision, the parents request that the Office of State Review reverse the June 12, 2025 ruling.  Parents request that the SRO order the DOE to fund updated, comprehensive IEEs to ensure an appropriate IEP for the 2025-2026 school year, consistent with the IDEA's intent to foster cooperative, data-driven educational planning. See *Moonsammy v. Banks,* 2024 U.S. Dist. LEXIS 173688 (S.D.N.Y. 2024).

## II. RELEVANT FACTS

8.   In June 2010, Early Intervention Program psychologist Dr. Xue J. Ma diagnosed H█████ T██████ T███ with autism, prescribing 1:1 Applied Behavior Analysis (ABA) therapy, which yielded significant progress.

3

9.      From 2012 to 2015, the student attended a District 75 school, where he experienced no academic progress and behavioral regression, prompting the school director and teacher to recommend a private school specializing in autism education.

10.     From 2015 to 2019, T███████ attended AMAC, a Manhattan school for students with disabilities. AMAC's 2018 bankruptcy led to teacher turnover and closure in 2019, causing significant behavioral disruptions, including object-throwing, shirt-gnawing, and self-injurious arm-biting, which halted the student's learning.

11.     Following AMAC's closure, the DOE placed T████ at AHRC. Transportation to AHRC required 4–6 hours of daily busing.

12.     In Case No. 173630, IHO Brad Rosken termed the AMAC and AHRC placements a "gross violation" of FAPE.  IHO Rosken approved prospective tuition at Gersh Academy.  The SRO Decision 20-089 affirmed.  At Gersh Academy from 2020 to 2025, the student thrived.

13.     In Case No. 248309 (2023-2024), IHO Edwin Perkins ordered IEEs, including psychological and developmental pediatric evaluations.

14.     The DOE's nonpayment to a neuropsychologist in a separate case led the evaluator's employer to refuse further assessments without guaranteed payment.  The DOE's payment procedures prevented completion of the ordered IEEs before the order of IHO Perkins expired.

15.     For the 2024-2025 school year, the DOE conducted no evaluation, issued no IEP, ignored the parents' 10-day notice of unilateral placement.  Without parental input the DOE assigned T████ to a District 75 school. The parents objected to the outdated March 23, 2023, evaluation and the lack of evaluations for 2024-2025 and 2025-2026.

III.   PROCEDURAL HISTORY

16.     For thirteen years, the parents litigated the DOE's refusal to provide 1:1 instruction.  Through multiple cases the DOE presented no evidence to support its position across multiple cases (IHO Case Nos. 173630, 211081, 230169, 248309, 284080).  That the DOE presented no Prong I case demonstrates, over eight academic years, systemic neglect of the student's needs.

**In Case No. 284080, IHO Patritti credited a false statement**.

17.   The DOE opposed the parents' IEE request.  On December 17, 2024 the DOE's attorney misrepresented to IHO Patritti that the student "was already evaluated in these exact areas last year." The IHO credited that false statement without evidence.

**In Case No. 284080, IHO Patritti wrote a self-contradictory Decision.**

18.     The IHO denied IEEs.  Nevertheless the IHO acknowledged the lack of current data on the student's needs. [1]   The IHO acknowledged that current evaluations were needed to create an IEP  contradicting the IHO's denial of IEEs.

**The IHO impeded development of an appropriate IEP.**

---

[1]  Pretending she had not denied IEEs, IHO Patritti wrote a self-contradictory Decision:

> "Importantly, I have no baseline of this Student, but only outdated evaluations/reports that are either six years old or twelve years old, and therefore, I give those reports little to no weight… Given that his evaluation is already outdated, I have no useful information that would inform what are Student's current academic levels, abilities, or deficits  or challenges."

Decision, case # 284080, p. 9.

5

19.    Fully aware of the DOE's failure to evaluate for the 2024-2025 and 2025-2026 academic years in case # 293514, IHO Patritti again denied IEEs.  The IHO's decision compounded the DOE's procedural violations.

## IV.  DISCUSSION

20.    The IDEA grants parents the right to a publicly funded IEE when they disagree with a school district's evaluation, ensuring an independent expert opinion to inform the IEP process. 20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.502(b)(1); 8 NYCRR § 200.5(g). See *D.S. v. Trumbull Bd. of Educ.,* 975 F.3d 152, 158 (2d Cir. 2020). An IEE must be conducted by a qualified, independent examiner, leveling the playing field between parents and schools. *Schaffer v. Weast,* 546 U.S. 49, 60-61 (2005).

21.    If the parent of a disabled child "disagrees with an evaluation obtained by the public agency," the parent is entitled to a publicly funded independent educational evaluation ("IEE"). *D.S.,* 975 F.3d at 158 (quoting 34 C.F.R. § 300.502(b)(1)); *see also* § 300.502(a)(3)(i) (defining IEE as "an evaluation conducted by a qualified examiner who is not employed by the public agency responsible for the education of the child in question.")  The IDEA and its implementing regulations, including 20 U.S.C. § 1415(b)(1), 34 C.F.R.  § 300.502, and 8 NYCRR § 200.5(g), grant parents the right to an IEE at public expense when they disagree with a public agency's evaluation. This fundamental right ensures parental participation in the IEP process to achieve a FAPE.

22.    School districts must assess students "in all areas of suspected disability," 20 U.S.C. § 1414(b)(3)(B), using current data to create IEPs reasonably calculated for

6

progress. *Endrew F. v. Douglas Cty. Sch. Dist.,* 137 S. Ct. 988 (2017). Unilateral

placements without parental input violate the IDEA's cooperative process.

**The IDEA envisions testimony by independent experts.**

23.   In *Schaffer v. Weast,* 546 U.S. 49 (2005), the Supreme Court emphasized

the IEE's role to provide an independent expert opinion to counter the school's assessment. The

IDEA process for IEEs "attempts to level the playing field between parent and government by

securing a parent's ability to obtain an independent assessment of their child's disability if the

school's fall short." *Id.*  The IDEA gives parents "access to an expert who can evaluate all the

materials that the school must make available, and who can give an independent

opinion." *Id.* (quoting *Schaffer ex rel. Schaffer v. Weast,* 546 U.S. 49, 60-61 (2005)).  The IDEA

envisions experts as witnesses.

**Parents appeal a Decision improperly shifting from the DOE to parents the burden to show a need for IEE's.**

24.   If a parent requests a publicly funded IEE, "the public agency must,

without unnecessary delay," either file a Due Process Complaint ("DPC") "to request a hearing

to show that its evaluation is appropriate," or "[e]nsure that an [IEE] is provided at public

expense." *D.S.,* 975 F.3d at 158  (quoting 34 C.F.R. § 300.502(b)(2)). The DOE's failure to act

shifts the burden not to the parents, but to the District.

25.    In the present appeal, parents request reversal of a 6/12/2025 Decision

denying IEE's, impeding the creation of an appropriate IEP.

V.  ARGUMENT

**A. The DOE's Failure to Evaluate Justifies the Parents' IEE Request**

26.     The DOE's failure to conduct evaluations for the 2024-2025 and 2025-2026 school years, relying instead on an outdated March 23, 2023, evaluation, violates 34 C.F.R. § 300.304. The parents' disagreement with the absence of current assessments entitles parents to IEEs. 34 C.F.R. § 300.502(b)(1). *D.S.,* 975 F.3d at 158.

27.     The DOE's unilateral placement for 2024-2025 without an IEP or parental input violated the IDEA, deprived the student of a FAPE.    The lack of evaluations for 2025-2026 renders prior IEPs irrelevant. Prior IEPs cannot address the student's evolving needs.

28.     In Case No. 293514, IHO Patritti's denial of IEEs, contradicts her own acknowledgement of the need for current data.

29.     Contrary to the IHO's denial of IEEs, the IDEA mandates timely, comprehensive assessments.  Granting IEEs would provide the necessary data to craft an appropriate IEP, fulfilling the IDEA's purpose.

**B.  Res judicata contradicts the IHO's Decision.**

30.     Case No. 248309 addressed the 2023-2024 school year.  In Case # 248309, the Parents' failure to complete the IEE's constitutes a procedural defect, not a final adjudication on the student's current needs for the 2025-2026 academic year.   The DOE's administration, not parental fault, caused the IEE not to proceed.  Parent Exhibit Q.

31.     Case No. 284080 addressed the 2024-2025 school year.  Case # 284080 could not have been litigated on the merits and cannot preclude parents' request for IEEs to create a 2025-2026 IEP.

32.      Prior to case # 293514, no case adjudicated the 2025-2026 school year.  In case # 293514, the IHO denied IEEs the parents requested to guide the development of an IEP for the 2025-2026 academic year.  The IHO erred to base her denial of IEEs *on res judicata.*  The unreviewed state administrative factfinding in case #284080 is not *res judicata.*  *Res judicata* requires that a prior proceeding adjudicated the same claim on the merits, involved the same parties, and addressed claims that could have been raised. Res judicata requires identical claims and parties, which are inapplicable here. 28 U.S.C. § 1738.

33.      From year to year a student's needs can evolve.  The student's educational needs for the 2025-2026 school year do not preclude a new IEE request for the 2025-2026 school year.

34.      The DOE presented no evidence to support the DOE's bald assertion that prior evaluations suffice.  DOE counsel Scott Spitelli relied on unsworn misrepresentations by counsel (Email, 5/16/2025).

35.      Ignoring the DOE's obligation under 34 C.F.R. § 300.502(b)(2), The IHO erred to shifted to the parents the burden to prove IEEs needed.

33.  In Case # 248309, not parental fault but the DOE's payment administration prevented completion of the IEEs.   Parent Exhibit Q.   The DOE's nonpayment to a neuropsychologist in a separate case prevented completion of the IEEs in Case No. 248309.  In Case # IHO # 293514, IHO Patritti failed to address or to discuss this procedural barrier.  The IHO's Decision failed to explain why in case # 293514, parents should not receive IEE's to create an appropriate educational program.

**C. Expert Testimony Supports IEEs**

36.    Unopposed expert recommendations from Dr. Karen M. Hopkins and Dr. Andrew Daren support ABA therapy and specialized school placement.  This unopposed expert testimony underscores the need for current evaluations to tailor the student's IEP. The DOE's disregard of the testimony further justifies IEEs to ensure a FAPE.

## VI. RELIEF REQUESTED

37.  To remedy the DOE's procedural violations, to address the student's current needs as supported by expert testimony, to fulfill the IDEA's mandate for FAPE, the parents respectfully request that the Office of State Review reverse IHO Patritti's June 12, 2025 Decision in Case No. 293514, that the SRO order the DOE to fund comprehensive IEEs, including psychological and developmental pediatric evaluations, at public expense.

## VII. CONCLUSION

38.  The IHO erred in ignoring the DOE's failure to evaluate for 2024-2025 and 2025-2026, misapplying res judicata, denying IEEs.  The DOE's procedural violations and lack of evidence undermine its position.  Unopposed expert testimony and the IDEA's cooperative framework support the parents' request.   Reversing the IHO's Decision will ensure an IEP based on current, independent data, fulfilling the IDEA's purpose.

Dated: July 21, 2025                    Respectfully submitted,

                                                           */s/ Anton Mikofsky*

                                                           ANTON J. MIKOFSKY

NEW YORK STATE EDUCATION DEPARTMENT
OFFICE OF STATE REVIEW

-------------------------------------------------------------------------x  **IHO CASE NO. 293514**

MIRA AND JERRY TOTH,

on behalf of H█████ T█████ T█████, a student with a disability,

Petitioners,

- v. –

NEW YORK CITY DEPARTMENT OF EDUCATION,

Respondent.

-------------------------------------------------------------------------x


**MEMORANDUM OF LAW
IN SUPPORT OF REQUEST FOR REVIEW**


Dated: July 21, 2025                Respectfully submitted,

ANTON J. MIKOFSKY
LAW OFFICE OF ANTON J. MIKOFSKY
236 West 26th St., Ste. 303,
New York, NY 10001
antonmikofsky@aol.com)
Tel: 212 867 6735

i

# TABLE OF CONTENTS

I.     INTRODUCTION………..……………………………………………..1

II.    RELEVANT FACTS………………………………………….………………..2

       A.   In a District 75 school T█████ regressed………..………………….2

       B.   The DOE bussed T█████ four to six hours per day ………………..3

       C.   At Gersh Academy T██████ progressed…  ………………….……3

III.    PROCEDURAL BACKGROUND

       A.   In Case #284080 the IHO denied the parents motion for IEEs………4

       B.   The IHO reasoned that a denied of IEEs for 2024-2025 barred
           a request for IEEs to create an IEP for 2025-2026……………...…5

IV.    LEGAL STANDARD…………………………………………………………6

      A. The IHO Misapplied Res Judicata…………………………….……7

      C. The IHO excused the DOE from producing evidence………..……..8

      C. Premature Dismissal Without an Evidentiary Hearing
         Violated Procedural Safeguards……………….…...……….…….9

      D. The DOE's Procedural Violations Justify the IEE Request………..…9

      E. The Statute of Limitations Does Not Bar the IEE Request…………..10

      F. Pendency and Equitable Considerations Support the IEE Request…..10

V.    APPLICATION OF LAW TO FACTS…………………….………….……11

V.    RELIEF REQUESTED……………………...……………….……….…..11

VI.    CONCLUSION……………………………...……………….…………12

# TABLE OF AUTHORITIES

Cases

*D.S. v. Trumbull Bd. of Educ.,* 975 F.3d 152 (2d Cir. 2020)………………....…….10

*EDP Med. Comput. Sys., Inc. v. United States, 480* F.3d 621 (2d Cir. 2007)….……8

*Endrew F. v. Douglas County Sch. Dist.,* 137 S. Ct. 988 (2017)…………..……...…6

*J.G. ex rel. N.G. v. Kiryas Joel Union Free Sch. Dist.,* 777 F. Supp. 2d 606,
(S.D.N.Y. 2011)………………………………………………………………10

*Killoran v. Westhampton Beach Sch. Dist*., 2022 U.S. Dist. LEXIS 58579
(S.D.N.Y. 2022)…………………………………………………………....7, 9

*Polanco v. Carranza,* 2024 U.S. Dist. LEXIS 178811 (S.D.N.Y. 2024)……………6

*Schaffer v. Weast*, 546 U.S. 49 (2005)…………………………………………6, 9

*Telesca v. Long Island Hous. P′ship*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006)…..8

*Univ. of Tenn. v. Elliott*, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986)….8


Statutes and Regulations

20 U.S.C. § 1414(b)(2)(A)(ii), (c)(1)-(2), (d)(3)(A), (d)(4)(A)……………………6

20 U.S.C. §1414(b)(2)-(3)………………………………………………………….6

 20 U.S.C. § 1415(b)(1)……………………………………………………………6

20 U.S.C. § 1415(b)(6)(A)-(B)…………………………………………………...10

34 C.F.R. § 300.304……………………………………………………………….8

34 C.F.R. § 300.502(b)…………………………………………………………….6

8 NYCRR § 200.5(g)……………………………………………………………...7

28 U.S.C. § 1738…………………………………………………………………..5

## I.    INTRODUCTION

Under the Individuals with Disabilities Education Act (IDEA), Petitioners Mira and Jerry Toth, parents of H█████ T█████ T██, a student with autism, seek reversal of the Impartial Hearing Officer's (IHO) June 12, 2025, decision in Case No. 293514.  The IHO erred to dismiss parents' complaint requesting Independent Educational Evaluations (IEEs) at public expense.  The IHO's error contravenes the IDEA's purpose and policy to ensure a cooperative process to provide a FAPE tailored to the student's current needs.

The IHO ignored the New York City Department of Education's (DOE) failure to conduct timely evaluations. The decision parents appeal contravenes the IDEA's mandate for a cooperative process to ensure a Free Appropriate Public Education (FAPE) tailored to the student's current needs.

Relying on res judicata to bar an entirely new IEE request to support the creation of an IEP for the 2025-2026 academic year, the IHO misapplied legal principles, improperly shifted the evidentiary burden to the parents.

1

The parents request that the Office of State Review  reverse the IHO's decision order the DOE to fund comprehensive IEEs, including psychological and developmental pediatric evaluations, to assess H████s educational needs for the 2025-2026 academic year.

## II.   RELEVANT FACTS

In 2010 an Early Intervention Program psychologist, Dr. Xue J. Ma, diagnosed H████ T█████ T██ ("T██████") with autism spectrum disorder.

### A.  In a District 75 school T█████ regressed.

In a District 75 school, the classroom teacher lacked training in the education of autistic students.  The school employed no Board Certified Behavior Analysts.  Recognizing that District 75 lacked necessary resources, the school director and classroom teacher advised the parents to seek a specialized private school.  The parents requested a specialized private school and sufficient 1:1 instruction.

For three years the District and the parents litigated.  Unopposed experts testify that to progress academically and behaviorally, the student needs intensive 1:1 Applied Behavior Analysis (ABA) therapy plus a specialized educational settings.

From 2015 to 2019, H███ attended AMAC, a Manhattan school for students with disabilities.  Following a bankruptcy filing, AMAC closed.  At AMAC high teacher turnover disrupted T█████s learning. Anxiety caused

2

T███ to gnaw holes in clothing, to throw objects in the classroom, to injure himself by biting.

**B. The DOE bussed T███ four to six hours per day.**

For the 2019-2020 school year, the DOE placed H██ at AHRC. The transportation to AHRC required 4–6 hours of daily busing. In Case No. 173630, an IHO ruled that the placements at AMAC and AHRC from 2017 to 2020 constituted a "gross violation" of the student's right to education.. The IHO approved tuition funding for Gersh Academy. The SRO affirmed. SRO Decision 20-089 granted parents' request for 20 hours per week of home-based 1:1 ABA therapy.

**C. At Gersh Academy T███ progressed.**

Attending Gersh Academy, T███ also enjoys 20 hours of weekly related services. From 2020 to present at Gersh Academy T███ thrived.

In case # 248309, the parents disagreed with the DOE's March 23, 2023 evaluation. IHO Edward Perkins ordered IEEs. The DOE's nonpayment to a neuropsychologist in a separate case prevented completion of the IEEs before the authorization expired on June 30, 2024. Toth Affidavit, Parent Exhibit Q.

To create an educational placement for the 2024-2025 school year, the DOE created no Individualized Education Program (IEP). The DOE did not evaluate the student. Without parental input, unilaterally, the DOE assigned T███ to a District 75 school. The DOE ignored the parents' 10-day notice of unilateral placement at Gersh Academy.

### III.    PROCEDURAL BACKGROUND

**IHO Carina Patritti denied IEEs for the 2024-2025 and 2025-2026 school years.**

Each year for 13 years the parents and the DOE litigated whether T█████ needs a specialized private school and 1:1 instruction.

Over the eight years from 2017 to 2025, in five cases numbers 173630, 211081, 230169, 248309, 284080, the DOE never presented one witness or evidence supporting the DOE's position.  In five consecutive cases the IHOs ruled that the DOE failed to create a FAPE.  That the DOE presented no Prong I case in five consecutives cases, shows a pattern of inadequate assessments and placements.

### A.   In case # 284080, the IHO denied the parents' motion for IEEs.

The IHO complained of a dearth of current assessments.[1]   Meanwhile the IHO omitted to disclose clearly that she had prevented the same evaluations she deemed needed to create an appropriate IEP.   See Decision 4/3/2025 footnote 4.

Parent's motion did not request IEEs post hearing.   Parents requested IEEs as preliminary relief.   In her Decision Footnote 4, the IHO failed to explain how parents could withdraw a request the parents never made.

---

[1]        "Importantly, I have no baseline of this Student, but only outdated evaluations/reports that are either six years old or twelve years old …I have no useful information that would inform what are Student's current academic levels, abilities, or deficits or challenges."

Decision 4/3/2025 p. 9.

4

**B.  The IHO reasoned that a denial of IEEs for 2024-2025 barred a request for IEE's to create an IEP for 2025-2026**

In Case No. 293514, the parents challenged the DOE's reliance on an outdated March 2023 evaluation and the absence of evaluations to create an IEPs for the 2025-2026 school years.  The parents disagreed with an outdated 3/23/2023 evaluation and  the DOE's omission to perform any subsequent evaluation for two school years.

Coaching DOE's counsel, the IHO flaunted bias.[2]  Without holding an evidentiary hearing, the IHO, for a second time, dismissed the parents request for IEEs.

The IHO overlooked the DOE's failure to evaluate or to develop an IEP for the 2024-2025 school year.  The IHO perpetuated the DOE's conduct into the 2025-2026 academic year.  Citing her decision under appeal in Case # 284080, for the 2024-2025 academic year,  and res judicata, IHO Carina Patritti denied IEEs to create an IEP for the 2025-2026 academic year.

---

[2]          "Thank you. Mr. Spitalli, please make sure you read the DPC and Parent's motion prior to the DPC. Parent's counsel notes in their motion that IHO Perkins had already granted IEEs in case number 248309 but were never performed. The subsequent school year,  I also denied the interim IEE request in case number 284080. We will discuss this at the PHC.  Please do not respond to this email."

IHO email 5/2/2025

## IV.    LEGAL STANDARD

Because T███████ is a disabled student, the DOE must provide him

with a FAPE, pursuant to the IDEA, by providing an appropriate educational

placement set forth in an IEP.  *Polanco v. Carranza*, 2024 U.S. Dist. LEXIS

178811, *5.

The DOE's failure to evaluate the student or to create an IEP for the 2024-

2025 school year was not "reasonably calculated to enable [T██████] to make

progress appropriate in light of [his] circumstances." *Endrew F. ex rel. Joseph F. v.*

*Douglas Cnty. Sch. Dist. RE-1,* 580 U.S. 386, 399 (2017). The DOE's failure to

conduct any evaluation since March 2023 constitutes a procedural violation,

undermining T.T.'s right to a FAPE.  Id.

The IDEA requires comprehensive assessments. IEPs are largely based on

the results of statutorily required evaluations. *See* § 1414(b)(2)(A)(ii), (c)(1)-(2),

(d)(3)(A), (d)(4)(A). The IDEA mandates that school districts conduct

comprehensive evaluations using varied assessment tools, administered by trained

personnel, to ensure a FAPE tailored to a student's unique needs. 20 U.S.C.

§1414(b)(2)-(3).

To level the playing field between parents and schools, the IDEA and New

York State Law entitled Parents who disagree with a district's evaluation to a

publicly funded IEE to inform the IEP process,. 20 U.S.C. § 1415(b)(1); 34 C.F.R.

§ 300.502(b); *Schaffer v. Weast,* 546 U.S. 49, 60-61 (2005).

When a parent requests an IEE, the district must either fund the IEE without delay or initiate a due process hearing to defend its evaluation. 34 C.F.R. § 300.502(b)(2); 8 NYCRR § 200.5(g) A.

## A.  The IHO misapplied Res Judicata.

In Case No. 248309, IHO Perkins ordered IEEs for 2023-2024.  That the parents, for administrative reason, could not complete the IEEs creates for subsequent academic years no precedent that IEEs should be denied.  The IHO's reasoning makes no sense.

*Res judicata* precludes relitigating claims that were or could have been raised in a prior proceeding.  *Res judicata* requires a final adjudication on the merits, identical parties, and the same cause of action. *EDP Med. Comput. Sys., Inc. v. United States,* 480 F.3d 621, 624 (2d Cir. 2007).

### i.  In prior proceedings parents could not have requested the IEE to create an IEP for the 2025-2026 school year.

In Case #293514, the IHO ignored the IDEA's requirement for annual evaluations. The IHO ignored the DOE's failure to conduct evaluations for two consecutive academic years.   The IHO impeded the creation of an appropriate IEP.

In Case #293514, the IHO erred to apply *res judicata* to dismiss the parents' entirely new IEE request to create an IEP for the 2025-2026 academic year.  A new school year presents new facts and circumstances, distinct from prior cases addressing earlier school years. See *Killoran v. Westhampton Beach Sch. Dist.,*

2022 U.S. Dist. LEXIS 58579, *5, where SRO Justin Bates recognized that claims for a new academic year were distinct from prior claims.

### ii. Case #284080 lacks finality.

Case No. 284080 addressed the 2024-2025 school year. Parents' appeal renders *res judicata* inapplicable. *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986) ("28 U.S.C. § 1738 governs the preclusive effect to be given the judgments and records of state courts, and is not applicable to the unreviewed state administrative factfinding at issue in this case."); (*Telesca v. Long Island Hous. P'ship*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006) (holding, in the context of a Section 504 claim, that "it is well-settled that unreviewed administrative determinations have absolutely no preclusive effect on discrimination claims in federal court").

## B. The IHO excused the DOE from producing evidence.

The DOE bears the burden to defend its evaluation or justify its absence when parents request an IEE. 34 C.F.R. § 300.502(b)(2).

The DOE presented no evidence that T███s needs for the 2025-2026 academic year were identical to T███s academic needs for the 2023-2024, and 2024-2025 academic years. The 2025-2026 academic year, unlitigated in prior proceedings, involves T███ potentially evolving needs.

The DOE provided no evidence to support its claim that the March 2023 evaluation remains sufficient or that no evaluation was needed for 2024-2025 or

2025-2026. The DOE failure to evaluate the student violates the IDEA's mandate for timely, comprehensive assessments. 34 C.F.R. § 300.304.

The IHO improperly shifted to parents the burden of proving a need for IEEs. (*Killoran*, 2022 U.S. Dist. LEXIS 58579, *10).

Unopposed expert recommendations from Dr. Karen M. Hopkins and Dr. Andrew Daren, advocating for ABA therapy and specialized placement at Gersh Academy, underscore the need for current evaluations. The DOE's reliance on an outdated evaluation and its failure to act for two years justify the IEE request.

## C. The IHO's Premature Dismissal of Parents' Claim Without an Evidentiary Hearing Violated Procedural Safeguards.

The IHO's dismissal of the due process complaint without an evidentiary hearing denied the parents a full and fair opportunity to present their case, violating the IDEA's procedural safeguards. *Schaffer v. Weast,* 546 U.S. 49 (2005). In Killoran v. Westhampton Beach Sch. Dist., supra, SRO Bates criticized premature dismissal without a hearing, emphasizing the need for a complete record to assess FAPE.

The IHO's reliance on written submissions, despite evidence of DOE payment issues and the absence of recent evaluations, compounded the DOE's procedural violations and prejudiced the parents' rights.

## D. The DOE's Procedural Violations Justify the IEE Request.

The DOE's failure to conduct evaluations or develop IEPs for 2024-2025 and 2025-2026, coupled with the DOE unilateral placement without parental input,

violated the IDEA's cooperative process. *J.G. ex rel. N.G. v. Kiryas Joel Union Free Sch. Dist.,* 777 F. Supp. 2d 606, 648 (S.D.N.Y. 2011).

The DOE ignored the parents' 10-day notice of unilateral placement at Gersh Academy, where H████ thrives. The DOE's nonpayment to evaluators, which prevented IEE completion in Case No. 248309, constitutes a procedural defect attributable to the DOE, not the parents.

Granting IEEs would remedy these violations to ensure current data for an appropriate IEP.

**E.  The Statute of Limitations Does Not Bar the IEE Request.**

No statute of limitations restricts IEE requests under the IDEA. 20 U.S.C. § 1415(b)(6)(A)-(B).   In *D.S. v. Trumbull Bd. of Educ.,* 975 F.3d 152, 169 (2d Cir. 2020), the Second Circuit held that parents may request IEEs to address deficient or absent evaluations, regardless of timing.

The parents' disagreement with the outdated March 2023 evaluation and the DOE's failure to evaluate for subsequent years remains actionable.

**F.  Pendency and Equitable Considerations Support the IEE Request**.

Gersh Academy is T█████s established pendency placement, affirmed by SRO Decision 20-089 and unappealed in Case No. 248309.  The IEE request aligns with maintaining an appropriate educational program.

The balance of equities tips in favor of the parents, who seek only to ensure a FAPE through current, independent evaluations.

## V.    APPLICATION OF LAW TO FACTS

The IHO erred to overlook the DOE's procedural failures. The DOE failed to evaluate T█████ for two consecutive academic years.  Without an IEP, without parental input the DOE unilaterally placed T████.   The DOE violated not only the IDEA's procedures but also substantive requirements.

The parents' request for IEEs to inform the 2025-2026 IEP addresses new facts and circumstances, a new academic year, distinct from prior cases. The IHO's reliance on res judicata ignored the evolving nature of T█████s educational needs.

Unopposed expert testimony from Dr. Karen M. Hopkins, M.D. and Dr. Andrew Daren supports the need for updated evaluations to tailor an IEP to H███'s current needs, ensuring a FAPE.

The IHO prematurely dismissal the parents' IEE request, without requiring the DOE to sustain the DOE's statutory burden of proof.  Dismissal of the complaint without a hearing prejudiced the parents' rights, compounding the DOE's violations

## VI.    RELIEF REQUESTED

To remedy the DOE's procedural violations, to provide current data to develop an appropriate IEP, to fulfill the IDEA's mandate for a FAPE, the parents respectfully request that the Office of State Review reverse the IHO's June 12, 2025, decision in Case No. 293514, that the SRO order the DOE to fund

11

comprehensive IEEs, including psychological and developmental pediatric evaluations, at public expense.

## VII.    CONCLUSION

The DOE's procedural violations, including the absence of evaluations and IEPs for two years, undermined T███s right to a FAPE.   The IHO erred to ignore the DOE's failure to conduct timely evaluations.

The IHO erred to apply res judicata to bar an IEE request aimed at the 2025-2026 academic year.  The IHO improperly shifted the evidentiary burden to the parents. Unopposed expert testimony supports the need for IEEs to assess H███s evolving needs.

Reversing the IHO's decision will ensure an IEP based on current, independent data, consistent with the IDEA's cooperative framework.

Dated: July 21, 2025                    Respectfully submitted,

                                        /s/ Anton Mikofsky

                                        ANTON J. MIKOFSKY
                                        LAW OFFICE OF ANTON J. MIKOFSKY
                                        236 West 26th St., Ste. 303,
                                        New York, NY 10001
                                        antonmikofsky@aol.com)
                                        Tel: 212 867 6735