**LAW OFFICE OF ANTON J. MIKOFSKY**

236 West 26th St., Ste. 303, New York NY 10001

antonmikofsky@aol.com

Tel: 212 867 6735

January 28, 2026

**BY ECF**

Judge Nina R. Morrison

United States District Court Theodore Roosevelt

United States Courthouse 225

Cadman Plaza East, Brooklyn, New York 11201

**Re: Toth, et al. v. New York City Dep't of Educ., 25-cv-3317 (NRM) (TAM)**

Your Honor:

As attorney for the Plaintiffs in the above-referenced matter, I submit this letter to accompany Plaintiffs' Memorandum of Law, affidavits, exhibits.

The SRO established and three IHOs reconfirmed an educational placement (Gersh Academy + 20 hours of ABA per week). To cut off funding the autistic student's educational services the Department relied on a procedural sham, the "School Location Letter". To create a 2024-2025 educational program, Department dispensed with parental input, evaluations, CSE meetings, an IEP.

The school district violated the IDEA by failing to offer an IEP for the 2024-2025 school year. This violation deprived the Student of a FAPE. The Department did not appeal the ruling in Case # 284080 (2024-2025), finding the Department's educational placement a FAPE denial.

The Department's recent "Pendency Implementation Form" admits the legal validity of the educational placement the SRO and a succession of IHOs ordered. The admission withdrew from issue, dispensed wholly with the need for proof of the Student's current pendency placement.

The Department's motion requests to profit from the denial of FAPE by leaving tuition and ABA unpaid. The motion ignores the merits of a peremptory funding cut-off without mandated procedural safeguards. The nonpayment of tuition and ABA constitutes a continuing violation of the stay-put provision, warranting equitable enforcement of the automatic injunction under IDEA. *see*

1

*N.Y.C. Dep't of Educ. v. S.A. ex rel. N.A.,* No. 12 Civ. 1108(DLC), 2012 WL 6028938, at *1 (S.D.N.Y. Dec. 4, 2012) ("a state must continue to fund the child's last agreed-upon placement unless and until a new placement is established, *inter alia,* by an unappealed administrative decision upholding the appropriateness of a change of placement, or by a court.").

Throughout the 2024-2025 school year, the parties actively litigated a federal proceeding directly addressing the 2024-2025 educational placement. Plaintiffs' appeal requested compensatory education for the same educational placement the SRO had ordered and three IHOs reaffirmed. See *Toth v. NYC DOE*, 21-cv-04245.

The Department requests this Court to cancel stay-put during an active federal proceeding with a nexus to the educational placement. The Department cites no Second Circuit case law for the reason that none exists.  Once triggered, stay-put persists through appeals without requiring annual DPCs.  *Doe v. East Lyme Bd. of Educ.,* 790 F.3d 440 455 (2015), citing *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.,* 297 F.3d 195, 199 (2d Cir.2002).

The Department's claim of mootness is meritless.  The Department unrelentingly refuses to comply with the only validly created placement. In the fast approaching 2026-2027 school year, the Department's nine FAPE denials in nine years, create a reasonable expectation of recurrence  (Toth Declr. 1/28/2026, ¶5).

We respectfully request that the Court deny the Motion to Dismiss and schedule a conference to resolve the Department's outstanding obligations.

Respectfully submitted,

*/s/ Anton J. Mikofsky*

Counsel for Plaintiffs

By ECF

c.c.  Jamini Vyas, Counsel for Defendants