UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x Case No. 25-cv-03317 (NRM)(TAM)
JERRY GEZA TOTH,
individually and on behalf of T.T.,


Plaintiffs,

– v. –


NEW YORK CITY DEPARTMENT
OF EDUCATION,

Defendant.
------------------------------------------------------------------------x


# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS


Dated:  January 28, 2025          ANTON J, MIKOFSKY, ESQ.
LAW OFFICE OF ANTON J. MIKOFSKY
236 West 26th St., Ste. 303
New York NY 10001
antonmikofsky@aol.com
Tel: 212 867 6735

i

# TABLE OF CONTENTS

I.   Preliminary Statement…………………………………………………………..…………1

II.  Relevant Facts………………………………………………………………,…………8

III. Standard of Review………………………………………………………………11

IV.  Argument…………...…………………………………………………………….11

      A.  The Claim Remains Live….……………………………………………………12

      B.  The "School Location Letter" never became the
          "legally operative" placement….…………………………………………….13

      C.  The nonpayment of tuition and ABA constitutes a continuing violation
          of the stay-put provision, warranting equitable enforcement of the
          automatic injunction under IDEA……………………………………..……..16

      D.  The 2021 DPC #206350 provided continuous stay put during
          the months when the department stopped paying tuition and ABA…………...18

      E.   Stay-put claims present an exception to exhaustion…………….………...22

      F.  Defendant's Remaining Arguments Lack Merit…….………………...……..23

V.  Conclusion…………...………………………………………………………………23

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)................................................................11, 13

*Ambrister v. N.Y.C. Dep't of Educ.* No. 22-cv-5516, 2024 U.S.………………….………12

*Araujo v. N.Y.C. Dep't of Educ.* 2024 U.S. Dist. LEXIS 102669
    (S.D.N.Y. June 10, 2024)………………………………………………………12

*Bd. of Educ. v. Schutz,* 290 F.3d 476, 484 (2d Cir. 2002)......................................6, 17, 18, 19, 21

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)................................................11, 13

*Biro v. Condé Nast* 807 F.3d 541 (2d Cir. 2015)........................................................23

*Canning v. Admin. for Children's Servs.*, 588 F. App'x 48 (2d Cir. 2014).................23

*Doe v. East Lyme Bd. of Educ.,* 790 F.3d 440 (2d Cir. 2015).....................................Passim

*First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763 (2d Cir. 1994)...............23

*Forest Grove Sch. Dist. v. T.A.,* 557 U.S. 230, 238-39 (2009)....................................2, 17

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*
    (TOC), Inc., 528 U.S. 167, 189 (2000).........................................................12, 18

*Grullon v. Banks,* 2023 U.S. Dist. LEXIS 188079
    (S.D.N.Y. Oct. 19, 2023)................................................................................12
.

*Heldman v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992)..................................................6, 22

*Honig v. Doe,* 484 U.S. 305 (1988)..............................................................................6

*J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 114 (2d Cir. 2004)......................6, 17, 22

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)……………………………….23

*Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)....................................11

*Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.,*
    386 F.3d 158, 160-661 (2d Cir. 2004)…………………………………….2, 6, 15, 19, 21

*Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199
(2d Cir. 2002)………………………………………………….......14, 17, 18 22

*M.Z. v. New York City Dep't of Educ.,* 2013 WL 1314992 (S.D.N.Y. 2013)………..3, 17

*Nat'l Org. for Marriage, Inc. v. Walsh,* 714 F.3d 682, 692 (2d Cir. 2013).................6, 12

*T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.,* 752 F.3d 145, 171
(2d Cir. 2014)....................................................................................6, 18, 19, 21

*Toth v. City of New York Department of Education*,
Case No. 17-383-cv (2d Cir.2018)...................................................7, 17

*Toth v. New York Citv Department of Education,* 14 cv-3776 (EDNY 2014)……….7, 18

*Toth v. NYC Dep't of Educ.*, 21-cv-04245 (AMD)(RER)............................................5, 9, 18, 21

*Univ. of Tex. v. Camenisch,* 451 U.S. 390, 393–94 (1981)........................................8

*Ventura de Paulino v. N.Y.C. Dep't of Educ.,*
959 F.3d 519, 532 (2d Cir. 2020)...................................................14, 17, 22

*Zvi D. v. Ambach,* 694 F.2d 904, 906 (2d Cir. 1982)..................................................7, 17

**STATUTES**

§1415 proceeding          …………………………………………………..8, 9

20 U.S.C. § 1414(a)–(c)......................................................................................2

2  U.S.C. § 1414(d)(2)(A)...................................................................................2

2   U.S.C. § 1415.................................................................................................1

20 U.S.C. § 1415(b)(3) & (c)..............................................................................2

20 U.S.C. § 1415(j)................................................................5, 14, 15, 16, 18, 19, 20, 21

34 C.F.R. § 34………………………………………………………………….3

34 CFR 300.514(a...........................................................................................3

N.Y. Educ. Law § 4404(1)...............................................................................1

U.S.C. § 1414(d)..............................................................................................2

20 U.S.C. § 1414(d)(1)(B)................................................................................1

**TREATICES**

2 K. Broun, McCormick on Evidence § 254, p. 181 (6th ed.2006)…………………3

**OTHER
AUTHORITIES**

Tr. 08/06/2025......................................................................................6, 23

## I.  PRELIMINARY STATEMENT

At the age of two years, eight months the Student was diagnosed with Autism Spectrum Disorder (ASD).  T.T. is extremely distractible.  He cannot learn in a classroom without 1:1 supervision. See Affidavit of Dr. Karen M. Hopkins, M.D.

By a peremptory one-page "School Location Letter", Exh. B, the New York City Department of Education ("the Department" or "DOE") purported to create an educational placement for the 2024-2025 school year.  On its face, the "School Location Letter" shows fundamental, obvious errors. The DOE created an education placement without an evaluation. The DOE convened no duly constituted Committee on Special Education (CSE). 20 U.S.C. § 1414(d)(1)(B). The DOE created no IEP. The DOE issued no prior written notice. The Letter precluded parental participation.

Despite overwhelming evidence of T.T.'s need for 1:1 instruction, the DOE, by an invalid procedure, placed T.T. in a 6:1:1 classroom without sufficient 1:1 instruction.

1

Five days after emailing the "School Location Letter", the DOE stopped paying tuition and ABA in summer 2024 and never paid it.[1]

**A. The "School Location Letter" did away with the procedures of the IDEA.**

The "School Placement Letter" failed to adhere to mandatory, essential legal procedures of the IDEA - an evaluation, 20 U.S.C. § 1414(a)–(c); a CSE meeting permitting parental participation. 20 U.S.C. § 1414(d)(1)(B); creation of an IEP, 20 U.S.C. § 1414(d); prior written notice, 20 U.S.C. § 1415(b)(3) & (c).

The DOE's issued its "School Location Letter" without an evaluation, CSE meeting, IEP, or prior written notice.  The IDEA requires that "[a]t the beginning of each school year, each local educational agency, State educational agency, or other State agency . . . shall have in effect, for each child with a disability in the agency's jurisdiction, an individualized education program." 20 U.S.C. § 1414(d)(2)(A). "[W]hen a child requires special-education services, a school district's failure to propose an IEP of any kind is at least as serious a violation of its responsibilities under IDEA as a failure to provide an adequate IEP." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 238-39, 129 S.Ct. 2484, 174 L.Ed.2d 168 (2009).

---

[1] Funding is a procedural right.  *Ventura de Paulino,* 959 F.3d 519, 531 ("Congress's policy choice was that a child is entitled to remain in his or her placement at public expense during the pendency of an IEP dispute, regardless of the merit of the child's IEP challenge or the outcome of the relevant proceedings"), citing  *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.,* 386 F.3d 158, 160-661 (2d Cir. 2004).

The DOE attempted to stop funding simply because a new school year started. Merely because a new school year began, the DOE cannot unilaterally "cancel" a status quo that has been adjudicated multiple times. To create a valid placement a school district must follow the procedures of the IDEA – evaluation, CSE meeting, creation of an IEP, prior written notice.

## B. The Department consented to a FAPE denial finding.

The Department implicitly treats the "School Location Letter" as a valid placement change attempt. The Department argues pendency began only when plaintiffs challenged the Defendant's void Letter.

SRO Decision 20-089 established and three IHO decision reaffirmed the student's only validly created placement. The Department's void "School Location Letter" could not and did not alter the Student's 'then-current educational placement'.

IHO case # 284080 IHO Patritti ruled that the Department. for the 2024-2025 school year, denied FAPE. The Department's decision not to appeal the FAPE denial rendered that finding permanent and binding.[2] The Department failed to follow legally required procedures, did not create an IEP, denied FAPE.

## C. The Department could not replace a validly, adjudicated educational placement with a broken one.

Non-compliance with mandated procedures rendered the "School Location Letter" a legal nullity. The school district's invalidly created placement left in place the Student's prior placement. ECF 1.2. In the absence of any other valid, implemented IEP,

---

[2] Educ. Law §4404(1); 34 CFR 300.514[a]; 8 CRR 200.5[j][5][v]; see *M.Z. v. New York City Dep't of Educ.,* 2013 WL 1314992, at 6-7, 10 [S.D.N.Y. 2013].

3

the student's longstanding, four times adjudicated placement remained intact as the only legally operative placement.

**D. The DOE formally admitted that the 2023-2024 educational placement continued.**

The DOE's Pendency Implementation Form withdrew from issue and dispensed wholly with the need for proof of the Student's pendency placement. The DOE's judicial admission is conclusive on the issue of what is the student's educational placement. [3] See Pendency Implementation Form, Exh. F.

The parties have agreed upon the student's stay-put placement – Gersh + ABA.

The parties disagree only on how to enforce that placement. From the legal nullity of the "School Location Letter" the Department seeks ill-gotten gains. The Department requests, by a denial of FAPE, to leave tuition and ABA unpaid. It is urged that a Court of equity should not reward unlawful procedures or encourage violations.

**E. The issue of the School Location Letter remains live.**

Plaintiffs do not ask this Court to determine what the placement should be, only to enforce what it already is until a new placement is properly established through the IDEA's procedures (evaluation, IEP). In the request for relief, ¶57(a), the Complaint requests:

---

[3] 2 K. Broun, McCormick on Evidence § 254, p. 181 (6th ed.2006), cited by *Christian Legal Soc. Chapter v. Martinez,* 561 US 661 130 S.Ct. 2971, 2983 (2010).

4

> "(a) Under Count I, issue a pendency order ensuring T.T.'s placement at Gersh Academy with 20 hours per week of home-based 1:1 ABA therapy…"

Pursuant to §1415(j), the Complaint requests an ongoing pendency injunction without limitation to a particular year.  The Complaint's request for relief, ¶57(a), seeks to preserve - for the 2024-2025 school year, and for future years - the status quo until a lawful IEP is implemented.

When the plaintiffs filed the Amended Complaint  - June 12, 2025 - the Department had not created an educational placement for the 2025-2026 school year. The parents had not filed a case requesting relief for the 2025-2026 school year.

Contrary to the Department's contention that the Complaint requested relief exclusively for a single year, for the 2025-2026 school year, the Complaint's allegations frame the entire action around the 2024-2025 disputes (e.g., the School Location Letter dated June 26, 2024, plaintiffs appeal of Case #284080 covering the 2024-2025 school year.   The Complaint's key paragraphs allege DOE failures specific to the 2024-2025 school year:

> ¶9: "For the 2024-2025 academic year, the DOE did not evaluate T.T., did not issue an IEP. Instead the DOE issued the School Location Letter in Exhibit 'B'."

> ¶12: "For the 2024-2025 academic year, the DOE failed to consider 1:1 instruction... The DOE's   June 26, 2024, School Location Letter proposing a 6:1:1 classroom was inadequate."

> ¶17: "For the 2024-2025 academic year, the DOE failed to evaluate T.T., issue an IEP..."

> ¶20: "The DOE's June 26, 2024, placement in a 6:1:1 classroom... denied him a     Free Appropriate Public Education ('FAPE')."

5

¶22: "This action presents a case or controversy regarding T.T.'s education for the 2024-2025 and 2025-2026 academic years..."

¶25: "The DOE failed to issue an IEP for T.T. for the 2024-2025 academic year..."

The Department's Pendency Form limits pendency to 2025-2026. The Department's Pendency Form does not fix the injury.

Over the nine years, IHOs have determined that the DOE denied FAPE in all nine years.

| Year | Proceeding | IHO Name | Date of Decision Finding FAPE denial. |
| --- | --- | --- | --- |
| 2017-2020 | 173620 | Brad Rosken | April 20, 2020 |
| 2021-2022 | 211081 | Jean Marie Brescia | June 17, 2022 |
| 2022-2023 | 230169 | Lorianne Wolseley | November 1, 2022 |
| 2023-2024 | 248309 | Edward Perkins | April 2, 2024 |
| 2024-2025 | 284080 | Carina Patritti | April 3, 2025 |
| 2025-2026 | 195741 | Michael Das | January 9, 2026 |

The Giutini Declaration fails to engage the Department's "capable of repetition" history.  The Giutini Declaration ignores (a) nine FAPE denials in nine years, (b) continued litigation of the 2024-2025 school year, (c) unremedied 2024 harms. See Exhibits in Opposition, Exh. J, K.  Given the Department's pattern of issuing procedurally invalid placements, unilaterally ceasing funding at the start of each school year, Plaintiffs' claim falls under the 'capable of repetition, yet evading review' exception to mootness, warranting an ongoing pendency order.  E.g. *Nat'l Org. for Marriage, Inc. v. Walsh,* 714 F.3d 682, 692 (2d Cir. 2013)).

6

It is urged that this Court should grant the Complaint's ¶57(a) request for a stay-put order not limited to a single year.

**Plaintiff's due process proceeding triggered stay put for four years.**

In 2021, to challenge the student's educational placement and to request educational services over the next five years, the parents filed a due process complaint in Case # 206350, Exh. G.  Filing a due process complaint triggers stay-put. *Doe v. East Lyme Bd. of Educ.,* 790 F.3d 440 (2d Cir. 2015).  The IHO and SRO denied relief. SRO #21-215.  In *Toth v. NYC Dept. of Educ.,* 21-cv-04245 (AMD)(RER), the parents appealed to the Eastern District.

Once a due process complaint triggers a stay-put obligation, the stay-put continues "until the relevant administrative and judicial proceedings conclude." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.,* 752 F.3d 145, 171 (2d Cir. 2014)("The stay-put provision requires a school district to continue funding whatever educational placement the parties last agreed upon for the child until the relevant administrative and judicial proceedings conclude"). As long as the parties litigate the complaint and related appeals, an automatic, ongoing federal injunction preserves stay-put. *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.,* 386 F.3d 158, 160 (2d Cir. 2004). Once triggered, the obligation lasts through all appeals. *Bd. of Educ. v. Schutz,* 290 F.3d 476, 484 (2d Cir. 2002).

The motion should fail.

7

## II. RELEVANT FACTS

**1.  The SRO ordered an operative placement ("the SRO placement").**

In 2019, following a school closure, months without a school, the Department was busing the Student four to six hours per day.  In Case No. 173630 (2017–2020), IHO Brad Rosken found a "gross violation".  FOFD 4/20/2020, p. 13.  The IHO granted the parents request for prospective payment of Gersh Academy tuition.

**2.   Affirming the grant of Gersh Academy, the State Review Officer (SRO) modified to add 20 hours per week of ABA.**

The SRO issued a final administrative decision establishing that the Student's appropriate educational placement consisted of enrollment at Gersh Academy supplemented by 20 hours per week of home-based 1:1 ABA therapy.  SRO Decision 20-089, Exh. A.

**3.  Over the next three years a series of IHOs in successive administrative proceedings reviewed and affirmed the placement.**

In case # 248309 (2023-2024), IHO Edward Perkins reaffirmed the SRO placement of Gersh Academy plus 20 hours per week of ABA. ECF 1-2.  That an unbroken chain of three subsequent IHOs (2022-2024) reaffirmed the SRO placement plaintiffs challenged in #206350, creates a "direct nexus" between the due process complaint # 206350 and the 2024-2025 educational placement. In due process complaint #206350, the parents requested 760 hours of compensatory education over the next five hears.  The due process complaint directly addressed the 2024-2025 placement.

That the Department did not appeal the decisions of the SRO and the three IHOs renders final binding SRO Decision 20-089,  2021 Case # 211081, 2022 Case # 203169,

2023 Case #248209.   By not appealing the Department consented to the educational placement.

### 4. Parents' due process complaint #206350 requested future educational services "over the next five years" (760 hours of ABA).

During the 2020-2021 school year T.T. attended Gersh Academy and received 20 hours per week of ABA (the "SRO Placement").  By a §1415 proceeding, the plaintiffs challenged the provision of a FAPE.  This due process complaint requested 760 hours of prospective make-up services (future ABA/speech to remedy past denials).  The request in complaint #206350 (filed in 2021) for five-year prospective relief explicitly covers future services through 2026, overlapping the student's 2024-2025 needs.  Exh. G

An unbroken chain of IHOs reaffirmed the placement the parents had challenged in #206350, creating a "direct nexus" between the federal case and the student's 2024-2025 placement.  Case #206350 and federal proceeding 21-cv-04245 challenged that core placement which has continued to the present.  Exh. F.

In federal court during summer 2024 the parties were still litigating that core placement.  Accordingly the automatic injunction protected the status quo.

### 5. The Department used its void "School Location Letter" to change the "status quo".

The parents did not immediately realize that the Department - enforcing the procedural nullity of the "School Location Letter" – could and would stop paying tuition and ABA.  Until August 23, 2024, the parents did not file a due process complaint for the 2024-2025 school year.  Unaware of the Department's cancellation of tuition and ABA, the parents never raised or litigated the issue of pendency in Case # 284080 (2024-2025).

**6. During an appeal, the parents request a stay put order.**

In case # 284080 (2024-2024) IHO Patritti not only ruled that the Department denied a FAPE. The IHO also denied all the parents' requests for relief. The Department did not appeal. The parents appealed   The SRO has not issued a decision.

Plaintiffs' appeal of IHO Patritti's 2024-2025 decision is a "proceeding" under § 1415(j). During this appeal, the DOE's Pendency Implementation Form offers no relief. The Form provides relief for a different, school year (pendency for 2025-2026). The stay-put obligation for the 2024-2025 school year's dispute remains active during the appeal.

**8. The Department denied plaintiffs an administrative forum to litigate pendency.**

From May to June 2025, the Plaintiffs tried to docket a due process complaint seeking a pendency order. The DOE declined to docket the complaint. Exhibits H–I. In Case No. 295741 (2025–2026), IHO Das declined to exercise jurisdiction over the 2024-2025 pendency issue. IHO Das directed the plaintiffs to proceed in federal court. Tr. 08/06/2025 at 6–7. ECF 17-2.

**9. The parties settled their federal case No. 21-cv-04245. Exh. I.**

In case # 21-cv-04245 the plaintiffs did not limit the dispute to the 2020-2021 school year. The plaintiffs requested relief over multiple years. The settlement (385 hours post-July 2025) shows the forward-looking scope of the case. The complaint's scope overlapped 2024-2025 needs. ECF 1-2.

**10. When parents filed the present case, the Department had not yet created a placement for the 2025-2026 school year.**

The plaintiffs commenced the current action on June 12, 2025. At the time of filing, the parents had not filed a complaint for the 2025-2026 school year.

To preserve the status quo while the parents appealed case #284080 (2024-2025) the Amended Complaint sought stay-put.   Amended Complaint §§ 9, 12, 17, 20, 22, 25.

**11. A new decision reaffirmed the placement the SRO and three preceding IHOs had offered.**

IN Case No. 295741 (2025–2026), the January 9, 2026 FOFD of IHO Das reconfirmed the SRO Placement except IHO Das added 100 hours of compensatory speech therapy.   Once again the Decision for the 2025-2026 school year found the Defendant denied FAPE.

## II.   STANDARD OF REVIEW

The Court accepts all well-pleaded allegations as true on a Rule 12(b)(6) motion. The Court draws reasonable inferences in Plaintiffs' favor. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal occurs improperly unless the complaint fails to state a plausible claim. *T*wombly, 550 U.S. at 570.

The Court may consider extrinsic evidence like affidavits on a Rule 12(b)(1) motion. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## III.   ARGUMENT

The DOE bases its motion on two principal assertions:

1.  Plaintiffs' request for a pendency order is moot because the DOE issued  a Pendency Implementation form covering a single school year.

2.  No "proceeding" existed for the 2024–2025 school year during July– August 2024. No stay-put obligation attached until the parents filed an August 23, 2024 Due Process Complaint.

11

A.    THE CLAIM REMAINS LIVE

Contrary to the Defendant's Memorandum, plaintiffs did not request a pendency order limited to the 2025-2026 school year. On mootness, the Department argues against a straw man.

The Defendant's own exhibit, Exh. F, proves, firstly, that Defendant provided no relief for the 2024-2025 and for years after 2025-2026.  The DOE's nine FAPE denials in nine years create a reasonable expectation of recurrence. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d at 692.   Secondly, the Department's Pendency Form leaves the door open for future violations of stay-put.

Nonpayment perpetuates an ongoing disruption to T.T.'s placement, violating stay-put's automatic injunction.  It is urged that the nonpayment warrants equitable reimbursement to restore the status quo. *Zvi D. v. Ambach,* 694 F.2d at 906.

A case becomes moot only if events eradicate the violation's effects, and reasonable expectation of recurrence exists. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189 (2000).  The Plaintiffs still have a concrete, unremedied, redressable injury. *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 393–94 (1981).

In the present case, plaintiffs have not received relief for the 2024-2025 school year or for the 2026-2027 school year.   The parties are litigating an appeal of Case # 284080.  The Department's non-appellate cases are distinguishable because they involve full relief. *Grullon v. Banks* 2023 U.S. Dist. LEXIS 188079 (S.D.N.Y. Oct. 19, 2023)(no live controversy remained); *Ambrister v. N.Y.C. Dep't of Educ.* No. 22-cv-5516, 2024 U.S. Dist. LEXIS 149235 (S.D.N.Y. Aug. 20, 2024)(claims moot where students received requested services); *Araujo v. N.Y.C. Dep't of Educ.* 2024 U.S. Dist. LEXIS 102669

12

(S.D.N.Y. June 10, 2024) (on a motion for reconsideration, the plaintiff did not meet her burden to show an error of law).

The Plaintiff has identified a plausible, ongoing controversy: the need for a pendency order to cover the 2024-2025 dispute while it is on appeal.

B.    THE "SCHOOL LOCATION LETTER" NEVER BECAME THE "LEGALLY OPERATIVE" PLACEMENT.

Contrary to the DOE's reliance on *Iqbal* and *Twombly* for "threadbare" pleading, the Amended Complaint and plaintiffs' declaration and affidavits details specific facts:

i.    For nine consecutive years, IHO's have found that the Department denied FAPE each year.  Toth Decl. 1/28/2025

ii.    An unappealed 2020 SRO decision created the student's placement.  Exh. A.

iii.    Three unappealed IHO decisions reaffirmed the SRO placement, creating an unbroken chain from the 2020 placement to the present.

iv.    For the 2024-2025 school year, the Defendant ordered an educational placement without an evaluation.  Exh. B.

v.    Defendant convened no meeting of the CSE,

vi.    Defendant created no IEP.

vii.    Defendant gave parents no prior written notice.

viii.    Purportedly changing the status quo, Defendant emailed a one-page location letter.

ix.    An unappealed IHO decision determined that the Department's educational placement for the 2024-2025 school year denied FAPE.

x.    The Department's own Pendency Implementation Form admitted the placement the plaintiffs claim.  Exh. F.

xi.    Plaintiffs' 2021 due process case challenged not only the 2020 placement, but also the placements over the next five years.  Exh. G.

13

xii.    During a federal court appeal proceeding, the Department unilaterally cut off funding.

These facts suffice to survive *Twombly/Iqbal.*

### 1. The FAPE denial finding binds the Department [Case #284080 (2024-2025)].

IHO Patritti in Case # 284080 found the DOE's "School Location Letter" a denial of FAPE. A void, invalid IEP cannot displace a validly created stay-put placement. The "School Location Letter" never became the "current placement." The student effectively had nowhere to "stay" except in the adjudicated placement – Gersh plus ABA.   The Department has agreed that it failed to create a new placement. (Unappealed Decision, Case # 284080;  Pendency Implementation Form, Exh. F).

For the purpose of § 1415(j) the "current educational placement" is not a calendar status but a factual status (Gersh + ABA) that exists independently of which annual dispute is in court.  The SRO fixed that status in 2020.—Gersh Academy with 20 hours ABA. *See Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.,* 86 F.Supp.2d 354, 366 (S.D.N.Y.2000) ("[O]nce the SRO rendered its decision, there was an `agreement' changing [the student's] pendent placement to [the private school]. *From that date forward,* the District is responsible for maintaining that placement.") (emphasis supplied). Three succeeding IHOs reaffirmed the status.  ECF 1-2.  The same status remains the subject of the parties' dispute for the 2024-2025 school year.

### 2. The Department admitted the 2023-2024 placement continued after the "School Location Letter".

The Department's July 15, 2025 "Pendency Implementation Form" form, Exh. F, unequivocally states that the student's pendency placement is Gersh Academy plus 20 hours per week ABA.

14

### 3. The DOE did not appeal SRO Decision 20-089 and the IHO Decisions reaffirming the student's placement.

That the DOE did not appeal SRO Decision 20-089 and three subsequent IHO decisions reaffirming the placement implies consent. See *Ventura de Paulino* v. NYC DOE, 959 F.3d 519, 532 (2d Cir. 2020) (implied agreements via unappealed decisions bind placements). The Pendency Implementation Form, Exh K., admits that the Student's 2023-2024 placement, ECF 1-2, governed pendency. Stay-put continues through judicial review. *Mackey v. Bd. of Educ.,* 386 F.3d at160. *T.M. v. Cornwall Cent. Sch. Dist.,* 752 F.3d at 171. *Doe v. E. Lyme Bd. of Educ.,* 790 F.3d at 452.

### 4. Case # 295741 (2025–2026) reaffirmed the core placement.

In Case # 295741, the January 9, 2026 FOFD of IHO Das reaffirmed the student's 2023-2024 placement except the Decision added 100 hours compensatory speech therapy.

C.   THE NONPAYMENT OF TUITION AND ABA CONSTITUTES A CONTINUING VIOLATION OF THE STAY-PUT PROVISION, WARRANTING EQUITABLE ENFORCEMENT OF THE AUTOMATIC INJUNCTION UNDER IDEA.

The Department mischaracterizes the unpaid tuition and ABA therapy as mere "damages" or retrospective reimbursements unrelated to the ongoing pendency obligation. The Department's framing ignores the fundamental purpose of the stay-put provision under 20 U.S.C. § 1415(j), as an "automatic" injunction to preserve the child's "then-current educational placement" during any proceedings, preventing unilateral disruptions by a school district. *Honig v. Doe,* 484 U.S. 305, 323 (1988) (describing stay-put as a safeguard against arbitrary changes that could harm the child).

15

Unappealed decisions of the SRO and three IHOs established the status quo. [SRO 20-089, Exh. A;  IHOs in Cases #211081, #230169,  IHO Perkins in Case #248309 (ECF 1-2)].  The DOE's nonpayment continuously violates of the ongoing injunction to enforcing the status quo.

 Plaintiffs do not request compensatory damages for past harm.  Plaintiffs seek equitable relief—reimbursement and prospective funding—to restore and maintain T.T.'s placement at Gersh Academy with 20 hours per week of home-based 1:1 ABA therapy. Plaintiffs request an equitable remedy to restore and maintain the Student's "then-current educational placement" during the the parties' longstanding, multi-year dispute.

§ 1415(j) and Second Circuit precedent do not support cancellation of educational placements at the beginning of each school year. Congress and the Second Circuit aimed to preserve stability during educational disputes.

1. **Unilateral Changes in Placement Violate the Core of Stay-Put.**

The stay-put provision mandates that, during the pendency of proceedings, "the child shall remain in the then-current educational placement." 20 U.S.C. § 1415(j). This enforceable injunction prohibits the DOE from "cutting off public funds," which "would amount to a unilateral change in placement, prohibited by the Act." *Zvi D. v. Ambach*, 694 F.2d at 906.  Here, the Department's refusal to pay tuition and ABA for the summer 2024 period—stemming from the invalid "School Location Letter"—disrupted T.T.'s longstanding, adjudicated placement (Gersh + ABA).  *Ventura de Paulino v. N.Y.C. Dep't of Educ.,* 959 F.3d 519, 532 (2d Cir. 2020) (unappealed decisions imply consent and bind the placement).

The nonpayment is not a closed, historical event warranting "damages"; it is an ongoing breach that perpetuates the denial of FAPE during the appeal of Case #284080 (2024-2025).

Firstly the Department violated procedural safeguards (no evaluation, no IEP, no parental input).  The "nullity" of a void Letter cannot displace the prior placement.  The Department's failure to create an IEP constitutes an extremely serious violation. *Forest Grove Sch. Dist. v. T.A*., 557 U.S. at 238–39.

Secondly, IHO Patritti's unappealed finding of FAPE denial binds the DOE. 34 C.F.R. § 300.514(a); *M.Z. v. N.Y.C. Dep't of Educ.,*supra.  To enforce stay-put here requires reimbursement as an equitable measure. See *Doe v. E. Lyme Bd. of Educ.,* 790 F.3d at 456 (stay-put violations authorize "reimbursement or compensatory services" to restore the status quo).

## 2. Yearly FAPE Denials Show not Discrete Damages but a Pattern of Continuing Harm.

In the unique facts of this particular case the Department denied FAPE nine times over nine years (Toth Decl. 1/29/2026).  The Department's conduct transforms this nonpayment into a systemic, ongoing issue rather than isolated "damages." *Jerry Geza Toth v. City of N.Y. Dep't of Educ.,* No. 17-383-cv (2d Cir. 2018) (recurring inappropriate IEPs establish a live controversy).

This history—coupled with the Department's refusal to docket pendency complaints, Exhibits H–I)—evidences futility, excusing any exhaustion requirement for this enforcement action.  *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ*., 297 F.3d 195, 199 (2d Cir. 2002) (stay-put claims fall under exhaustion exceptions); J.*S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d at 114 (systemic violations justify broad equitable relief).

17

The Pendency Implementation Form (July 15, 2025) fails to address the 2024-2025 appeal. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. at 189 (mootness requires full eradication of injury). In the fast approaching 2026-2027 school year, the Form does not shield the plaintiffs from the Department's next FAPE denial or "pause" of funding.

**D. Plaintiffs Seek Equitable Enforcement, Not Legal Damages.**

Plaintiffs do not seek "damages" but equitable relief to enforce the automatic injunction: immediate reimbursement to restore T.T.'s placement and prevent further disruption. *Bd. of Educ. v. Schutz*, 290 F.3d 476, 484 (2d Cir. 2002) (stay-put extends through appeals). This aligns with the Complaint's request for a pendency order "ensuring" the placement (¶57(a)), not monetary compensation for past wrongs. It is urged that the Court should reject the DOE's "damages" characterization and enforce stay-put through reimbursement as integral to the automatic injunction.

E.    ALTERNATIVELY, DPC #206350 PROVIDED CONTINUOUS STAY-PUT
      0WHEN THE DEPARTMENT STOPPED PAYING TUITION AND ABA.

Plaintiffs seek enforcement of the stay-put provision, 20 U.S.C. § 1415(j), as an automatic injunction that has been in continuous effect since the filing of Due Process Complaint #206350 on [Date] and has remained in effect throughout the subsequent federal court proceedings in *Toth v. NYC DOE*, 21-cv-04245. The Defendant's unilateral cessation of funding in July 2024 violated this ongoing federal injunction.

The Department mischaracterizes the complaint as seeking retroactive pendency absent a due process complaint. The Department's Memorandum fails to address Plaintiffs' due process complaint # 206350 (2021-2022) and appeal 21-cv-04245 (EDNY). Once triggered, stay-put persists through appeals without requiring annual DPCs. *Doe v. East Lyme Bd. of Educ.,* 790 F.3d at 452.

18

2021 due process complaint #206350 broadly requested multi-year compensatory education from 2021 to 2026.  Stay-put applies automatically during "any" related proceedings. *Mackey* 386 F.3d at 160.   Appeals preserve stay-put across years, making #206350 relevant despite the Department's calendar-based arguments.  *Bd. of Educ. v. Schutz,* 290 F.3d at 484,  The ongoing federal injunction's continued through the "gap period" (July-August 2024).  The Department's obstruction, Exhibits H, I, shows why the scope of #206350 excuses new filings.

The ongoing federal judicial proceeding protected stay-put during the 2024 gap period. "The stay-put provision requires a school district to continue funding whatever educational placement the parties last agreed upon for the child until the relevant administrative and judicial proceedings conclude." *T.M. v. Cornwall,* 752 F.3d at 171 (quoting Mackey, 386 F.3d at 160). Once triggered, the obligation lasts through all appeals. *Schutz,* 290 F.3d at 484.

In 20 U.S.C. § 1415(j) the Department's Memorandum, has overlooked the word "any".   The statue does not limit stay-put to administrative proceedings. "Any" proceeding includes appeals in federal court.

**1.  Due process complaint # 206350 remained relevant in 2024.**

Challenging the SRO placement in the 2020-2021 school year, the plaintiffs' due process complaint sought 760 hours of compensatory education over the next five years. The due process complaint in 2021 case #206350 and the appeal under docket # 21-cv-04245 directly challenged the 2020 SRO placement.

Three IHOs reconfirmed the SRO Placement, maintaining a direct nexus between docket # 21-cv-04245 and the student's placement for 2024-2025.

The settlement's prospective award confirms the case disputed future services relevance to the 2024-2025 school year.   Exh. I.

Settlement of 21-cv-04245 on June 20,2025, Exh. I, did not retroactively excuse the DOE's 2024 violation. The Settlement merely ended the injunction.

**2. The Defendant cites no caselaw authority for the relief Defendant's motion requests, to cancel stay-put during the pendency of a federal proceeding with a relevant nexus to the educational placement.**

The Defendant claims that at the beginning of new school year the Defendant can unilaterally cancel stay-put.  The Defendant's position lacks statutory or caselaw  support. 20 U.S.C. § 1415(j) provides: "During the pendency of any proceedings conducted pursuant to this section ... the child shall remain in the then-current educational placement..." 20 U.S.C. § 1415(j) says "*any proceedings*", not "any school year."

 Consistently and uniformly, Second Circuit caselaw holds that a single, substantively continuous legal dispute about a child's placement can trigger a continuous stay-put protection, even if it spans multiple calendar years:

1. *Mackey ex rel. Thomas M. v. Bd. of Educ.:* "The pendency provision requires that a child 'remain in [his or her] then-current educational placement' ... during the pendency of any proceedings." 386 F.3d 158, 160 (2d Cir. 2004). It is an automatic injunction.

2. *Bd. of Educ. v. Schutz:* "The stay-put provision mandates that a child 'remain in [his or her] then-current educational placement' ... during the pendency of any proceedings... The phrase 'pendency of any proceedings' includes any appeals." 290 F.3d 476, 484 (2d Cir. 2002) (emphasis added).

20

3. *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.:* "The stay-put provision requires a school district to continue funding whatever educational placement the parties last agreed upon for the child until the relevant administrative and judicial proceedings conclude." 752 F.3d 145, 171 (2d Cir. 2014) (quoting *Mackey*).

The core of stay-put (§ 1415(j)) is to preserve the "then-current educational placement." *Mackey,* 386 F.3d at 163.   The unappealed 2020 SRO Decision (20-089, Ex. A) and successive IHO proceedings, ECF 1-2, established the "then-current educational placement of Gersh Academy + 20 hrs ABA.  It is urged that this Court should preserve the "then-current educational placement", the status quo during litigation.

**4.   The Defendant misreads Doe v. E. Lyme Bd. of Educ., 790 F.3d 440**

*Doe v. E. Lyme Bd. of Educ*., 790 F.3d 440 (2d Cir. 2015) defines when stay-put beings.   A due process complaint triggers stay-put. In *Doe v. E. Lyme* the Second Circuit rejected a plaintiff's attempt to claim stay-put for a future school year (2011-2012) based on a Due Process Complaint filed for a prior, concluded school year (2010-2011). The prior proceedings had ended; no "pending" proceeding remained to which stay-put could attach. 790 F.3d at 455-56.

Consistent with the plaintiffs' position at Bar, *Doe E. Lyme* ruled that during ongoing federal proceedings, the parents need not file a new due process complaint every year to preserve stay put:   "Since the purpose of the stay-put provision keeps the child in an existing placement until all proceedings—administrative and judicial—run their course, no evident reason requires recommencement of administrative proceedings to that end." *Doe v. E. Lyme*, 790 F.3d at 455.

*Doe v. E. Lyme* did not concern a federal court proceeding. *Doe v. E. Lyme* concerned administrative proceedings without appeals. Appeals preserve stay-put after a school year passes. *Mackey, T.M., Schutz.* By virtue of Case 21-cv-04245, an ongoing federal injunction mandated stay-put. While 21-cv-04245 was active, the DOE's unilateral cancellation of funding in July 2024—while was an extrajudicial 'cancellation' of a federal mandate.

F.     STAY-PUT CLAIMS PRESENT AN EXCEPTION TO EXHAUSTION.

To preserve T.T.'s placement, the Department argues that the Parent must administratively exhaust the stay-put claim. The Department errs. "An action alleging violation of the stay-put provision falls within one, if not more, of the enumerated exceptions to" the IDEA's exhaustion requirement. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d at199, cited by *Doe v. E. Lyme,* 790 F.3d at 455.

Exhaustion is prudential and excused when futile or obstructed. *Ventura de Paulino*, 959 F.3d at 530. *Murphy,* 297 F.3d at 199 (lenient for stay-put). In the unique facts of this particular case, the Department refused to docket a pendency complaint Exhibits H–I. IHO Das declined jurisdiction. Tr.08/06/2025 at 6–7. This obstruction, combined with nine consecutive FAPE denials, renders administrative remedies futile. The facts at Bar show the system structurally incapable of addressing Plaintiffs' claims without federal intervention. *Heldman v. Sobol,* 962 F.2d 148, 159 (2d Cir. 1992)."

To refuse to docket a complaint evidences bias. *E.g. Heldman, supra.* The "School Location Letter", the Department's denial of FAPE in nine consecutive years, and the barricading of the hearing office establish systemic failure. In *J.S. v. Attica Cent.*

22

*Sch.*, 386 F.3d 107, 114 (2d Cir. 2004) systemic failures excused exhaustion and justified broad relief.

G.    DEFENDANT'S REMAINING ARGUMENTS LACK MERIT.

The DOE cites inappropriate non-IDEA cases. *Biro v. Condé Nast* 807 F.3d 541 (2d Cir. 2015) (defamation); *First Nationwide Bank v. Gelt Funding Corp*. 27 F.3d 763 (2d Cir. 1994)(RICO). IDEA-specific precedents govern. *Canning v. Admin. for Children's Servs.* 588 F. App'x 48 (2d Cir. 2014), involving the Rooker-Feldman doctrine, bears no resemblance to the present case. Sovereign immunity is waived. 20 U.S.C. § 1403. Plaintiffs show concrete injury, causation, redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs have standing.

CONCLUSION

The motion should be denied.

As long as the parties litigate the 2024-2025 school year, the dispute remains live. Given the Department's pattern of unilateral changes, Plaintiffs urge an ongoing pendency order until a valid IEP is agreed upon, without limitation to a single year.

Dated: New York, New York
    January 28, 2026                    */s/ Anton J. Mikofsky*

                                        ANTON J. MIKOFSKY, ESQ.
                                        LAW OFFICE OF ANTON MIKOFSKY
                                        *Counsel for Plaintiffs*
                                        236 West 26th Street, Ste. 303
                                        New York, N.Y. 10001
                                        Email: antonmikofsky@aol.com
                                        Tel.: 212-867-6735

# CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York that the enclosed Memorandum of Law, excluding the cover page, captions, table of authorities, table of contents, signature block, and this certificate, contains approximately 5753, approximately 2000 words less than the 8,750 words permitted for this motion by Rule 7.1(c). Counsel further certifies that this 23-page memorandum is shorter than the 30 double-spaced pages permitted by Your Honor's Individual Rule 5.3.1.  Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:

New York, New York
January 28, 2025                          */s/ Anton Mikofsky*

Anton Mikofsky
*Counsel for Plaintiffs*

24