UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x  **Case No. 25-cv-03317 (NRM)(TAM)**

JERRY GEZA TOTH, individually and on behalf of T.T.,

Plaintiffs,

– v. –

**DECLARATION OF JERRY TOTH IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

----------------------------------------------------------------------x

I, Jerry Toth, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the father and legal guardian of T.T., the student at issue in this action. I am over 18 years of age and competent to make this declaration.

2. I submit this declaration in opposition to the Defendant New York City Department of Education's ("the Department's") Motion to Dismiss, based on my personal knowledge of T.T.'s educational history and related litigation from 2020 to the present.

3. T.T. is a 17-year-old student diagnosed with Autism Spectrum Disorder (ASD) at age two years and eight months. Due to his disability, T.T. is extremely distractible and cannot focus or learn effectively in a six-student special education classroom without 1:1 supervision. With consistent 1:1 instruction, T.T. has mastered algebra and geometry and can play piano pieces by Bach, Mozart, and Beethoven. See Affidavit of Dr. Karen M. Hopkins, M.D. (Exhibit in Opposition).

4. Despite overwhelming evidence of T.T.'s need for 1:1 instruction, every year the Department proposes a 6:1:1 classroom without sufficient 1:1 support.  The Department employees lack authority to propose anything else.

5. For example, over the last nine years from 2017 to 2026, impartial hearing officers (IHOs) ruled that the Department denied T.T. a Free Appropriate Public Education (FAPE) in every year:

1

| School Year | Docket No. | IHO Name | Date of Decision Finding FAPE Denial |
|---|---|---|---|
| 2017-2020 | 173620 | Brad Rosken | April 20, 2020 |
| 2021-2022 | 211081 | Jean Marie Brescia | June 17, 2022 |
| 2022-2023 | 230169 | Lorianne Wolseley | November 1, 2022 |
| 2023-2024 | 248309 | Edward Perkins | April 2, 2024 |
| 2024-2025 | 284080 | Carina Patritti | April 3, 2025 |
| 2025-2026 | 295741 | Michael Das | January 9, 2026 |

## I. The SRO Established the Status Quo for Pendency

6. A 2019 school closure left the student no school for several months. The Department then bused the student 4-6 hours per day. IHO Brad Rosken in Case No. 173620 (2017–2020) found a "gross violation", (FOFD April 20, 2020, p. 13). The Decision granted the parents request for prospective tuition payment at Gersh Academy, a specialized school following ABA methodology.

7. On appeal, the State Review Officer (SRO) affirmed the Gersh Academy placement and modified it to add 20 hours per week of home-based 1:1 ABA therapy. SRO Decision 20-089 (Exhibit A in Opposition) ("the SRO Placement").

## II. Subsequent IHOs Reaffirmed the SRO Placement

8. For the next three school years, each due process case addressed T.T.'s same educational needs and the Department's repeated recommendation of a 6:1:1 classroom. Each IHO held full evidentiary hearings. Counsel represented both sides. Witnesses testified. The parties submitted evidence.

9. In succession, the IHOs reaffirmed the SRO Placement. See ECF 1-2 (IHO Perkins in Case #248309 for 2023-2024). The Department did not appeal SRO Decision 20-089 or the subsequent IHO decisions in Cases #211081 (2021-2022), #230169 (2022-2023), and #248309 (2023-2024).

III. **The "School Location Letter" is dispensed with lawful procedures.**

9. For the 2024-2025 school year, the Department emailed a one-page "School Location Letter" (Exhibit D in Opposition) purporting to create an educational placement without an evaluation.  The Letter excluded all parental participation. The Department did not convene a Committee on Special Education (CSE) meeting, did not create an Individualized Education Program (IEP), did not provide prior written notice.

10. Five days after emailing the Letter, the Department stopped paying T.T.'s tuition and ABA therapy for summer 2024.   From July 1, 2024 until the parents filed a complaint on August 23, 2024, the Department denied T.T.  all educational services.  Despite the rulings of the SRO and three IHOs, the Department maintained that T.T. had no right to the placement judicial officers had ordered.

IV. **From 2021 to 2025 the parents in Case No. 21-cv-04245 litigated to supplement T.T.'s long established educational placement**

11. During school closures, T.T. missed 761 hours of instruction. The 2020 SRO Placement did not replace that lost instruction.

12. In 2021, we filed Due Process Complaint #206350 (Exhibit G in Opposition). T.T. could not make up the missed hours in one year. Taking a multi-year approach, the complaint sought 761 hours of compensatory education (future ABA and speech therapy) spread over the next five years, from 2021 to 2026.

13. The IHO and SRO denied relief (SRO Case #21-215). We appealed to the Eastern District of New York in *Toth v. New York City Dep't of Educ.*, 21-cv-04245 (AMD)(RER). In 2023, Honorable Ann M. Donnelly denied the Department's motion to dismiss (Exhibit B in Opposition).

14. This proceeding remained live and relevant to the 2024-2025 school year (Exhibit H in Opposition). At the time the Department issued the School Location Letter, it knew we were litigating this active federal case to supplement T.T.'s placement. The parties did not settle until June 20, 2025 (Exhibit I in Opposition).

15. Despite the Letter, I believed pendency protected T.T.'s placement until a hearing. Nevertheless, five days after the Letter, the Department stopped payments. When filing the Due Process Complaint on August 23, 2024 (for 2024-2025), we did not raise the issue of pendency.  In that case the parties did not litigate the issue of pendency.

16. IHO Patritti ruled that the Department denied FAPE for 2024-2025. The Department did not appeal. Our appeal to the SRO remains pending. The SRO has not issued a decision.

3

## V. **The Department Obstructed Administrative Forum.**

17. On or about May, 2025, O discovered the Department's refusal to pay during the appeal of Case #284080 (2024-2025). On May 27, 2025, I emailed the Department's Impartial Hearing Office to file a complaint seeking a pendency order (Exhibit C in Opposition). The Hearing Office did not acknowledge the complaint or respond to three follow-up inquiries (Exhibit D in Opposition).

18. In Case No. 295741 (2025–2026), IHO Das stated he lacked jurisdiction over the 2024-2025 pendency dispute. He directed us to proceed in federal court (Exhibit E, Transcript dated August 6, 2025, at 6–7; ECF 17-2).

## VI. **The Department's Admitted the Operative Placement.**

19. Following IHO Patritti's FAPE denial ruling in Case #284080, the Department could not claim the School Location Letter as T.T.'s placement. The Department admitted in its Pendency Implementation Form (Exhibit F in Opposition) that Gersh Academy and 20 hours of ABA therapy (the SRO Placement) remained T.T.'s operative placement during stay-put.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2026, in Flushing, New York.


Executed on January 28, 2026, in Flushing, New York.              *Jerry Toth*
                                                                  Jerry Toth

4

## INDEX OF EXHIBITS
### In Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss

| Exhibit | Date(s) | Description | Legal Purpose |
|---|---|---|---|
| **A** | 07/29/2020 | **SRO Decision No. 20-089** | Established "Status Quo" (Gersh + 20hrs ABA). |
| B | 06/26/2024 | **DOE School Location Letter & Plaintiffs' Written Opposition**. | Department attempted a unilateral change of placement. |
| **C** | 05/27/2025 | **Email to Impartial Hearing Office** filing new Due Process Complaint. | Department refused to file Plaintiffs' due process claim seeking stay-put. |
| **D** | 05/30/2025 | **Follow-up Email to IHO** regarding failure to docket/assign case. | The Department locked the door to administrative remedies. |
| **E** | 08/06/2025 | **Transcript Excerpt, IHO Case No. 295741** (IHO Michael Das). | For the stay-put issue, IHO Das referred the plaintiffs to federal court. |
| **F** | 07/15/2025 | **DOE Pendency Implementation Form** for 2025-26 School Year. | Admits the operative placement Plaintiffs claim (Gersh + 20hrs ABA). |
| **G** | 01/27/2021 | **DPC No. 206350** | Requested relief over next five years. Relevant to 2024-2025 placement. |
| **H** | 01/05/2023 | **Order Denying Motion to Dismiss** (Case No. 21-cv-04245, EDNY). | Proves an active, legally viable claim for educational services in 2024-2025. |
| **I** | 06/20/2025 | **Stipulation of Settlement & Order of Dismissal** (Case No. 21-cv-04245). | Proves proceeding pending when the Department stopped paying tuition, ABA. |
| **J** | 03/20/2025 | **Affidavit of Gersh Academy unpaid tuition (07/01/24–08/23/24).** | Claim remains live. |
| **K** | 01/19/2026 | **Affidavit/Invoices of ABA Provider unpaid ABA services.** | Nonpayment of tuition and ABA constitutes a continuous violation of stay-put. |