# M Gmail

Jerry Toth <tothjerry1@gmail.com>

---

## Complaint requesting pendency following 5/13/2025 Request for Review

---

**Jerry Toth** <tothjerry1@gmail.com>                                          Tue, May 27, 2025 at 11:41 PM
To: Impartial Hearing Office <IHOQUEST@schools.nyc.gov>
Bcc: Mira Toth <mira.toth@gmail.com>

Dear Impartial Hearing Office:

Please find attached parents complaint seeking a pendency order following parents filing of an appeal with the SRO.

May you please assign a docket number and a hearing officer?

Your valuable assistance is highly appreciated."

Thank you,

Jerry Toth, Attorney for Parents


--
Law Office of J. G. Toth
43-32 Kissena Blvd. 15B
Flushing, N.Y. 11355
telephone (917) 576 9318

---

📄 **Complaint Pendency 2024-2025.pdf**
161K

## LAW OFFICE OF J. G. TOTH

Telephone  (917)5769318              43-32 Kissena Blvd.15B
Email:tothjerry1@gmail.com         Flushing,N.Y.11355


May 27, 2025


New York City Department of Education      VESID
Impartial Hearing Office                   (NYS Education Dept. Office of
131 Livingston Street, Room 201            Vocational and Educational Services)
Fax (718) 935 2528                         for Individuals with Disabilities
Brooklyn, New York 11201                    One Commerce Plaza R, 1624,
                                           Albany, N.Y. 12234


### COMPLAINT REQUESTING PENDENCY ORDER
### Following Parents Request for Review of case # 284080

| | |
|---|---|
| Student's name: | Henry Terence Toth ("Terence") |
| NYCID: | 224465203 |
| Student's address: | 43-32 Kissena Blvd.15B, Flushing, N.Y.11355 |
| Student's date of birth: | October 2, 2007 |
| Student attends: | Private school. |
| Name of school: | Gersh Academy, 307 Eagle Rd. West Hempstead, N.Y. Tel.: 6303853342x40 (Att.Yvonne Waskiewicz). |
| Contact Information for Parent: | Mira Toth, 43-32 KissenaBlvd.15B Flushing, N.Y. 11355 mira.toth@gmail.com (requests email notification of scheduled hearings). mira.toth@gmail.com (917)5025308(cell) |
| Primary home language: | English. |
| Date of current IEP: | For the 2024-2025 academic year, the DOE held no IEP meeting, issued no IEP. |

1

## INTRODUCTION

1.  Plaintiff Jerry Toth, on behalf of his minor child Terence Toth brings this proceeding seeking a pendency order under the Individuals with Disabilities Education Act, 20 U.S.C.A. § 1415(j), obligating the New York City Department of Education to maintain the student's current educational placement during the pendency of an administrative action.

## RELEVANT FACTS

2.  In cases #173630, 211081, 230169, covering the years from 2017 to 2023 academic years, the DOE did not present a case.   In each proceeding, IHO's ruled that the DOE had denied a FAPE.

3.   Similarly for the 2023-2024 academic year the DOE issued a March 2024 IEP.   Again, the DOE did not put on a case. The DOE conceded Prong I.

4.  The IHO's Decision found the DOE denied the student a FAPE. Accordingly the IEP was not implemented.  The IHO's order superseded the IEP:

> "…I find that the equities support Parent's request for funding
> of Tuition at Private School and school-based speech-
> language therapy along with 1:1 home-based ABA therapy
> for the 12-month 2023-2024 school year."

5.  For the 2024-2025 academic year, in case #284080, the IHO denied all services the student was receiving.  The IHO found that parents failed to sustain parents' burden of proof that the private school and home based services were appropriate.

6.   On 5/13/2025 parents filed a Request for Review.   During the pendency of

2

that appeal, and any additional litigation or further appeal, the parents request a pendency order.

DISCUSSION

**An automatic injunction protects pendency.**

7.  The IDEA's pendency provision states that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in [his] then-current educational placement." 20 U.S.C. § 1415(j). ).  The IDEA's pendency provision aims to ensure stability and consistently in the Student's education during the pendency of proceedings.

8.  "Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships." Arlington Cent. Sch. Dist. v. L.P., 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006).

9.  The pendency provision "reflects Congress's decision that all disabled children should keep their existing educational program until any dispute over their placement is resolved. T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 170 (2d Cir. 2014) (citing Mackey ex rel. Thomas M. v. Bd. of Educ., 386 F.3d 158, 160–61 (2d Cir. 2004

10. In *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.,* 368 F. Supp. 2d 313, 324 (S.D.N.Y. 2005) the SDNY held that a settlement agreement

superseded the last operative IEP.  The Court noted that "[t]he purpose of the pendency provision is to provide stability and consistency in the education of a student with a disability"  Id.

ARGUMENT

**The Decision in case # 248309 defines the student's pendency.**

11.  Concerning pendency, the inquiry is limited to "identifying the student's then-current educational placement." *Arlington Cent. Sch. Dist.,* 421 F. Supp. 2d at 696 (citing *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982)).

12.  A student's then-current educational placement has been understood to mean: "(1) typically the placement described in the child's most recently implemented IEP [Individualized Education Program]; (2) the operative placement actually functioning at the time…when the stay put provision of the IDEA was invoked; and (3) the placement at the time of the previously implemented IEP." *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.,* 386 F.3d 158, 163 (2d Cir.), supplemented sub nom. *Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004) (internal quotations, citations, and alterations omitted).

13.  In *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.,* supra, the SDNY held that a settlement agreement superseded the last operative IEP.  The 4/2/2024 Decision of IHO Edward Perkins, Esq. defines the "operative placement actually functioning at the time," which, can constitute a student's then-current educational placement.  *Mackey,* 386 F.3d at 163.

4

CONCLUSIONS

14.   For the forgoing reasons the parents request a pendency order obligating the DOE to maintain the Student's educational placement as outlined in the Decision in case # 248309.

Dated:  May 27, 2025.

*Jerry Toth*

JERRY TOTH, *Attorney for Terence Toth*
LAW OFFICE OF J. G. TOTH
43-32 Kissena Blvd. 15B,
Flushing, N.Y. 11355
Telephone (917) 576 9318
tothjerry1@gmail.com

5