25-cv-3317 (NRM) (TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERRY GEZA TOTH, individually and on behalf of T.T.,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*

Jaimini Vyas
Tel: (212) 356-2079
jvyas@law.nyc.gov

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

STANDARD OF REVIEW ................................................................................... 5

ARGUMENT ......................................................................................................... 7

POINT I ..................................................................................................... 7

PLAINTIFF'S DEMAND FOR A PENDENCY ORDER FOR ESY 2025-2026 IS MOOT BECAUSE PLAINTIFF HAS OBTAINED THAT RELIEF AT THE ADMINISTRATIVE LEVEL. ...................................... 7

A. Plaintiff's claim for a pendency order under 20 U.S.C. § 1415(j) for ESY 2025-2026 was unripe when Plaintiff filed this lawsuit and filing this lawsuit did not ripen that claim. .......................................... 8

B. On July 15, 2025, Plaintiff and DOE agreed to the educational placement demanded in the Complaint during the pendency of proceedings related to ESY 2025-2026, ECF 1 at 11, retroactive to June 30, 2025 when Plaintiff filed his DPC for ESY 2025-2026, thus mooting Plaintiff's claim for a pendency order under 20 U.S.C. § 1415(j) for ESY 2025-2026. ............................... 10

POINT II .................................................................................................. 11

PLAINTIFF CANNOT STATE A CLAIM FOR A PENDENCY ORDER ENCOMPASSING THE PERIOD FROM JUNE 30, 2024 TO AUGUST 23, 2024 UNDER 20 U.S.C. § 1415(J) BECAUSE THERE WERE NO VALID PROCEEDINGS PENDING DURING THAT PERIOD. ...................................... 11

CONCLUSION ..................................................................................................... 14

CERTIFICATE OF COMPLIANCE .................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ambrister v. N.Y.C. Dep't of Educ.*,
   No. 22-cv-5516, 2024 U.S. Dist. LEXIS 149235
   (S.D.N.Y. Aug. 20, 2024) ................................................................5

*Araujo v. N.Y.C. Dep't of Educ.*,
   2024 U.S. Dist. LEXIS 102669
   (S.D.N.Y. June 10, 2024) ...............................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .....................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................6, 7, 12

*Biro v. Condé Nast*,
   807 F.3d 541 (2d Cir. 2015) ......................................................6, 12

*Canning v. Admin. for Children's Servs.*,
   588 F. App'x 48 (2d Cir. 2014) ......................................................5

*Castillo v. Rice*,
   581 F. Supp. 2d 468 (S.D.N.Y. 2008) ............................................6

*Cortec Indus, Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) .............................................................7

*Doe v. E. Lyme Bd. of Educ.*,
   790 F.3d 440 (2d Cir. 2015) .....................................2, 8, 11, 12, 13

*Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys.*,
   581 F. App'x 81 (2d Cir. 2014) ......................................................5

*First Nationwide Bank v. Gelt Funding Corp.*,
   27 F.3d 763 (2d Cir. 1994),
   *cert. denied*, 513 U.S. 1079 (1995) ...............................................7

*Grullon v. Banks*,
   2023 U.S. Dist. LEXIS 188079 (S.D.N.Y. Oct. 19, 2023) ("counsel for
   Plaintiffs admitted during an August 1, 2023 conference before the Court that
   the claims related to students who received the requested relief were moot") ...................6, 10

**Cases**                                                                                          **Pages**

*K.M. v. Adams*,
    No. 20-cv-4128, 2022 U.S. App. LEXIS 24555
    (2d Cir. Aug. 31, 2022)......................................................................................................5

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*,
    No. 03-CV-10312, 2005 U.S. Dist. LEXIS 19788
    (S.D.N.Y. Sept. 7, 2005)...................................................................................................6

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000).............................................................................................5

*Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*,
    333 F. Supp. 3d 292 (S.D.N.Y. 2018) ..............................................................................5

*Paulino v. N.Y.C. Dep't of Educ.*,
    2024 U.S. Dist. LEXIS 108497 (S.D.N.Y. June 18, 2024)..............................2, 8, 13

*People United for Child, Inc. v. City of New York*,
    108 F. Supp. 2d 275 (S.D.N.Y. 2000) ..............................................................................6

*Sheng-Wen Cheng v. DOJ*,
    2024 U.S. Dist. LEXIS 36662 (S.D.N.Y. Feb. 23, 2024)...........................................6, 10

*Simmons v. Murphy*,
    No. 23-288-cv, 2024 U.S. App. LEXIS 13588 (2d Cir. June 5, 2024).......................3

*Van Wie v. Pataki*,
    267 F.3d 109 (2d Cir. 2001)............................................................................................10

*Y.M. v. City of N.Y.*,
    No. 21-CV-6861 (AMD) (CLP), 2023 U.S. Dist. LEXIS 30449 (E.D.N.Y.
    Feb. 23, 2023) ...................................................................................................................9

*Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*,
    215 F.3d 253 (2d Cir. 2000)..............................................................................................5

**Statutes**

20 U.S.C. §1415.......................................................................................................................8

20 U.S.C. §1415(i)(2)(A)..........................................................................................................3

20 U.S.C. § 1415(b)..................................................................................................................9

20 U.S.C. § 1415(j).................................................1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14

**Cases**                                                                                           **Pages**

20 U.S.C. §1415(l) ........................................................................................3

42 U.S.C. § 1983 ...........................................................................................3

NYC Admin. Code § 8-102 ...........................................................................4

N.Y.C. Admin. Code § 8-107 ........................................................................4

**Other Authorities**

Fed. R. Civ. P. 8 ..........................................................................................12

Fed. R. Civ. P. 11 ...............................................................................12, 13, 14

Fed. R. Civ. P. 12(b)(1) .......................................................2, 4, 5, 6, 9, 11

Fed. R. Civ. P. 12(b)(6) .............................................2, 4, 6, 9, 11, 13, 14

RPC 3.3(a)(1) .....................................................................................13, 14

## PRELIMINARY STATEMENT

Defendant New York City Department of Education ("DOE") submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint, ECF 1, in its entirety. On June 12, 2025, Plaintiff commenced this unripe action for a pendency order declaring the Plaintiff-Student's education placement for Extended School Year ("ESY") 2025-2026. Plaintiff's unripe demand was rendered moot on July 15, 2025 when Plaintiff and DOE agreed, at the administrative level, to the educational placement he sought for Student-Plaintiff during the pendency of proceedings related to ESY 2025-2026. *See* July 25, 2025 Giuntini Decl., ¶ 4, ECF 12-1 at 2; ECF 10-1. Indeed, through that July 15, 2025 Pendency Implementation agreement, Plaintiff received the ultimate relief he sought in the Complaint in this case retroactive to June 30, 2025, the day Plaintiff filed his administrative Due Process Complaint ("DPC") for ESY 2025-2026. *Id.* Plaintiff conceded that this pendency agreement "resolve[s][] [and] conclude[s] the pendency issue in the present action raised by the Complaint," i.e., the case is moot. ECF 10 at 3.

Plaintiff subsequently demanded as a pendency right under 20 U.S.C. § 1415(j), $42,748.89 in reimbursement for Student-Plaintiff's tuition and related services from June 30, 2024 to August 23, 2024 for extended school year ("ESY") 2024-2025—relief unrelated to the Complaint in this action. *See* ECF 13 at 4; ECF 14 at 1, 3; ECF 16, 17, 18, 18-1, 18-18, 19, and 21. However, Plaintiff's demanded relief is unavailable because there were no administrative proceedings for ESY 2024-2025 pending between when the Student-Plaintiff's school year ended on or about June 26, 2024 and August 23, 2024, when Plaintiff filed his DPC regarding Student-Plaintiff's ESY 2024-2025. Sept. 9, 2025 Giuntini Decl., ¶ 4; ECF 20-2 at 2; *see* 20 U.S.C. § 1415(j). Plaintiff has no cause of action under 20 U.S.C. §1415(j) for any pendency rights from June 30, 2024 until August 23, 2024 because the Second Circuit has "h[e]ld that an educational agency's obligation to maintain stay-put placement [under 20 U.S.C. § 1415(j)] is triggered when

an administrative due process proceeding is initiated." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015) (quoting 20 U.S.C. §1415(j)). Fed. R. Civ. P. 12(b)(1) and (6).

Additionally, Plaintiff conceded in his August 4, 2025, 5:37 p.m. email that, "[t]he DOE has paid all tuition before and after the period from 7/1/2024 to 8/23/2024." ECF 16-6 at 1. Thus, Plaintiff concedes that DOE has fulfilled its obligation to provide payment for pendency or stay-put services for ESY 2024-2025 from August 23, 2024, the date Plaintiff filed the DPC and initiated the *proceeding* giving rise to Plaintiff's pendency right and DOE's pendency obligation for ESY 2024-2025 under 20 U.S.C. §1415(j).

Even if Plaintiff had asserted this claim in its Complaint, Plaintiff's desired order declaring pendency for the period of ESY 2024-2025 *preceding* Plaintiff's initiation of an administrative proceeding concerning ESY 2024-2025 is unavailable according to the plain language of 20 U.S.C. § 1415(j) and binding Second Circuit precedent interpreting that statute. *See Paulino v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 108497, at *14 (S.D.N.Y. June 18, 2024) (following *E. Lyme Bd. of Educ.*, 790 F.3d at 456 (2d Cir. 2015) and denying payments for education after rejecting "Plaintiffs argu[ment] that costs should be keyed to the start of the school year"). Fed. R. Civ. P. 12(b)(6).

For these reasons and those set forth more fully below, the Court should dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2025, Plaintiff filed this action seeking an order declaring that Student-Plaintiff's educational placement during the *pendency* of administrative *proceedings* for ESY 2025-2026 is the "appropriate educational program … at Gersh Academy with 20 hours per week of home-based 1:1 ABA therapy." *See* Complaint, ECF 1 at 11. Plaintiff had not filed an

administrative complaint to initiate *proceedings* concerning ESY 2025-2026 before commencing this action. *See* Sept. 9, 2025 Giuntini Decl., ¶ 7, ECF 20-2 at 2.

On June 30, 2025, eighteen days after filing this lawsuit, Plaintiff filed an administrative Due Process Complaint ("DPC") and commenced a proceeding—for purposes of 20 U.S.C. §1415(j)—concerning ESY 2025-2026. *See* Sept. 9, 2025 Giuntini Decl., ¶ 7, ECF 20-2.

Shortly thereafter, on July 15, 2025, at the administrative level, DOE and Plaintiff agreed to the pendency placement delineated in the Pendency Implementation Form that Plaintiff filed as ECF 10-1, which Plaintiff sought as the ultimate relief in the Complaint. *See* July 25, 2025 Giuntini Decl., ¶ 4, ECF 12-1 at 2.

In the Complaint, Plaintiff prematurely sought the relief he subsequently obtained in the Pendency Implementation Form he filed at ECF 10-1, through the following four unripe causes of action:

- *first*, pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1415 *et seq.* (*see* ECF 1 at 5-7)—without exhausting administrative remedies as required by 20 U.S.C. §1415(i)(2)(A);

- *second*, pursuant to 42 U.S.C. § 1983 (*see* ECF 1 at 7-9)—again without exhausting administrative remedies even though "§1983 claims that 'seek to ensure a' FAPE must be exhausted under §1415(l)." *Simmons v. Murphy*, No. 23-288-cv, 2024 U.S. App. LEXIS 13588, at *7 (2d Cir. June 5, 2024);

- *third*, pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act (*see* ECF 1 at 9)—yet again without exhausting administrative remedies even though "Section 1415(l) of the IDEA extends the exhaustion requirement to claims brought under other federal statutes, including the ADA and Section 504, when a plaintiff 'seek[s] relief that is also available under' the IDEA. 20 U.S.C. §1415(l)." *Id.*; and

- *fourth*, pursuant to the New York City Human Rights Law (*see* ECF 1 at 10)— without providing any legal authority stating that a claim for *supposed* discrimination in education is actionable under New York City Civil Rights Law (N.Y.C. Admin. Code § 8-101 *et seq.*): a City law that prohibits discrimination in

3

employment, housing, and public accommodations.[1] *See* N.Y.C. Admin. Code § 8-107.

On July 17, 2025, two days after entering into an agreement establishing the Student-Plaintiff's educational placement during the pendency of administrative proceedings for ESY 2025-2026, Plaintiff filed a moot "Motion for Settlement *of Pendency Order Implementation*," ECF 10, demanding that the Court order the very pendency placement the Plaintiff had been provided at the administrative level on July 15, 2025. On July 28, 2025, the Court denied Plaintiff's "Motion for Settlement *of Pendency Order implementation*," ECF 10, and, on August 12, 2025, Plaintiff filed a renewed motion, "request[ing] that the Court order pendency from the date of the last agreed upon placement, to wit the 4/2/2024 Order in IHO case #248309." ECF 14 at 3.

On August 12, 2025, Defendant requested a premotion conference in connection with the Defendant's anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). ECF 15. Two days later, on August 14, 2025, Plaintiff filed another letter demanding an unlawful pendency order for the period from July 1, 2024 to August 23, 2024 based on "the 04/02/2024 Decision of IHO Perkins." ECF 16 at 1-2; *see* 20 U.S.C. § 1415(j). On September 22, 2025, the Court ordered a briefing schedule for Defendant's anticipated motion to dismiss Plaintiff's Complaint.

---

[1] NYC Administrative Code § 8-102 states, in relevant part, that:

> The term "place or provider of public accommodation" includes providers, whether licensed or unlicensed, of goods, services, facilities, accommodations, advantages or privileges of any kind, and places, whether licensed or unlicensed, where goods, services, facilities, accommodations, advantages or privileges of any kind are extended, offered, sold, or otherwise made available. Such term does not include any club which proves that it is in its nature distinctly private.

## STANDARD OF REVIEW

The Court must dismiss a case under Fed. R. Civ. P. 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Unless an exception applies, the exhaustion of administrative remedies under the IDEA is a 'jurisdictional prerequisite' of the statute and a plaintiff's failure to exhaust deprives a court of subject-matter jurisdiction over any IDEA claims." *K.M. v. Adams*, No. 20-cv-4128, 2022 U.S. App. LEXIS 24555, at *8 (2d Cir. Aug. 31, 2022) (quoting *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020)) (cleaned up).

"The IDEA requires plaintiffs to exhaust their administrative remedies before filing an action in federal court." *Ambrister v. N.Y.C. Dep't of Educ.*, No. 22-cv-5516 (JGLC), 2024 U.S. Dist. LEXIS 149235, at *24 (S.D.N.Y. Aug. 20, 2024) (quoting *Simmons v. Murphy*, No. 23-288-cv, 2024 U.S. App. LEXIS 13588, at *7 (2d Cir. June 5, 2024)). "It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *Araujo v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 102669, at *13 (S.D.N.Y. June 10, 2024) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004).

The party asserting subject matter jurisdiction must affirmatively prove its existence by a preponderance of the evidence. *See Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*, 333 F. Supp. 3d 292, 300 (S.D.N.Y. 2018) (quoting *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011)). The party resisting the motion "cannot rest on conclusory allegations that factual disputes exist." *Zappia*, 215 F.3d at 253.

Parties resisting a Rule 12(b)(1) motion are not entitled to favorable inferences in favor of subject matter jurisdiction. *See People United for Child, Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F2d 196, 198 (2d Cir.1992)). Additionally, the court should not grant leave to amend the complaint where amendment would be futile. An amendment is considered futile if it cannot defeat a motion to dismiss for lack of subject matter jurisdiction. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03-CV-I0312, 2005 U.S. Dist. LEXIS 19788, at *13-14 (S.D.N.Y. Sept. 7, 2005); *see also Castillo v. Rice*, 581 F. Supp. 2d 468, 476 (S.D.N.Y. 2008).

"When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Sheng-Wen Cheng v. DOJ*, 2024 U.S. Dist. LEXIS 36662, at *8 (S.D.N.Y. Feb. 23, 2024). Thus, where Plaintiffs have received a pendency determination in their favor at the administrative level, that claim is moot at the federal level. *See Grullon v. Banks,* 2023 U.S. Dist. LEXIS 188079 at *9 (S.D.N.Y. Oct. 19, 2023) ("counsel for Plaintiffs admitted during an August 1, 2023 conference before the Court that the claims related to students who received the requested relief were moot").

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all allegations contained in the complaint as true and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those alleging "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic

recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. At a minimum, a pleading must set forth sufficient information for a court to determine whether the allegations support some recognized legal theory, *Cortec Indus, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), and enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atl. Corp*, 550 U.S. at 570. Also, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a court may not take as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp*., 27 F.3d 763, 771 (2d Cir. 1994) (internal citation omitted), *cert. denied,* 513 U.S. 1079 (1995).

## **ARGUMENT**

### **POINT I**

**PLAINTIFF'S DEMAND FOR A PENDENCY ORDER FOR ESY 2025-2026 IS MOOT BECAUSE PLAINTIFF HAS OBTAINED THAT RELIEF AT THE ADMINISTRATIVE LEVEL.**

As discussed below, Plaintiff's unripe demand for a Pendency Order for ESY 2025-2026 was rendered moot on July 15, 2025 when Plaintiff and DOE agreed, at the administrative level, to the educational placement Plaintiff sought for Student-Plaintiff during the pendency of proceedings related to ESY 2025-2026, retroactive to June 30, 2025, the day Plaintiff filed his administrative Due Process Complaint ("DPC") for ESY 2025-2026. *See* July 25, 2025 Giuntini Decl., ¶ 4, ECF 12-1 at 2; ECF 10-1. As Plaintiff conceded, this pendency agreement "resolve[d][] [and] conclude[d] the pendency issue in the present action raised by the Complaint," i.e., the case is moot. ECF 10 at 3.

**A.**    **Plaintiff's claim for a pendency order under 20 U.S.C. § 1415(j) for ESY 2025-2026 was unripe when Plaintiff filed this lawsuit and filing this lawsuit did not ripen that claim.**

On June 12, 2025, despite no administrative or judicial proceeding pending for Student-Plaintiff's ESY 2025-2026, Plaintiff prematurely rushed to commence this federal litigation demanding a "pendency order" from the Court pursuant to 20 U.S.C. § 1415(j) declaring that the Student's pendency placement for ESY 2025-2026 is "at Gersh Academy with 20 hours per week of home-based 1:1 ABA therapy." *See* Complaint, ECF 1 at 11. But the Second Circuit has "h[e]ld that an educational agency's obligation to maintain stay-put placement [under 20 U.S.C. § 1415(j)] is triggered when an administrative due process proceeding is initiated." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015) (quoting 20 U.S.C. §1415(j)).

20 U.S.C. §1415(j) "governs the obligations of parties [only] during 'the pendency of any *proceedings* conducted pursuant to *this section*,'" i.e., 20 U.S.C. §1415, and these obligations are "not triggered until the Parent's administrative complaint [is] filed." *E. Lyme Bd. of Educ.*, 790 F.3d at 455-56. In other words, "the genesis of a *pendency* obligation is the *pendency* of a proceeding" challenging DOE's provision of a FAPE to the student for that school year. *Paulino v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 108497, at *14 (S.D.N.Y. June 18, 2024) (following *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015) and denying payments for education after rejecting "Plaintiffs argu[ment] that costs should be keyed to the start of the school year").

"The word 'proceeding' is used in § 1415 exclusively to describe *administrative due process* proceedings," i.e., proceedings to obtain a FAPE for a particular school year, and "judicial actions" challenging those administrative decisions. *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 455 (2d Cir. 2015) (quoting 20 U.S.C. § 1415) (emphasis added). To be clear, a Plaintiff cannot initiate in a federal court a proceeding challenging the educational placement offered by

8

the DOE to a student for a particular school year without first exhausting the claim at the administrative level before an Impartial Hearing Office ("IHO") and thereafter appealing any adverse findings and order to the State Review Office (SRO). "Failure to exhaust the administrative remedies deprives the court of subject matter jurisdiction." *Y.M. v. City of N.Y.*, No. 21-CV-6861 (AMD) (CLP), 2023 U.S. Dist. LEXIS 30449, at *9 (E.D.N.Y. Feb. 23, 2023) (quoting *Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) and granting Defendant's motion to dismiss the complaint pursuant to F.R.C.P. 12(b)(1) and (6)). To commence such proceedings at the administrative level, Plaintiff must file a DPC at the administrative level consistent with 20 U.S.C. § 1415(b). Thus, a Plaintiff cannot initiate a "proceeding" for the purpose of 20 U.S.C. § 1415(j) by filing a lawsuit in federal court without exhausting administrative remedies.

Thus, this federal action demanding a "pendency order" for ESY 2025-2026—filed in the absence of an administrative proceeding challenging DOE's provision of a FAPE for ESY 2025-2026 or a judicial action challenging an administrative order regarding DOE's provision of a FAPE for ESY 2025-2026—did not quality as a "proceeding" conferring a pendency right under 20 U.S.C. § 1415(j) from June 12, 2025, the day Plaintiff initiated this improper federal action. Since Plaintiff had not filed an administrative complaint to initiate administrative *proceedings* concerning ESY 2025-2026 before commencing this federal action, Plaintiff filed this action prematurely. *See* Sept. 9, 2025 Giuntini Decl., ¶ 7, ECF 20-2 at 2.

On June 30, 2025, eighteen days after filing this federal action, Plaintiff belatedly filed the administrative Due Process Complaint ("DPC") and finally commenced the *proceeding*— for purposes of 20 U.S.C. §1415(j)—concerning ESY 2025-2026. *See* Sept. 9, 2025 Giuntini Decl.,

¶ 7, ECF 20-2. This proceeding is designated IHO case # 295741, and Plaintiff is currently litigating it before the Impartial Hearing Office ("IHO"). *Id.*

> **B.    On July 15, 2025, Plaintiff and DOE agreed to the educational placement demanded in the Complaint during the pendency of proceedings related to ESY 2025-2026, ECF 1 at 11, retroactive to June 30, 2025 when Plaintiff filed his DPC for ESY 2025-2026, thus mooting Plaintiff's claim for a pendency order under 20 U.S.C. § 1415(j) for ESY 2025-2026.**

On July 15, 2025, at the administrative level, DOE and Plaintiff agreed to the pendency placement delineated in the Pendency Implementation Form that Plaintiff filed as ECF 10-1, which Plaintiff sought as the ultimate relief in the Complaint, mooting Plaintiff's claim for a pendency order under 20 U.S.C. § 1415(j) for ESY 2025-2026. *See* July 25, 2025 Giuntini Decl., ¶ 4, ECF 12-1 at 2. Student-Plaintiff's pendency placement in ECF 10 is retroactive to June 30, 2025 the day Plaintiff triggered his pendency right under 20 U.S.C. § 1415(j) by filing his DPC for ESY 2025-2026. Later that day, July 15, DOE submitted to the Impartial Hearing Office ("IHO") the Pendency Implementation Form at ECF 10-1. *See* Sept. 9, 2025 Giuntini Decl., ¶ 7, ECF 20-2 at 3. Thus, Plaintiff's request for a pendency order for ESY 2025-2026 pursuant to 20 U.S.C. §1415(j) is moot.

It is well established that "[a] case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Sheng-Wen Cheng v. DOJ*, 2024 U.S. Dist. LEXIS 36662, at *8 (S.D.N.Y. Feb. 23, 2024). Thus, where Plaintiffs have received a pendency determination in their favor at the administrative level, that claim is moot at the federal level. *See Grullon v. Banks,* 2023 U.S. Dist. LEXIS 188079 at *9 (S.D.N.Y. Oct. 19, 2023) ("[c]ounsel for Plaintiffs admitted during an August 1, 2023 conference before the Court that the claims related to students who received the requested relief were moot").

Here, Plaintiff has conceded that the July 15, 2025 pendency implementation form he filed on the Court's docket on July 17, 2025 at ECF 10-1 with his also moot "Motion for Settlement *of Pendency Order implementation*," ECF 10, "resolve[s][] [and] conclude[s] the pendency issue in the present action raised by the Complaint," i.e., the case is moot. ECF 10 at 3.

As Plaintiff conceded, his action is moot because he has obtained at the administrative level the ultimate relief sought in his Complaint: an "appropriate educational program … at Gersh Academy with 20 hours per week of home-based 1:1 ABA therapy" for ESY 2025-2026. ECF 1 at 11; *see* Sept. 9, 2025 Giuntini Decl., ¶ 7; ECF 20-2 at 3. Fed. R. Civ. P. 12(b)(1).

### POINT II

**PLAINTIFF CANNOT STATE A CLAIM FOR A PENDENCY ORDER ENCOMPASSING THE PERIOD FROM JUNE 30, 2024 TO AUGUST 23, 2024 UNDER 20 U.S.C. § 1415(j) BECAUSE THERE WERE NO VALID PROCEEDINGS PENDING DURING THAT PERIOD.**

Plaintiff cannot state a claim for a pendency order declaring his "pendency" from June 30, 2024 until August 23, 2024 of ESY 2024-2025 at Gersh Academy to obtain $42,748.89 in reimbursements for that period under 20 U.S.C. § 1415(j) because there were no *proceedings*— for the purpose of 20 U.S.C. § 1415(j)—*pending* from June 30, 2024 until August 23, 2024 for ESY 2024-2025. *See* Sept. 9, 2025 Giuntini Decl., ¶ 4; ECF 20-2 at 2. Plaintiff therefore has no cause of action under 20 U.S.C. §1415(j) for any pendency rights from June 30, 2024 until August 23, 2024 because the Second Circuit has "h[e]ld that an educational agency's obligation to maintain stay-put placement [under 20 U.S.C. § 1415(j)] is triggered when an administrative due process proceeding is initiated." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015) (quoting 20 U.S.C. §1415(j)). Fed. R. Civ. P. 12(b)(1) and (6).

This demand should be denied because, in the Complaint, Plaintiff neither pleads "enough facts to state a claim" nor seeks the "relief" of a pendency order covering Student-Plaintiff's educational placement from June 20, 2024 until August 23, 2024. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Despite this glaring failure of Plaintiff to comply with the basic mandates of Fed. R. Civ. P. 8, below, for the sake of completeness, defense explains that Plaintiff's demand is prohibited by the plain language of 20 U.S.C. § 1415(j) and the Second Circuit's binding holding "that an educational agency's obligation to maintain stay-put placement [under 20 U.S.C. § 1415(j)] is triggered when an administrative due process proceeding is initiated." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 445 (2d Cir. 2015) (quoting 20 U.S.C. §1415(j)).

The implied assertion of Jerry Toth, Esq., (attorney reg. no. 2001766), in his sworn declaration at ECF 16 that, on July 28, 2021, he had: (1) exhausted all administrative remedies for ESY 2024-2025, and filed a justiciable claim for ESY 2024-2025 in *Toth v. NYC Dep't of Edu.*, 21-cv-04245-AMD-JAM (S.D.N.Y. 2025), thus entitling him to reimbursement pursuant to a pendency obligation under 20 U.S.C. §1415(j) for tuition and related services from June 30, 2024 to August 23, 2024 for ESY 2024-2025, is demonstrably false and, frankly, ridiculous. A review of the Amended Complaint in *Toth*, 21-cv-04245-AMD-JAM (S.D.N.Y. 2025), ECF 10, reveals that Plaintiff did not assert any claims for ESY 2024-2025 in that case and thus Plaintiff's claim under 20 U.S.C. § 1415(j) here fails as a matter of law. See New York Rules of Professional ("RPC") 3.3(a)(1) ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal"); Fed. R. Civ. P. 11.

Even if Plaintiff had asserted this "pendency" claim in his Compliant, which he did not, his desired order declaring pendency from June 30, 2024 to August 23, 2024—the period

between the end of the ESY 2023-2024 but before Plaintiff first initiated any administrative proceeding concerning ESY 2024-2025—would be unavailable according to the plain language of 20 U.S.C. § 1415(j) and binding Second Circuit precedent interpreting the same. *See Paulino v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 108497, at *14 (S.D.N.Y. June 18, 2024) (following *E. Lyme Bd. of Educ.*, 790 F.3d at 456 (2d Cir. 2015) and denying payments for education after rejecting "Plaintiffs argu[ment] that costs should be keyed to the start of the school year"). Fed. R. Civ. P. 12(b)(6).

In Plaintiff's improper attempts throughout the litigation of this federal action to obtain the $42,748.89 unavailable under 20 U.S.C. § 1415(j), Jerry Toth, Esq., (attorney reg. no. 2001766), swears, falsely, in his Declaration that "In the present case, … . IHO Edward Perkins ordered T.T.'s current operative placement, which the DOE has failed to fund." ECF 18-1 at 3. RPC 3.3(a)(1); Fed. R. Civ. P. 11. Plaintiff's Counsel, Mr. Anton Mikofsky, Esq., (attorney reg. no. 2077881) knowingly repeats the incorrect implication that IHO Perkins ordered the Student-Plaintiff's pendency placement for the period between July 1, 2024, to August 23, 2024: "In support of [Plaintiff's] request for a pendency order, … . Impartial Hearing Officer (IHO) Edward Perkins established the operative educational placement for Plaintiff T.T. …. [yet] The New York City Department of Education (DOE) denied pendency funding from July 1, 2024, to August 23, 2024." ECF 19 at 1. RPC 3.3(a)(1); Fed. R. Civ. P. 11.

However, the April 2, 2024 decision of IHO Perkins in case 248309, which Plaintiff filed as ECF 1-2, establishes the Student-Plaintiff's placement solely for "the 2023-2024 12-month school year" ECF 1-2 at 12, which ended on or about June 26, 2024. Thus, DOE's obligations pursuant to the FOFD issued by IHO Edward Perkins on April 2, 2024 in case 248309 ended with the end of the Private School's ESY 2023-2024 on or about June 26, 2024. *See* Sept. 9, 2025

Giuntini Decl., ¶ 3; ECF 20-2 at 2. The April 2, 2024 FOFD at ECF 1-2, which *Plaintiff* filed, conclusively establishes that Plaintiff did not exhaust claims for ESY 2024-2025—the school year encompassing June 30, 2024 to August 23, 2024—before July 28, 2021, when he filed *Toth v. NYC Dep't of Edu.*, 21-cv-04245-AMD-JAM, nor did he litigate claims for ESY 2024-2025 in that federal action. The contrary assertions and implications by Plaintiff and Plaintiff's Counsel are thus, demonstrably, false statements of fact made knowingly. *See* RPC 3.3(a)(1); Fed. R. Civ. P. 11.

Even if the Court assumes that Plaintiff had asserted in his Complaint his unavailable claim for $42,748.89 in reimbursement for pendency from June 30, 2024 until August 23, 2024, the claim must still be denied because it predates when Plaintiff commenced a *proceeding* concerning ESY 2024-2025 for the purpose of 20 U.S.C. §1415(j) on August 23, 2024. Sept. 9, 2025 Giuntini Decl., ¶ 4; ECF 20-2 at 2. Lacking any *proceeding* related to ESY 2024-2025 *pending* from June 30, 2024 until August 23, 2024, Plaintiff knows that he has failed to assert a claim under 20 U.S.C. § 1415(j) for that duration and cannot obtain $42,748.89 through a pendency order that violates 20 U.S.C. § 1415(j). Fed. R. Civ. P. 12(b)(6).

Plaintiff's remaining assertions and allegations are meritless, misrepresentations, and misdirections that remain inapposite to the reliefs Plaintiff has attempted to obtain from the court in this litigation.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully submit that the Court should dismiss with prejudice Plaintiff's Complaint in its entirety, grant Defendants such other and further relief that the Court deems just and proper, and retain jurisdiction for the purpose of imposing sanctions upon Plaintiff and Plaintiff's Counsel.

Dated:     October 29, 2025
            New York, New York

                            **MURIEL GOODE-TRUFANT**
                            Corporation Counsel of the
                            City of New York
                            *Attorney for Defendants*
                            100 Church Street
                            New York, New York 10007

          By:

                            _____
                            Jaimini A. Vyas
                            *Assistant Corporation Counsel*
                            (212) 356-2079
                            jvyas@law.nyc.gov

## CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York that the enclosed Memorandum of Law contains approximately 4,532 words including footnotes and endnotes and excluding the cover page, captions, table of authorities, table of contents, signature block, and this certificate, which is less than the 8,750 words permitted for this motion by Rule 7.1(c). Counsel further certifies that this 17-page memorandum is shorter than the 30 double-spaced pages permitted by Your Honor's Individual Rule 5.3.1. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:      New York, New York
             October 29, 2025

_____
Jaimini A. Vyas
*Assistant Corporation Counsel*